Civil Action Nos. 25-2042-TDC, 25-2103-TDC, 25-2337-TDC, 25-2635-TDC, and 25-2338-TDC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GREGORY B. MYERS,<br><br>    Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA KING and CRISTINA AND BRIAN<br>KING CHILDREN'S TRUST,<br><br>    Appellees. | Civil Action No. 25-2042-TDC<br><br>**AT BALTIMORE**<br>**CLERK**, U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND<br>**BY**         DEPUTY<br><br>JUL 1 6 2026<br><br>_____ FILED    _____ ENTERED<br>_____ LOGGED  _J2.5_ RECEIVED<br>ℳight Drop Box |
| GREGORY B. MYERS,<br><br>    Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA KING and CRISTINA AND BRIAN<br>KING CHILDREN'S TRUST,<br><br>    Appellees. | Civil Action Nos. 25-2103-TDC<br>25-2337-TDC<br>25-2635-TDC |
| GREGORY B. MYERS,<br><br>    Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA KING and CRISTINA AND BRIAN<br>KING CHILDREN'S TRUST,<br><br>    Appellees. | Civil Action No. 25-2338-TDC |

**APPELLANT GREGORY B. MYERS'S AMENDED MOTION FOR STAY PENDING APPEAL OF THE EFFECT AND ENFORCEABILITY OF THE JUNE 3, 2026 MEMORANDUM OPINION AND ORDER**

## TABLE OF CONTENTS

I. RELIEF REQUESTED ............................................................................... 2

II. BACKGROUND ..................................................................................... 3

III. LEGAL STANDARD ............................................................................ 5

IV. A STAY IS WARRANTED ..................................................................... 6

A. The June 3 Ruling should not have operative effect while this Court reviews related orders in the same Adversary. ....................................................... 6

B. Myers has made a strong showing of likely success on threshold Rule 9019, Rule 7001, section 541, standing, and due-process issues. ...................................... 7

C. The state-court order was nonfinal, stayed, and incapable of supplying the missing estate-property adjudication. ........................................................ 8

D. The June 3 Ruling's January 12, 2023 date creates an independent Chapter 7 snapshot-rule defect. ............................................................................... 16

E. The Florida Chapter 13 automatic stay creates an additional defect. ................ 18

F. The challenged conclusions should have no operative or preclusive effect pending review. .................................................................................... 20

G. Irreparable harm and the remaining factors support a stay. ........................... 21

V. NO BOND SHOULD BE REQUIRED ..................................................... 22

VI. CAUSE EXISTS FOR A STAY BEYOND 30 DAYS ................................... 22

VII. CONCLUSION ................................................................................... 23

Appellant Gregory B. Myers respectfully moves under Federal Rule of Bankruptcy Procedure 8025(b), Federal Rule of Appellate Procedure 8(a), and this Court's inherent authority for a stay pending appeal of the effect and enforceability of this Court's June 3, 2026 Memorandum Opinion and Order (the "June 3 Ruling") (ECF Nos. 41 and 42), and the June 29, 2026 Order denying rehearing (the "June 29 Order") (ECF No. 45). This Amended Motion supersedes Appellant's Motion for Stay Pending Appeal filed on July 13, 2026 in Civil Action No. 8:25-cv-02042-TDC (ECF No. 27), Civil Action No. 8:25-cv-02103-TDC (ECF No. 48), and Civil Action No. 8:25-cv-02338-TDC (ECF No. 21).

Myers has appealed the June 3 Ruling and the June 29 Order to the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit"). The appeal presents threshold legal issues concerning whether the Bankruptcy Court had authority to approve the July 3, 2025 Settlement Order in Adversary Proceeding No. 24-00007 (the "Adversary") without a final estate-property adjudication, a Trustee-filed Rule 7001 adversary proceeding, service, due process, necessary parties, standing, relief from stay, and a valid state-court predicate.

Myers requests a full stay pending Fourth Circuit review. Alternatively, and at minimum, he requests a limited stay or abeyance until this Court resolves Civil Action No. 26-2175-TDC, the pending appeal concerning later orders entered in the same Adversary.

