USDC - BALTIMORE MD
'26 JUL 16 PM10:25

## INDEX OF EXHIBITS
## APPELLANT GREGORY B. MYERS'S AMENDED MOTION FOR STAY PENDING APPEAL OF THE EFFECT AND ENFORCEABILITY OF THE JUNE 3, 2026 MEMORANDUM OPINION AND ORDER

**Exhibit 1 - Civil Action No. 26-2175-TDC Second-Appeal Materials**

Motion pp. 2, 5-6.

**Includes:**

A. June 1, 2026 Notice of Appeal.

B. June 18, 2026 Order to Show Cause.

C. June 24, 2026 Response to Order to Show Cause.

D. June 24, 2026 Designation and Statement of Issues.

E. July 2, 2026 Order Accepting Designation and Statement for Filing.

**Relevant point:**

- The materials establish the pending appeal concerning later orders entered in the same Adversary and the overlapping Griggs, Rule 8008, Rule 9024 / Rule 60(b)(4), party-status, indispensable-party, settlement-implementation, and post-appeal-jurisdiction issues.

**Exhibit 2 - Excerpts of January 3, 2023 Montgomery County Circuit Court Trial Transcript**

Motion pp. 8, 16.

**Relevant points:**

- Judge Lease stated that no final judgment would be entered "under any circumstance" because all claims and parties were not being adjudicated.

- The transcript reflects treatment of state alter-ego relief as supplying a bankruptcy estate-property consequence.

- The Serv Trust Agreement was not in evidence, and King counsel represented that Serv Trust was revocable.

- The transcript includes Judge Lease's ruling and stay of further proceedings.

**Exhibit 3 - Excerpts of December 16, 2022 Montgomery County Circuit Court Pretrial Transcript**

Motion p. 11.

**Relevant points:**

- Myers remained a party, but claims against him were stayed.

- The upcoming trial did not involve Myers.

1

- A ruling against Serv Trust would not impose liability on Myers or bind him through res judicata or collateral estoppel.

## Exhibit 4 - State-Court Partial Order and Post-Judgment Nonfinality Materials

Motion pp. 8-10, 12.

**Includes:**

A. January 12, 2023 Order Entering Partial Judgment and Stay.

B. April 17, 2023 Oral Opinion transcript.

C. April 18, 2023 Order denying Serv Trust's motion for new trial or to vacate, alter, or amend.

**Relevant points:**

- The January 12 order was expressly partial and stayed and did not adjudicate all claims against all parties.
- On April 17, 2023, Judge Lease repeatedly described the January 12 ruling as a non-final judgment and recognized the Circuit Court's authority over nonfinal judgments.
- The April 18 order did not enter an all-claims/all-parties final judgment.

## Exhibit 5 - Maryland Appellate Finality and ACM No. 910 Materials

Motion pp. 9-10, 21.

**Includes:**

A. King Parties' opposition in the first Appellate Court of Maryland appeal from the January 12, 2023 order.

B. Goldsboro's joinder in the King Parties' opposition.

C. Trustee's joinder in the King Parties' opposition.

D. May 7, 2024 Stipulation of Dismissal of Count I.

E. June 25, 2025 Order denying Myers's Rule 2-507 motion as moot.

F. June 27, 2025 Notice of Appeal in ACM No. 910, with the June 25 order attached as Exhibit A.

G. Trustee's January 8, 2026 Opposition to Appellant's Motion for Enlargement of Time, PDF pages 1-2.

H. January 13, 2026 Order dismissing ACM No. 910 under Maryland Rule 8-602(c)(5).

I. Limited excerpts of Appellees' Joint Response Brief, docket pages 19-20 (brief pages 11-12).

**Relevant points:**

- In the first appeal, the King Parties represented that the January 12 order was nonfinal and did not adjudicate or complete adjudication of any claim; Goldsboro and the Trustee joined that position.
- ACM No. 910 concerned the later June 25, 2025 order denying Myers's Rule 2-507 motion as moot, not the January 12 order.
- The Trustee nevertheless characterized ACM No. 910 as the appeal of the alter-ego judgment, and the Joint Response linked ACM No. 910 to what it called the State Court's judgment.
- ACM No. 910 was dismissed procedurally for failure to file a brief; the dismissal did not affirm or make final the January 12 order.
- The May 7 stipulation purported to dismiss only Count I and did not dispose of the consolidated action.

