# EXHIBIT 2

**Excerpts of January 3, 2023 Montgomery County Circuit Court Trial Transcript**

6

become a side opening, but there are essentially four issues that would be triable today.

THE COURT: Okay.

MR. VERSTANDIG: All of the attorneys in this courtroom concur that if my clients succeed on the first issue, which is an action for declaratory judgment with an entity known as Serv Trust as the alter ego of Gregory Brian Myers, that with due respect and deference, you would be without jurisdiction to hear the other three matters. And we would not bother you again with them. We would take them to the U.S. Bankruptcy Court to the District of Maryland and permit Judge Ruark to sift through them.

THE COURT: Okay.

MR. VERSTANDIG: Because --

THE COURT: Now the question I had about that, because I saw your memo this morning on the alter ego, and the two things was one is the order of abstention from the United States Bankruptcy Court was dated, I think, January 30th of 2019. But your amended complaint alleging the alter ego was not filed until February 11th of 2019. So my question is, I don't see how -- I'm not sure how the order of abstention from the United States Bankruptcy Court encompasses the alter ego claim since it was not a claim in existence at the time of the abstention order from the Bankruptcy Court.

MR. VERSTANDIG: Yes, Your Honor. I can address that

fairly simply, fortunately. We had originally filed the alter ego claim as a standalone adversarial proceeding in the United States Bankruptcy Court.

THE COURT: Okay.

MR. VERSTANDIG: Which is what begat the order of abstention. After the order of abstention where the court indicated, and obviously I paraphrase, that this action was already pending. At the time it was just a declaratory judgment for redemption of the membership interest and some issues related. I will periodically today make reference to issues related to claims against Mr. Myers solely for the record. I want it to be clear, as I know everyone is, we are not pursuing any claims against Mr. Myers individually today. And any contextual references I make are merely for context.

But because this matter was already pending, once the Bankruptcy Court abstained, which had the effect of closing out --

THE COURT: Right.

MR. VERSTANDIG: -- that precise cause of action in that court, we then amended and brought it here.

THE COURT: Okay. All right. See, I don't have all the bankruptcy filings, but I did get the order of abstention. The other question I had is under, it's sort of a hybrid under the Frow doctrine, which is that when you have claim against one party, in essence are they in default or not. We can

debate whether they are or not in default. But under that doctrine is where somebody would have potential joint liability or liability based upon the defaulting party's liability.

And under the Frow doctrine, you can either one of two things. You sort of abstain from going forward because you don't want to try it twice. Or two, you can enter the judgment, but then it's a nonfinal judgment because anything that I do today in essence necessarily would be nonfinal because we're not putting all of the claims against all the parties for not getting to an adjudication. So we don't have a final judgment today under any circumstance. Now there's mechanisms by which you can request a final judgment be entered, and this may be an appropriate case, it may not be, I don't know. But that's up to -- and then the Appellant Courts often times second guess, and I've seen us reversed more times than not by certifying the final judgment when in fact the Special Appeals says you really shouldn't do that because you don't want piecemeal litigation. So I'm trying to sort of figure out how I deal with that.

And then the other issue that I had a concern about was the alter ego claim. Seems to be the one that would be most closely aligned with potential liability for Mr. King in the sense that, I think under paragraph 80 of your finding -- or of your amended complaint, you state that "his expenditures of monies belonging to Serv Trust is a form pattern habit of

96

went to Kenwood Country Club.

We talked about --

THE COURT: Let me ask you this. Do, is in here, has there ever been a, produced or presented a copy of Serv Trust's trust agreement?

MR. VERSTANDIG: Your Honor, we have it. It is notably not in our, it is not in evidence.

THE COURT: Is there, I'm trying to figure out who, who are the, I mean who are the beneficiaries of the trust?

MR. VERSTANDIG: My understanding is that it's for the benefit of his children.

THE COURT: His children? Okay.

MR. VERSTANDIG: I want to be careful with my words --

THE COURT: Okay.

MR. VERSTANDIG: -- about having it in front of me. Yeah, it was always represented it was, you know, for the benefit of his children. That's why I took some care to note that there are some tuition dollars and I cannot say --

THE COURT: Uh-huh.

MR. VERSTANDIG: -- that it's never benefited his children, but we point out that there is an --

THE COURT: That it -- it seems that it was not an irrevocable trust I take it?

MR. VERSTANDIG: Not to the best of my knowledge.

97

THE COURT: If it was, there would be a lot of problems with payments back to him and his wife, but okay. And then when you think of it, just a thought came up, you're saying it's all alter ego of Mr. Myers, but you also may want to address why wouldn't it potentially be an alter ego of Ms. Kelly?

