# EXHIBIT 3

**Excerpts of December 16, 2022 Montgomery County Circuit Court Pretrial Transcript**

PROCEEDINGS

THE CLERK:  Calling Civil matter 436977, Brian King, et al. versus Serv Trust, et al.

THE COURT:  All right, let's go ahead and have the parties identify themselves, starting with Plaintiff's counsel, please.

MR. VERSTANDIG:  Good morning, Your Honor.  Maurice Verstandig on behalf of Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

THE COURT:  Sir, you might be muted.

MR. PELLETIER:  Good morning, Your Honor.  Sorry about that.  Eric Pelletier and my partner, Frances Wilburn, here on behalf of 6789 Goldsboro, LLC.

MS. WILBURN:  Good morning, Your Honor.

THE COURT:  Good morning.

MR. MASTRO:  Good morning, Your Honor.  Frank Mastro on behalf of nominal defendant Roger Schlossberg, bankruptcy trustee.

THE COURT:  All right.  All right, and in the courtroom, just so we --

MR. MYERS:  Should I identify myself?

THE COURT:  Yes, please.

MR. MYERS:  Gregory Myers, Your Honor, pro se debtor.

THE COURT:  All right, so Mr. Myers is here in the court.  And the matters against Mr. Myers have been stayed, in

that the matters proceeding to trial in January are the matters against Serv Trust in this case. So Mr. Myers is a party to the case, but his matters have been stayed at this point in time.

So what's the status of this matter? I'll ask, I'll start with counsel for the King parties.

MR. VERSTANDIG: Thank you. Your Honor, we are prepared to proceed to trial on January 3rd. Pre-trial statements were filed a couple of years ago, prior to the last bankruptcy stay, and are inclusive of all of the exhibits and all of the witnesses we're planning to rely upon during our trial in January. It will be a more abbreviated list of witnesses and exhibits because the claims against Mr. Myers are stayed.

We reasonably anticipate that our portion of the case, and I speak solely for my clients. Mr. Pelletier and Ms. Wilburn will speak for their portion of the case separately. But we reasonably anticipate our portion of the case will probably take the majority of the day, but not much more than that.

We would also note that Serv Trust is not represented by counsel at this point in time, and while we intend on proceeding to trial, this will greatly resemble ex parte proof, even though it will not take the actual form of ex parte proof. Because of the absence of representation counsel, we don't

believe Serv Trust will be able to meaningfully participate in the trial.

THE COURT:  Right.  Unlike ex parte proof, where if you're on a default where you, the allegations in the complaint are true and liability is determined, that would not be determined and it would be your, still your burden to prove that by a preponderance of the evidence, or by clear and convincing if there's a fraud count.

MR. VERSTANDIG:  Yes, Your Honor.

THE COURT:  Okay.

MR. VERSTANDIG:  And we appreciate that distinction. I did not mean to suggest otherwise.  I simply meant --

THE COURT:  No, I understand what you meant.

MR. VERSTANDIG:  -- (unintelligible).

THE COURT:  It's just the procedure's going to look like that, because unless and until Serv Pro, but if Serv Pro gets counsel before then, they can participate at trial.

MR. VERSTANDIG:  Yes, Your Honor.  And again, we have our exhibits, we have our witnesses.  We are prepared to put on our case, and certainly without pre-trying the case today, we believe it is a convincing case and we believe we will meet our burdens.

THE COURT:  All right.  Now all right, now anything else?  How long do the Goldsboro LLC folks think it's going to take for your case?

6

MR. PELLETIER:  Your Honor, it depends on whether or not Serv Trust gets counsel.  I would assume if it does not get counsel, an hour or an hour and a half.  If it does get counsel, maybe a half day.

THE COURT:  Okay.  All right.  And counsel for Mr. Schlossberg doesn't anticipate much trial time, if any, I gather.

MR. MASTRO:  No trial time for us.  We're just a nominal defendant --

THE COURT:  Right.

MR. MASTRO:  -- on the claim by Mr. Verstandig's client.  Obviously if Mr. Verstandig prevails, then Serv Trust will become an asset of the bankruptcy estate.

THE COURT:  Okay.  All right.

MR. MYERS:  May I speak, Your Honor?

THE COURT:  I will let you speak but remember the matters against you are stayed in this case.

MR. MYERS:  Your Honor, you used the word matters. The order from the bankruptcy court specifically says the automatic stay shall remain in effect and is not lifted as to any claims against Myers, the debtor.

I am a defendant in both of the King party claims. They're not separately against Serv Trust.  We're both named as defendants --

THE COURT:  Right, and the cases --

7

MR. MYERS: -- so the claim can't proceed because I would have liability. If they prevail, I have liability, and the last sentence in the order says but not for any purposes which could impose individual liability upon the debtor.

THE COURT: Okay.

MR. MYERS: If King parties prevail in either of their two counts, I have potential liability, individual liability. And if --

THE COURT: Well, they would have to then --

MR. MYERS: -- if you'd let me finish --

THE COURT: -- they would have to prove those counts against you in a separate trial and the matter would not be, there would not be any collateral estoppel or res judicata, because you did not participate in the case as a party. You were stayed and out of the case, so any --

MR. MYERS: There would still be a ruling that would impose liability upon me.

THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately, and there would not be any res judicata or collateral estoppel issues, because you were not a party to that case --

MR. MYERS: But I am a party.

THE COURT: -- at that time because, well, you were stayed, so you were not considered a party.

MR. MYERS: How can the claim go forward against Serv Trust? Serv Trust is not an entity. It is not a statutory trust. It's a Maryland common law trust.

THE COURT: Well, it's, the allegation is it's a, that it is a statutory trust. The documents in the case suggest that it's a statutory trust.

MR. MYERS: No they don't. There's no documents in this case that suggest it's a statutory trust. It's a, it says right in the trust agreement that it's a Maryland common law trust.

But let me move to something that eliminates this discussion, Your Honor. This Court lacks subject matter jurisdiction. I want to confirm --

THE COURT: Well, you can raise that at any time, and that is something that you can raise once the stay against you is lifted.

MR. MYERS: I can raise it right now.

THE COURT: Well, not today, because this is not before the Court. It has not been, I understand you filed some motions. Those motions are not ripe or at issue at this time, because --

MR. MYERS: Subject matter can be raised at any time, right?