1

The narrowest basis for relief is procedural. Civil Action No. 26-2175-TDC raises overlapping *Griggs*, Rule 8008, Rule 9024 / Rule 60(b)(4), party-status, indispensable-party, settlement-implementation, and post-appeal-jurisdiction issues. This Court has accepted the designation and statement of issues for filing and set a merits briefing deadline. Ex. 1. The June 3 Ruling should not be given operative or preclusive effect while this Court is reviewing later orders from the same Adversary.

This motion does not ask the Court to retry the Montgomery County action or decide unadjudicated state-law issues. It seeks to preserve the legal status quo. The exhibits establish the procedural posture, appellate overlap, nonfinality, inconsistent positions, automatic-stay and due-process issues, and irreparable-harm risk, while preserving a complete stay record.

## I. RELIEF REQUESTED

Myers respectfully requests an order staying the effect and enforceability of the June 3 Ruling and the June 29 Order, including, to the extent within this Court's authority, any operative, preclusive, enforcement, governance, title, control, evidentiary, or estoppel effect of this Court's conclusions that (i) the January 12, 2023 state-court "Order Entering Partial Judgment and Stay" was a "valid, final order" and (ii) "as of January 12, 2023, Serv Trust was an alter ego of Myers, its

2

assets were part of Myers's bankruptcy estate, and the bankruptcy court had subject matter jurisdiction over the administration of Serv Trust's assets."

At minimum, Myers requests that the Court stay, or alternatively hold in abeyance, the operative and preclusive effect of the June 3 Ruling until it resolves Civil Action No. 26-2175-TDC.

The stay should also provide that the June 3 Ruling shall not operate pending appeal as a substitute for a final, unstayed, executable state-court judgment, a Rule 7001 adversary proceeding, a section 541 estate-property adjudication, service, due process, standing, relief from stay, or an adjudication binding Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, 6789 Goldsboro LLC, Myers, or other absent nonparties.

## II. BACKGROUND

The Bankruptcy Court's July 3, 2025 Settlement Order approved a proposed compromise between Chapter 7 Trustee Roger Schlossberg (the "Trustee") and Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties") under Bankruptcy Rule 9019. The proposed settlement concerned Serv Trust's interest in 6789 Goldsboro LLC. Serv Trust is a non-debtor Maryland spendthrift trust, and 6789 Goldsboro LLC is a non-debtor Maryland limited liability company.

3

The Trustee did not file an adversary proceeding against Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, or 6789 Goldsboro LLC; did not name and serve those necessary parties; and did not obtain a final section 541 adjudication determining that Serv Trust's interest in 6789 Goldsboro LLC was property of Myers's Chapter 7 bankruptcy estate.

The Settlement Order referred to redemption of "Serv Trust's interest," but its operative transfer language conveyed only "all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate" in any membership interest in or property of 6789 Goldsboro LLC. Serv Trust was not identified as a transferor. Thus, the Settlement Order depended on an unresolved predicate: whether the estate had any right to administer, transfer, or settle Serv Trust's interest in 6789 Goldsboro LLC. Ex. 21.

On June 3, 2026, this Court affirmed the Bankruptcy Court's orders. It characterized the January 12, 2023 state-court order as "valid" and "final" and held that "as of January 12, 2023, Serv Trust was an alter ego of Myers, its assets were part of Myers's bankruptcy estate, and the bankruptcy court had subject matter jurisdiction over the administration of Serv Trust's assets." Ex. 21. The Court denied rehearing on June 29, 2026, and Myers appealed.

Separately, Myers appealed on June 1, 2026 from the Bankruptcy Court's May 26, 2026 order denying his protective motion concerning six April 15, 2026

4

orders entered in the same Adversary. That appeal is Civil Action No. 26-2175-TDC. This Court accepted Myers's designation and statement of issues for filing and set briefing. Ex. 1.

## III. LEGAL STANDARD

Bankruptcy Rule 8025(b) authorizes the district court to stay its judgment pending appeal to the court of appeals. Federal Rule of Appellate Procedure 8(a) ordinarily requires the applicant to seek relief first in the district court.

A stay is governed by four factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether he will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 433-35 (2009). The first two factors are the most critical. *Id.* at 434.