### Exhibit 6 - November-December 2019 Removal / Remand Materials
Motion p. 11.
**Includes:**
A. November 13, 2019 Notice of Removal.
B. December 3, 2019 Notice of Voluntary Dismissal.
C. December 5, 2019 Bankruptcy Court Order Remanding Case.
**Relevant point:**
- The Bankruptcy Court remanded the removed consolidated state-court matter after dismissal of the section 362 third-party claim.

### Exhibit 7 - December 11, 2023 Settlement Procedures Order and Related Trustee Filing
Motion p. 11.
**Relevant points:**
- The Trustee acknowledged that removal was statutorily unavailable under Rule 9027.
- The Bankruptcy Court authorized the King Parties to file a bankruptcy adversary proceeding based on the same controversy.
- The procedure contemplated that Count II of the state declaratory-judgment action still had to be dismissed.

### Exhibit 8 - April 2, 2018 Serv Trust Demand for Jury Trial
Motion p. 11.

3

**Relevant point:**

- Serv Trust demanded a jury trial on all claims advanced in the consolidated action.

**Exhibit 9 - State-Court Counterclaim, Albright Ruling, and Procedural Materials**

Motion pp. 11, 15.

**Includes:**

A. December 27, 2018 Order on the motion to dismiss Serv Trust's First Amended Counterclaim.

B. Serv Trust Second Amended Counterclaim, operative pleading only, PDF pages 1-16; redline comparison omitted.

C. King Parties' Motion to Dismiss Serv Trust's Second Amended Counterclaim.

D. December 18, 2018 hearing before Judge Albright, limited excerpts, transcript / PDF pages 1-3, 57-65, and 73.

**Relevant points:**

- Serv Trust's legal claims remained unresolved, and the King Parties moved to dismiss the operative pleading rather than answer it.

- Judge Albright denied dismissal of the MOU contract and specific-performance claims and held that the alleged intentional suppression of the property's value, if proved, could constitute constructive fraud.

**Exhibit 10 - King Parties' February 11, 2019 First Amended Complaint / Count II Prayer for Relief**

Motion p. 12.

**Includes:**

King Parties' First Amended Complaint for Declaratory Judgment, operative complaint only, PDF pages 1-15; redline Exhibit A omitted.

**Relevant point:**

- Count II requested declarations that Serv Trust was Myers's alter ego and that Serv Trust's assets, liabilities, counterclaim, and Goldsboro liabilities were assets or liabilities of Myers's bankruptcy estate.

**Exhibit 11 - Excerpts of Serv Trust Agreement**

Motion p. 13.

**Includes:**

PDF pages 4-5: settlor, trustees, and beneficiaries.

PDF pages 8-9: irrevocability and renunciation provisions.

PDF pages 14-15: fiduciary-capacity provisions.

PDF pages 21-22: limitations on trustee powers.

PDF pages 26-27: spendthrift provisions.

PDF page 33: Maryland governing law and situs.

PDF pages 34-36: signatures, acknowledgments, and Schedule A.

**Relevant point:**

- Serv Trust was an irrevocable Maryland spendthrift trust created by Joan Conlen Myers; Myers was trustee, not settlor or beneficiary; and the instrument states that trustee powers are exercisable solely in a fiduciary capacity.

## Exhibit 12 - July 11, 2016 Ellen K. Harrison Letter to Brian King

Motion p. 13.

**Relevant point:**

- The letter confirms that the Trust Agreement was prepared for the settlor and that Myers and Daniel Ring acted in trustee capacities.

## Exhibit 13 - Judge Lipp Serv Trust / Goldsboro Ownership Record and Final Findings

Motion p. 15.

**Includes:**

A. December 19, 2017 evidentiary hearing on the Trustee's objection to exemptions, limited excerpts, transcript / PDF pages 1-3, 68-76, and 154.

B. September 28, 2018 Memorandum Opinion, Order, and Judgment in United States Trustee v. Myers, Adv. Proc. No. 17-00193.

**Relevant points:**

- Judge Lipp asked whether the Serv Trust account was not Myers's account, and counsel for the Trustee answered, "That is correct."

- Judge Lipp described Serv Trust as Myers's children's trust and distinguished fiduciary activity from Myers's personal business activity.

- Myers testified that Serv Trust owned the 50% Goldsboro interest and that he held no personal or pecuniary interest in Serv Trust or Goldsboro.

- Judge Lipp's final 2018 findings recognized that Serv Trust was created and funded by Myers's mother for his children, that Myers and Daniel Ring were co-trustees, and that Serv Trust held the 50% Goldsboro interest.