MR. VERSTANDIG: Your Honor, I think actually the law on alter ego is instructive on our, when we give (unintelligible). The law on alter ego in Maryland is the Hildreth case, which you saw in our papers, but for the record, 838 A.2d 120, honest to God, I don't know if it's 4709, or something, from the then Court of Appeals in 2003. It sets forth three elements for the establishment of an alter ego which I'll paraphrase.

First, is that the individual must have exercised dominion and must have done so singularly. So, here we would say that the evidence shows that Mr. Myers exercised singular dominion over the affairs of Serv Pro. I think the record evidence is that in a variety of ways one almost every single check, albeit not literally every single check, there's Mr. Myers' signature. All of these dealings of an informal natural, the emails, et cetera, are by Mr. Myers and to Mr. Myers. We would actually see anecdotally in this case that when Mr. Myers showed up and tried to file a motion to dismiss in proper person on behalf of the trust, he did so

125

proceedings. Those were the claims primarily as to whether there was an appropriate redemption of Serv Trust's interest in 6789 Goldsboro Road, LLC, and the second would be whether the amount of the promissory notes and the claim for promissory estoppel by 6789 Goldsboro Road against Serv Trust should be adjudicated in the amount of that judgment should be. That would be without effect on Mr. Myers; and as I pointed out this morning, under the Frow Doctrine, if Mr. Myers ultimately was successful in reducing or showing that that amount and ultimately was not due to, was not owed by Serv Trust, Serv Trust would be entitled to take advantage of that finding and that you can't have incongruent judgments, the Frow case, which is a United States Supreme Court case, which has been recognized in Maryland, dates back into the early 1800s.

So, initially, the Court has to determine whether or not the Serv Trust served as an alter ego -- can you go in? I just let a few of my papers in the chambers. Pull the stuff off my desk that's highlighted. I think I've got everything. All right.

JUDGE'S RULING

THE COURT: Well, I'll note at the outset that Serv Trust, there's an issue as to whether it is a statutory trust or if it is a non-statutory trust. Ultimately, that issue did not become material for me.

(Discussion off the record.)



www.escribers.net | 800-257-0885

141

Lastly, I do note that such control did cause injury in the sense that the creditors of Mr. Myers were and, quote, strike that. That the bankruptcy trustee was deprived of potential assets in the bankruptcy estate. So, based on those findings, I do find that Serv Trust is either an alter ego or its forms should be disregarded as a perpetrator, as, as it was used to perpetrate fraud.

Based upon that finding, I do find under the order of abstention that the claims against Serv Trust here, as well as those against Mr. Myers, are stayed pursuant to the bankruptcy that's pending in Maryland at this time. Therefore, I will make a finding, a declaratory judgment that Serv Trust is a, the alter ego of the, of Mr. Myers in this case; and as such, the matter is stayed as to this litigation going forward at this time.

All right. Let me ask counsel if you can prepare a proposed order of declaration for the Court?

MR. VERSTANDIG: Thank you, Honor. We may email it to chambers, I assume?

THE COURT: Sure and send it to Mr. Myers, too --

MR. VERSTANDIG: Yes.

THE COURT: -- for his view.

MR. VERSTANDIG: Thank you. Should we do so prior to emailing it to chambers --

THE COURT: Yeah, why don't we just do that? Just,

142

well, just mail it to Mr. Myers with chambers.

MR. VERSTANDIG:  Okay.  Thank you.  We will cc him on the --

THE COURT:  All right.

MR. VERSTANDIG:  -- chambers.

THE COURT:  Is there, is there any clarification of my ruling that you need?

MR. VERSTANDIG:  I appreciate your ruling.  Thank you, Your Honor.

THE COURT:  All right.  Anybody?

MR. PELLETIER:  Well, I'm here, Your Honor --

MR. MYERS:  Well, I do --

MR. PELLETIER:  -- this is Eric Pelletier for 6789 Goldsboro Road.

THE COURT:  Okay.  And just --

MR. MASTRO:  Nothing, Your Honor, other than just to note for the record that the trustee didn't file an opposition to Mr. Myers' motion to dismiss for lack of subject matter jurisdiction and that's in the record as well.

THE COURT:  Okay.  All right.  All right.  Great.  Thank you all very much.

MR. PELLETIER:  Thank you, Your Honor.

MR. VERSTANDIG:  Thank you, Your Honor.

THE COURT:  Have a good day.  Oh, based on that, like I said, I abstain the rest of the other, other matters.