Myers makes the required showing. The appeal presents predominantly legal errors reviewed de novo; the requested relief preserves rather than alters the status quo; related issues from the same Adversary remain pending before this Court; and allowing the June 3 conclusions to operate now risks consequences that later appellate relief may not fully reverse.

5

## IV. A STAY IS WARRANTED

### A. The June 3 Ruling should not have operative effect while this Court reviews related orders in the same Adversary.

Civil Action No. 26-2175-TDC concerns the Bankruptcy Court's May 26, 2026 order denying relief concerning the April 15 orders entered in the Adversary. Myers filed that appeal on June 1, 2026, two days before this Court entered the June 3 Ruling in the earlier appeals.

The later appeal substantially overlaps the first appeals and cannot sensibly be reviewed in isolation. Myers's designation identifies whether the Bankruptcy Court had jurisdiction under the "functional test" to enter the April 15 orders while related issues in the same Adversary were already on appeal; whether the orders were void, ineffective, or without preclusive effect under *Griggs*; and whether relief was warranted under Rule 9024, Rule 60(b)(4), or Rule 8008. Ex. 1. The issues concern the same Adversary, settlement structure, party-status and indispensable-party questions, summary-judgment ruling, and post-appeal jurisdictional sequence.

Fourth Circuit law cautions against fragmented finality analysis in adversary proceedings. In *Kiviti v. Bhatt*, 80 F.4th 520, 529-31 (4th Cir. 2023), the court held that the district court lacked jurisdiction over an appeal from an order dismissing one count while another count in the same adversary proceeding remained

6

unresolved, and rejected an effort to manufacture finality through a later dismissal without prejudice. Ex. 25.

Myers does not concede that the June 3 Ruling is nonappealable; he filed a protective appeal so that appealability, finality, and related-review issues may be addressed without waiver. Even if the June 3 Ruling is appealable as to the district-court appeals it resolved, its operative and preclusive effect should be stayed while this Court reviews later orders entered in the same Adversary.

The orderly and least disruptive course is to preserve the status quo, or hold the June 3 Ruling's operative effect in abeyance, until Civil Action No. 26-2175-TDC is resolved. That relief does not require reconsideration of the merits; it avoids piecemeal review, inconsistent treatment, and use of the June 3 Ruling to foreclose issues still pending before this Court.

**B. Myers has made a strong showing of likely success on threshold Rule 9019, Rule 7001, section 541, standing, and due-process issues.**

These threshold issues present predominantly legal questions reviewed de novo and, for the reasons below, establish a strong likelihood of success.

Rule 9019 authorizes approval of a compromise. It does not create estate property, adjudicate title, recover non-estate property, or bind absent non-debtor property owners. Before Rule 9019 discretion could operate here, there had to be a lawful estate-property predicate.

7

The Trustee never filed a Rule 7001 adversary proceeding seeking an estate-property determination against Serv Trust, its current trustee, its beneficiaries, or 6789 Goldsboro LLC. If the Trustee intended to administer Serv Trust's Goldsboro interest as property of Myers's estate, he had to obtain a section 541 determination in a proceeding binding those parties. He did not.

**C. The state-court order was nonfinal, stayed, and incapable of supplying the missing estate-property adjudication.**

Maryland finality ordinarily requires an unqualified disposition of all claims against all parties, absent proper Rule 2-602(b) certification. *McLaughlin v. Ward*, 240 Md. App. 76, 83 (2019); Md. Rule 2-602(a). The state-court actions were consolidated for all purposes. Judge Lease stated on January 3, 2023 that there would be no final judgment "under any circumstance" because all claims and parties were not being adjudicated. Ex. 2. The resulting interlocutory order was titled "Order Entering Partial Judgment and Stay," and the litigation was stayed. Ex. 4A.

Judge Lease's own later ruling confirms nonfinality. On April 17, 2023, while addressing Serv Trust's post-trial motion, he repeatedly described the January 12 ruling as a "non-final judgment" and recognized the Circuit Court's authority to control judgments that are nonfinal. Ex. 4B. The resulting April 18

8

order denied Serv Trust's motion but did not enter an all-claims/all-parties final judgment. Ex. 4C.