## Exhibit 14 - Florida Chapter 13 Stay-Relief and Trustee-Resignation Materials

Motion pp. 14-15, 18.

**Includes:**

A. March 14, 2022 stay-relief order.

B. June 28, 2022 amended stay-relief order.

C. Resignation of Gregory B. Myers as co-trustee of Serv Trust, signed May 1, 2022 and effective May 31, 2022.

**Relevant points:**

- Stay relief was limited to non-debtor parties, and claims against Myers individually remained stayed.

- The amended order acknowledged that Myers had executed a resignation and provided that, even if the resignation was invalid or ineffective, representative-capacity relief could not impose individual liability on Myers.

- The resignation bears directly on whether Myers held any current trustee office or authority at the January 2023 trial.

### Exhibit 15 - Florida Chapter 13 Rule 59(e) Stay-Relief Materials

Motion p. 18.

**Includes:**

A. Myers's Rule 59(e) motion.

B. King Parties' June 7, 2022 response.

C. June 9, 2022 hearing transcript excerpts, PDF pages 1-2, 6-7, and 50.

D. June 28, 2022 amended stay-relief order.

**Relevant points:**

- The King Parties represented that stay relief was only to pursue claims against Serv Trust and that they could not and were not seeking to pursue Myers individually.

- The June 9 transcript confirms that both sides agreed to the modified order that became the June 28 amended stay-relief order.

### Exhibit 16 - December 30, 2022 Trustee's Opposition to Debtor's Motion to Dismiss

Motion p. 16.

**Relevant points:**

- The Trustee stated that Serv Trust "will become" an estate asset if the King Parties prevailed.

- The Trustee described himself as nominal but affirmatively advanced the King Parties' estate-property position.

6

**Exhibit 17 - Goldsboro Bankruptcy Claim and Brian King Sworn-Statement Materials**

Motion pp. 15-16.

**Includes:**

A. Goldsboro Motion for Enlargement of Time to File Proof of Claim, Bankruptcy Docket Entry No. 279, motion only, PDF pages 1-6; attachments omitted.

B. 6789 Goldsboro LLC Proof of Claim No. 17-1, pages 1-2.

C. March 15, 2018 Affidavit of Brian King, complete affidavit, PDF pages 1-4.

D. April 24, 2019 Deposition of Brian King, limited excerpts, transcript / PDF pages 1-3, 12, 22, 33, 39-40, 47-55, and 176.

E. May 10, 2019 Affidavit of Brian King, complete affidavit, PDF pages 1-3.

**Relevant points:**

- Goldsboro alleged that it made loans to Serv Trust and identified Myers's liability solely as "Guaranty."

- King's March 2018 affidavit stated that Myers acted on behalf of Serv Trust, that Goldsboro lent to Serv Trust, and that Class A contributions funded those loans.

- After Count II was filed, King testified that Serv Trust was the Class B member, Goldsboro issued loans to Serv Trust, and the MOU offered to purchase Serv Trust's interest.

- Sixteen days later, King's second affidavit recast the same interest and loans as merely "putative" and personal to Myers.

**Exhibit 18 - Florida Bankruptcy Stay Opposition and Attached September 23, 2019 Transcript Excerpt**

Motion p. 16.

**Includes:**

Debtor's Opposition to King's Amended Motion for Relief from the Automatic Stay, Bankruptcy Docket Entry No. 150, complete 14-page filing, including its Exhibit A transcript excerpt.

**Relevant point:**

- King counsel represented that Myers was joined solely as a necessary party and that the King Parties were not asserting a monetary claim against Myers.

**Exhibit 19 - Florida Bankruptcy Claim 3 and Order Sustaining Objection**

Motion p. 16.

**Includes:**

A. King Proof of Claim No. 3.

B. June 29, 2021 Order Sustaining Myers's Objection.

**Relevant point:**

- Claim 3 was based on a pending sanctions motion and was disallowed in full.

### Exhibit 20 - January 12, 2023 Notice of Preliminary Hearing

Motion p. 19.

**Includes:**

January 12, 2023 Notice of Preliminary Hearing, Bankruptcy Docket Entry No. 361, complete filing, PDF pages 1-2.

**Relevant point:**

- The notice was entered in Myers's pending Florida Chapter 13 case on January 12, 2023 and scheduled a hearing for January 19, 2023, confirming that the case remained pending when the state court entered its January 12 order.

### Exhibit 21 - Orders and Opinions Under Review

Motion pp. 4, 10, 16, 21.