Appellees' prior positions confirm the same point. In the first Appellate Court of Maryland appeal, the King Parties represented that the January 12 order was expressly nonfinal and did not adjudicate or complete adjudication of any claim. Goldsboro and the Trustee joined that position. Exs. 5A-5C. Those representations are incompatible with treating the same order as a final estate-property predicate.

Appellees' Joint Response later created a materially inaccurate linkage between the January 12 order and a different Maryland appeal. After characterizing the January 12 ruling as the State Court's "judgment," Appellees stated that "Mr. Myers did appeal the State Court order," cited *Myers v. Serv Trust*, ACM No. 910, and described that appeal as dismissed or "since-failed." Ex. 5I. The Trustee likewise called ACM No. 910 "the instant appeal of the alter ego judgment." Ex. 5G.

The actual notice of appeal conclusively shows otherwise. It states that Myers appealed the order entered June 25, 2025, and attaches that order as Exhibit A. Ex. 5F. The June 25 order merely denied Myers's Rule 2-507 motion to dismiss for lack of prosecution as moot, based on a May 7, 2024 stipulation purporting to dismiss Count I of the King Parties' First Amended Complaint. Ex. 5E. ACM No.

9

910 therefore was not an appeal from the January 12 order or from a final judgment resolving all claims against all parties.

The Appellate Court dismissed ACM No. 910 under Maryland Rule 8-602(c)(5) for failure to file a brief. Ex. 5H. It did not affirm the January 12 order, decide that the January 12 order was final, adjudicate the unresolved claims, or lift the state-court stay. Nevertheless, the June 3 Ruling cited the ACM No. 910 mandate immediately after declaring the January 12 order "valid" and "final," and then used that finality conclusion to infer that Serv Trust's assets were estate property as of January 12, 2023. Ex. 21. Because ACM No. 910 involved a different later order, its dismissal supplies no support for either the finality premise or the resulting estate-property inference.

Nor did the May 7, 2024 stipulation transform the January 12 order into a final judgment. It dismissed only Count I in Case No. 436977-V; it did not dismiss Count II as to Myers, resolve Goldsboro's claims in Case No. 451611-V, or dispose of the consolidated action. Ex. 5D. It did not specify dismissal with prejudice and was not a separate final-judgment document signed by the court or clerk. Under Maryland Rules 2-506 and 2-601 and Hiob v. Progressive American Insurance Co., 440 Md. 466, 487-88 (2014), that partial stipulation did not itself enter final judgment. A voluntary dismissal without prejudice cannot manufacture finality for an interlocutory ruling. Collins v. Li, 158 Md. App. 252, 267, 273-74 (2004).

Rule 2-519 did not cure the problem. Serv Trust had demanded a jury trial on all claims, and its operative counterclaims included legal damages claims concerning its Class B interest in 6789 Goldsboro LLC. Exs. 8-9. No jury was empaneled. The Rule 2-519 reference did not resolve those claims or convert the partial order into a final all-claims/all-parties judgment.

The December 16, 2022 pretrial transcript further confirms that Myers remained a party, the claims against him were stayed, the trial did not involve him, and a ruling against Serv Trust would not bind him through res judicata or collateral estoppel. Ex. 3.

The June 3 Ruling relied on the January 30, 2019 abstention order but omitted the December 5, 2019 remand order. After VerStandig removed the consolidated state action and Myers dismissed the section 362 third-party claim, the Bankruptcy Court remanded the matter under 28 U.S.C. section 1452(b). Ex. 6. The later King-filed Adversary functioned as a substitute for removal after the Trustee acknowledged that removal was unavailable under Rule 9027. Ex. 7. The Settlement Procedures Order also contemplated dismissal of Count II, confirming that the state action remained pending. Id.

If the January 12 order was final and dispositive, no Rule 9027 workaround and no later dismissal of Count II were needed. If it was nonfinal, the King-filed

11

Adversary and Rule 9019 process could not supply the missing final judgment, derivative standing, Rule 7001 proceeding, service, or section 541 adjudication.