**Includes:**

A. July 3, 2025 Bankruptcy Court Settlement Order.

B. July 3, 2025 Bankruptcy Court Order Overruling Claim Objections as Moot.

C. July 3, 2025 Bankruptcy Court oral ruling, limited excerpts, transcript / PDF pages 1, 6-7, 11-15, 28-35, 42-43, and 45.

D. June 3, 2026 District Court Memorandum Opinion, ECF No. 41.

E. June 3, 2026 District Court Order, ECF No. 42.

F. June 29, 2026 Order denying rehearing, ECF No. 45.

**Relevant points:**

- The Bankruptcy Court acknowledged that it was unclear whether the January 12 order was final and that it may not have been final if the state actions were consolidated for all purposes.

- The Bankruptcy Court stated that it was transferring only whatever interests the estate possessed and was not required to determine the validity or merits of the rights being transferred.

- The Bankruptcy Court nevertheless treated the state order as fixing petition-date rights and concluded that the Serv Trust beneficiaries were no longer beneficiaries.

- The District Court later characterized the January 12 order as valid and final and held that, as of January 12, 2023, Serv Trust's assets were part of Myers's estate.

### Exhibit 22 - April 15, 2026 Bankruptcy Court Orders, May 26, 2026 Order, and Limited Opposition Excerpts

Motion p. 21.

8

**Includes:**

A. Adv. Dkt. Nos. 116-121.

B. Adv. Dkt. No. 131.

C. Adv. Dkt. No. 67, PDF pages 1-3 and 13-16.

D. Adv. Dkt. No. 68, PDF pages 1-5.

E. Adv. Dkt. No. 69, PDF pages 1-3.

**Relevant points:**

- The orders remain implicated in Civil Action No. 26-2175-TDC.

- The cited oppositions argue that the settlement resolved the Adversary, Myers was not a party, and later relief was moot.

- The materials concern the same settlement structure, intervention, party-status, indispensable-party, and post-appeal issues implicated by the June 3 Ruling.

## Exhibit 23 - Maryland Trust Act Provisions

Motion p. 14.

**Includes:**

Md. Code Ann., Estates & Trusts section 14.5-103(d) (definition of beneficiary).

Section 14.5-404(b) (trust and terms for the benefit of beneficiaries).

Sections 14.5-409(b) and 14.5-410 (modification and termination and protection of beneficiary interests).

Section 14.5-504 (spendthrift provisions).

Section 14.5-1006(a)(1)-(2) (application to pre-2015 trusts and post-2015 judicial proceedings).

**Relevant point:**

- The provisions distinguish trustee capacity from beneficiary status, require a trust to operate for its beneficiaries, protect spendthrift interests, and prescribe who may seek modification or termination and how nonconsenting beneficiary interests must be protected.

## Exhibit 24 - Bellinger v. Buckley

Motion p. 17.

**Includes:**

A. Bellinger v. Buckley, 577 B.R. 193 (D. Md. 2017).

B. Bellinger v. Buckley, 719 F. App'x 209 (4th Cir. 2018).

**Relevant point:**

- A materially new interest acquired after a Chapter 7 petition does not enter the estate under section 541(a)(1) and must be captured, if at all, through an applicable statutory mechanism.

**Exhibit 25 - Kiviti v. Bhatt, 80 F.4th 520 (4th Cir. 2023)**

Motion p. 7.

**Relevant point:**

- The Fourth Circuit cautioned against fragmented finality analysis in an adversary proceeding and held that the district court lacked jurisdiction over a nonfinal bankruptcy adversary order.

**Exhibit 26 - King Parties' March 13, 2019 Motion to Stay Proceedings Pending Disposition of Myers's Delaware Chapter 13 Case**

Motion p. 19.

**Includes:**

Limited excerpts, PDF pages 1-2, 8-10, and 14-16.

**Relevant points:**

- The King Parties characterized alter ego as both an affirmative claim and an affirmative defense.
- They asserted that the state action could not meaningfully proceed while Myers was protected by a Chapter 13 stay.
- They asserted that no meaningful distinction could be drawn between claims involving Myers and Serv Trust, that a judgment against Serv Trust would be a judgment against Myers, and that Myers was indispensable.
- They asserted that the Chapter 13 trustee had to be joined after obtaining stay relief and bankruptcy-court permission.
- Those positions are materially inconsistent with proceeding on January 3, 2023 against Serv Trust alone while Myers remained a named, stayed defendant and without the Florida Chapter 13 trustee.