Count II itself confirms the substitution problem. The King Parties asked the state court to declare not only that Serv Trust was Myers's alter ego, but that Serv Trust's assets, liabilities, counterclaim, and Goldsboro liabilities were assets or liabilities of Myers's bankruptcy estate administered by the Trustee. Ex. 10. That was substantively a claim against Myers and alleged property of Myers within 11 U.S.C. section 102(2).

Although a state court may determine underlying state-law rights properly before it, Count II asked the Circuit Court to go further and declare that Serv Trust's assets and liabilities were assets and liabilities of Myers's bankruptcy estate. That asserted bankruptcy-estate consequence implicated section 541 and the district court's exclusive in rem jurisdiction under 28 U.S.C. section 1334(e), and it could not be supplied through a nonfinal state-court order entered without the necessary parties and without relief from the Florida automatic stay.

The January 12 order did not adjudicate a transfer of title or a November 18, 2015 estate-property consequence. It separately found that Serv Trust "is, and as of November 18, 2015, was" Myers's alter ego and that Serv Trust "is a disregarded entity." The November 18 modifier appears only in the alter-ego finding. The order did not state that title to any Serv Trust asset transferred on that date. Ex. 4A.

12

Neither "alter ego" nor "disregarded entity" supplied the missing title adjudication. Maryland's alter-ego doctrine ordinarily disregards a corporation's or LLC's separate form for a defined remedial purpose; it is not a literal equation or a self-executing conveyance. See *Hildreth v. Tidewater Equipment Co.*, 378 Md. 724, 734-36 (2003). Myers was one of Serv Trust's co-trustees, so literal identity would produce the incoherent proposition that the trust was its own co-trustee. At most, the label could address a defined claim or liability; it could not rewrite fiduciary offices, make Myers a beneficiary, or transfer every trust asset.

The Trust Agreement establishes an irrevocable fiduciary relationship governed by Maryland trust law, not a corporation or LLC whose assets could be collapsed through unexplained entity-disregard language. Serv Trust was created by Joan Conlen Myers, not Myers; Myers was trustee, not settlor or beneficiary; the beneficiaries were his descendants; and the agreement states that trustee powers are exercisable solely in a fiduciary capacity and contains spendthrift restrictions. Ex. 11. The Harrison letter confirms that Myers and Daniel Ring acted in trustee capacities. Ex. 12.

The Bankruptcy Code preserves those capacity and ownership distinctions. Section 541(b)(1) excludes any power that the debtor may exercise solely for the benefit of another. Section 541(d) provides that when a debtor holds only legal title and not the corresponding equitable interest, the estate receives only that limited

legal title, not an equitable interest the debtor does not hold. And section 541(c)(2) enforces a transfer restriction on a debtor's beneficial interest in a trust when enforceable under nonbankruptcy law. *Patterson v. Shumate*, 504 U.S. 753, 758-59 (1992). Thus, even assuming Myers held fiduciary legal title or trustee powers on the petition date, neither the powers nor the beneficiaries' equitable interests became his personal property or the estate's beneficial property.

The Maryland Trust Act confirms the same result and applies to trusts created before January 1, 2015 and judicial proceedings commenced after that date. Md. Code Ann., Est. & Trusts section 14.5-1006(a)(1)-(2). It defines a beneficiary as a person holding a beneficial interest or a power in a capacity other than trustee, section 14.5-103(d); requires the trust and its terms to operate for the beneficiaries, section 14.5-404(b); and makes a spendthrift provision valid and enforceable, section 14.5-504(a)-(d). If "disregarded entity" was intended to modify or terminate the trust or reallocate its beneficial ownership, sections 14.5-409(b) and 14.5-410 specify that such a proceeding may be commenced by a trustee or beneficiary and condition relief on the required consents and, where a beneficiary does not consent, adequate protection of that beneficiary's interests. The King Parties were neither trustees nor beneficiaries of Serv Trust, and the current trustee and beneficiaries were absent. Ex. 23.

14

By the January 3, 2023 trial, Myers also had executed a written resignation as co-trustee, signed May 1, 2022 and effective May 31, 2022. Ex. 14C. The Florida Bankruptcy Court expressly acknowledged the executed resignation and provided that, even if it were invalid or ineffective, any relief as to Myers extended only to a representative capacity and not to individual liability. Ex. 14B. Thus, Appellees could not rely on any present trustee office or current control by Myers to justify treating trust property as his personal property; and even on the Florida court's stated contingency, trustee authority remained fiduciary rather than beneficial.

Judge Lipp's contemporaneous record distinguished fiduciary capacity from personal ownership. At the December 19, 2017 hearing, she asked whether the Serv Trust account was "not [Myers's] account," and Trustee's counsel answered, "That is correct." She called Serv Trust "his kids' trust"; Myers testified that Serv Trust owned the 50% Goldsboro interest and that he held no personal or pecuniary interest. Ex. 13A. Judge Lipp's final 2018 findings confirmed that Serv Trust was created and funded by Myers's mother for his children, that Myers and Ring were co-trustees, and that Serv Trust held the Goldsboro interest. Ex. 13B.

Judge Albright had denied dismissal of Serv Trust's MOU contract and specific-performance claims and held that alleged intentional suppression of the property's value, if proved, could constitute constructive fraud. Ex. 9D. King swore

15

in March 2018 that Myers acted "on behalf of Serv Trust," Goldsboro lent to Serv Trust, and Class A contributions funded those loans. Ex. 17C. After Count II was filed, King testified that Serv Trust was the Class B member, Goldsboro issued loans to Serv Trust, and the MOU offered to purchase Serv Trust's interest. Ex. 17D. Sixteen days later, his second affidavit recast the same interest and loans as "putative" and personal to Myers. Ex. 17E. These materially different sworn descriptions show contested theories, not an adjudicated conveyance of title or beneficiary interests.

The January 3 transcript confirms that the Trust Agreement was not in evidence and that King counsel incorrectly represented that Serv Trust was revocable. Ex. 2. A partial order entered on that record could not supply a binding section 541 adjudication or extinguish the rights of the absent trustee and beneficiaries.

Other evidence reinforces the point. The Trustee said Serv Trust "will become" estate property only if King prevailed; Goldsboro identified Myers's liability solely as "Guaranty"; King counsel disclaimed a monetary claim against Myers; and Florida Claim 3 was disallowed. Exs. 16-19.

**D. The June 3 Ruling's January 12, 2023 date creates an independent Chapter 7 snapshot-rule defect.**

The June 3 Ruling did not hold that Serv Trust's assets were estate property on the November 18, 2015 petition date. It selected January 12, 2023: "Thus, as of

16

January 12, 2023, Serv Trust was an alter ego of Myers, its assets were part of Myers's bankruptcy estate." Ex. 21. That date creates an independent section 541 problem.

In *Bellinger v. Buckley*, Judge Bredar applied controlling Fourth Circuit precedent and held that a materially new property interest acquired after a Chapter 7 petition does not enter the estate under section 541(a)(1), which reaches interests existing "as of the commencement of the case." 577 B.R. 193, 196-97, 202-05 (D. Md. 2017), aff'd for the reasons stated by the district court, 719 F. App'x 209 (4th Cir. 2018). State law determines the existence, nature, and scope of the interest; federal law determines whether it enters the estate. A new postpetition interest belongs to the Chapter 7 debtor absent an applicable statutory mechanism by which the estate captures it. *Id.* Ex. 24.

If the January 12 order created, fixed, or vested a new interest in Myers or a new estate-property consequence, that interest arose more than seven years after the Chapter 7 petition. Section 541(a)(1) did not capture it; the narrow section 541(a)(5) exceptions do not apply; and section 541(a)(7) does not cure the defect because no conveyance, recovery judgment, or other transaction caused the estate itself to acquire Serv Trust's property. The June 3 Ruling identified no statutory capture mechanism.

17

If, alternatively, January 12 merely recognized an interest that supposedly existed on November 18, 2015, neither Lease nor the Bankruptcy Court adjudicated that Myers held legal or beneficial ownership of Serv Trust's assets on the petition date. Lease retroactively dated only the alter-ego label, not title or beneficiary status. That ownership question required the Rule 7001 and section 541 adjudication that never occurred. Alter ego cannot function as a time machine that retroactively rewrites the bankruptcy petition-date ownership snapshot. Under either characterization, the estate-property conclusion lacks the required legal bridge.

**E. The Florida Chapter 13 automatic stay creates an additional defect.**

The Florida Bankruptcy Court allowed the Maryland action to proceed only against non-debtor parties and expressly preserved the automatic stay as to claims against Myers individually. It later clarified that even representative-capacity relief could not be used "for any purposes which could impose individual liability upon the Debtor." Ex. 14.

The King Parties confirmed that stay relief was granted only "to pursue claims against the Serv Trust," that they "cannot pursue claims against the Debtor individually," and that they were "not seeking such relief." Ex. 15. Those representations cannot be limited to an immediate money judgment because a "claim against the debtor" includes a claim against property of the debtor. 11

18

U.S.C. section 102(2); *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990).

In March 2019, during Myers's Delaware Chapter 13 case, the King Parties moved to stay the entire state action. They asserted that it could not "meaningfully proceed"; no "meaningful distinction" could be drawn between claims involving Myers and Serv Trust; a judgment against Serv Trust would be a judgment against Myers; Myers was indispensable; and the Chapter 13 trustee had to be joined after stay relief and bankruptcy-court permission. They also called alter ego an "affirmative claim of their own." Ex. 26. Yet the January 3, 2023 trial proceeded against Serv Trust alone while Myers remained a named, stayed defendant and without the Florida Chapter 13 trustee. The limited Florida stay-relief order did not authorize the inseparable alter-ego claim to impose individual or property consequences on Myers.

On January 12, 2023, Myers's Florida Chapter 13 case remained pending. Ex. 20. If the January 12 order caused, fixed, recognized, transferred, or imposed a property consequence by which Serv Trust's assets became property of Myers or either bankruptcy estate, the order affected an alleged Myers property interest while the Florida stay remained in effect. The Florida Bankruptcy Court had not authorized that relief.

19

Conversely, if the January 12 order did not affect Myers, his alleged property interests, or property of the Florida Chapter 13 estate, it could not be the event that caused Serv Trust's assets to become property of the Maryland Chapter 7 estate. To the extent Appellees retreat to a November 18, 2015 theory, that theory required a Rule 7001 / section 541 adjudication binding Serv Trust, the Serv Trust trustee, the Serv Trust beneficiaries, and 6789 Goldsboro LLC. That did not happen.

Accordingly, if the January 12 order affected Myers or an alleged Myers property interest, it violated the Florida stay and is void, *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982), or at minimum incapable of supplying an enforceable estate-property predicate. If it did not, it cannot support the June 3 Ruling's January 12 estate-property conclusion. Either way, the predicate fails.

### F. The challenged conclusions should have no operative or preclusive effect pending review.

The requested stay is directed to the June 3 Ruling's legal effect, not reconsideration of its merits. Pending appellate review, and to the extent within this Court's authority, the challenged conclusions should not have operative or preclusive effect concerning Serv Trust's interest in 6789 Goldsboro LLC, 6789 Goldsboro LLC, Myers, or absent nonparty rights.

20

A stay would preserve the status quo while the Fourth Circuit decides whether the Bankruptcy Court had authority to approve the settlement structure and while this Court resolves the overlapping later appeal.

## G. Irreparable harm and the remaining factors support a stay.

The harm is not merely monetary. The June 3 Ruling concerns the Trustee's asserted right to administer Serv Trust's interest in 6789 Goldsboro LLC and the rights of non-debtor entities and absent nonparties. If the challenged conclusions operate before review, they may be used as predicates concerning ownership, standing, mootness, control, and preclusion.

That risk is concrete. Appellees have already argued in the Adversary that the settlement fully resolved the case, that Myers is not a party, and that later motions are moot. Ex. 22. Without a stay, the June 3 conclusions may be invoked in the later appeal, the Bankruptcy Court, and the state court. Those consequences may not be fully reversible after the rights of Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, and 6789 Goldsboro LLC have been affected.

The Joint Response also characterized the Settlement Order as transferring the assets of Myers, the Trustee, and the estate - "whatever they may be" - to the King Parties. Ex. 5I. When combined with the June 3 Ruling's conclusion that Serv Trust's assets were estate property, that position creates a present risk that Appellees will assert ownership, governance, or disposition rights over Serv Trust's

interest in 6789 Goldsboro LLC before appellate review is complete, even though Serv Trust is not identified as a transferor in the Settlement Order. Ex. 21.

A stay will not substantially harm Appellees. It requires no payment, unwinds no transaction, and leaves them the benefit of the judgment if affirmed. A limited stay or abeyance simply prevents the June 3 Ruling from operating as a shortcut before the related appeals are decided.

The public interest favors orderly appellate review, enforcement of the automatic stay, respect for remand orders, due process, and protection of nonparty property rights. Settlement approval cannot substitute for statutory authority, necessary parties, service, stay relief, and a binding adjudication of property rights.

## V. NO BOND SHOULD BE REQUIRED

No bond should be required because the requested relief is nonmonetary, preserves existing legal and property positions, and creates no collection risk.

## VI. CAUSE EXISTS FOR A STAY BEYOND 30 DAYS

The 14-day automatic stay under Bankruptcy Rule 8025(a) has expired. Cause exists under Rule 8025(b)(2) for a stay extending beyond 30 days after entry of judgment. Myers timely sought rehearing, promptly appealed after rehearing was denied, and now seeks preservation while the Fourth Circuit reviews the June 3 Ruling and June 29 Order. Furthermore, Civil Action No. 26-2175-TDC remains pending and involves overlapping issues arising from the same Adversary.

22

A stay is necessary to preserve meaningful appellate review and to prevent the challenged conclusions from being invoked as operative predicates before the related appeals are resolved.

## VII. CONCLUSION

Myers respectfully requests an order staying the effect and enforceability of the June 3 Ruling (ECF Nos. 41 and 42) and the June 29 Order (ECF No. 45) pending Fourth Circuit review.

At minimum, Myers requests that the Court stay, or alternatively hold in abeyance, the operative and preclusive effect of the June 3 Ruling until Civil Action No. 26-2175-TDC is resolved.

Myers further requests that the stay include, to the extent within this Court's authority, any operative, preclusive, enforcement, governance, title, control, evidentiary, or estoppel effect of this Court's conclusions that (i) the January 12, 2023 state-court "Order Entering Partial Judgment and Stay" was a "valid, final order" and (ii) "as of January 12, 2023, Serv Trust was an alter ego of Myers, its assets were part of Myers's bankruptcy estate, and the bankruptcy court had subject matter jurisdiction over the administration of Serv Trust's assets."

Myers also requests that the June 3 Ruling not operate pending review as a substitute for a final, unstayed, executable state-court judgment, a Rule 7001 proceeding, a section 541 adjudication, service, due process, standing, stay relief,

23

or an adjudication binding Serv Trust, the current Serv Trust trustee, the Serv Trust

beneficiaries, 6789 Goldsboro LLC, Myers, or other absent nonparties.

Dated: July 16, 2026

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Bankruptcy Procedure 8013(f)(3)(A) and

8015(h), I certify that this Amended Motion contains 5,120 words, excluding the

items exempted by Rule 8015(g). This Amended Motion was prepared in a 14-

point proportionally spaced typeface using Times New Roman.

Gregory B. Myers, pro se

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2026, I filed the foregoing APPELLANT GREGORY B. MYERS'S AMENDED MOTION FOR STAY PENDING APPEAL OF THE EFFECT AND ENFORCEABILITY OF THE JUNE 3, 2026 MEMORANDUM OPINION AND ORDER, together with the accompanying Proposed Order and Exhibit Appendix, including the Index of Exhibits, with the Clerk of the United States District Court for the District of Maryland, and served a true and correct copy by First-Class United States Mail, postage prepaid, upon Maurice B. VerStandig, Esq., The VerStandig Law Firm, LLC, 9812 Falls Road, #114-160, Potomac, Maryland 20854, counsel for the King Parties; and Frank J. Mastro, Esq., Schlossberg | Mastro, P.O. Box 2067, Hagerstown, Maryland 21742, counsel for Roger Schlossberg, Chapter 7 Trustee.

_____
Gregory B. Myers, pro se

25