# EXHIBIT 7

**December 11, 2023 Settlement Procedures Order and Related Trustee Filing**

Entered: December 11th, 2023
Signed: December 10th, 2023

**SO ORDERED**



Maria Ellena Chavez-Ruark

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In re:<br><br>GREGORY B. MYERS,<br><br>Debtor. | Case Number:  15-26033-MCR<br>(Chapter 7) |

### ORDER GRANTING MOTION FOR APPROVAL OF PROPOSED
### COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA
### KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST

Before the Court is the Motion for Approval of Proposed Compromise and Settlement With

Brian King, Cristina King, and the Cristina and Brian King Children's Trust [Dkt. No. 1005] (the

"Settlement Procedure Motion") filed on February 7, 2023 by Roger Schlossberg, the Chapter 7

trustee (the "Trustee") appointed to administer the Chapter 7 bankruptcy estate of Gregory B.

Myers (the "Debtor").    The Settlement Procedure Motion seeks to establish a procedural

mechanism for resolving litigation pending in state court among Brian King, Cristina King, and

the Cristina and Brian King Children's Trust (collectively, the "King Parties"), Serv Trust, and the

Trustee (who was named as a nominal defendant).    In the event that the Trustee and the King

Parties reach a resolution of their dispute, then the Trustee will file a motion seeking approval of

the settlement and all parties in interest will be given notice and an opportunity to be heard.

On February 28, 2023, the Debtor filed a Motion to Dismiss or Strike the Settlement Motion or, in the Alternative, Opposition to the Settlement Motion [Dkt. No. 1010] (the "Motion to Strike"). On March 14, 2023, the Trustee filed an opposition to the Motion to Strike [Dkt. No. 1013], and on July 21, 2023, the Debtor filed a reply in support of the Motion to Strike [Dkt. No. 1020]. The Court has reviewed all of the pleadings and finds that a hearing would not aid the decisional process.

For the following reasons, the Settlement Procedure Motion is granted.

## I.    UNDISPUTED FACTS

The material facts are undisputed. Some of the facts are set forth in the Memorandum Opinion issued by this Court on September 28, 2018 [Adv. No. 17-00193, Dkt. No. 94], which was entered in conjunction with an Order Entering Judgment [Adv. No. 17-00193, Dkt. No. 95] through which the Debtor was denied a discharge under Sections 727(a)(3), 727(a)(4)(A), 727(a)(4)(B), and 727(a)(5) of the United States Bankruptcy Code (the "Bankruptcy Code").[1] The remainder of the facts are established by the record in this bankruptcy case, two related adversary proceedings, and two state court cases, as set forth in more detail below.[2]

---

[1] All statutory references shall be to the Bankruptcy Code unless otherwise stated.

[2] The Court may take judicial notice of docket entries, pleadings, and papers filed in other cases. *In re Marriott Intl., Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 133 (D. Md. 2021), *aff'd sub nom. In re Marriott Intl., Inc.*, 31 F.4th 898 (4th Cir. 2022); *Brown v. Ocwen Loan Servicing, LLC*, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x 200 (4th Cir. 2016). The Court may also take judicial notice of "prior litigation between the same parties where the two cases represent related litigation." *White v. Harris*, 23 F. Supp. 2d 611, 614 (D. Md. 1998) (citing *United States Fidelity & Guar. Co. v. Lawrenson*, 334 F.2d 464, 467 (4th Cir.), cert. denied, 379 U.S. 869 (1964)); *see also Cason v. Holder*, 815 F. Supp. 2d 918, 922 (D. Md. 2011), *aff'd*, 464 Fed. App'x 131 (4th Cir. 2012) (unpublished) ("This Court can take judicial notice of its own records in another case … where the two cases represent related litigation.") (citations omitted) and *In re Modanlo*, 342 B.R. 238, 241 (D. Md. 2006) ("Moreover, the Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records.") (quoting *Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 (4th Cir. 1990)).

On November 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 in this Court. The Debtor's initial Schedule D filed on December 16, 2015 [Dkt. No. 19] listed an entity named Serv Trust as having a claim in the amount of $151,500.00 secured by property known as Lot 6 Seaside 14 Subdivision, Santa Rosa Beach, FL 32459 ("Lot 6"). Serv Trust is a trust that was created by the Debtor's mother for the benefit of the Debtor's children. The Debtor is or was a co-trustee of Serv Trust.

The Debtor testified at his continued meeting of creditors on February 1, 2016 that Serv Trust has a 50% interest in a Maryland limited liability company named 6789 Goldsboro LLC ("Goldsboro LLC"), the sole asset of which is a parcel of residential real property located in Montgomery County, Maryland (the "Goldsboro Property"). The Debtor did not disclose the other 50% owner of Goldsboro LLC at his continued 341 meeting of creditors but testified that the unnamed owner paid the entire purchase price for the Goldsboro Property and made capital contributions into Goldsboro LLC, which funds could be loaned to Serv Trust and used for the beneficiaries of Serv Trust.

On October 25, 2016, while the Debtor's bankruptcy case was proceeding under Chapter 11, the Court entered an order authorizing the Debtor to sell Lot 6 [Dkt. No. 175]. The net proceeds generated from the sale of Lot 6 totaled $1,238,598.91 (the "Lot 6 Sale Proceeds"), which proceeds were subject to various disputed secured claims and liens, including a purported lien in favor of Serv Trust in the amount of $951,803.96 (which is significantly higher than the secured claim set forth in the Debtor's initial Schedule D).

On November 19, 2016, Offit Kurman, P.A. commenced an adversary proceeding against Serv Trust [Adv. No. 16-00541] (the "Serv Trust Adversary Proceeding") seeking to determine the priority and extent of Serv Trust's asserted lien against the Lot 6 Sale Proceeds.

On January 27, 2017, Goldsboro LLC filed a Motion for Enlargement of Time to File Proof of Claim in the Debtor's bankruptcy case [Dkt. No. 279]. On January 31, 2017, the Debtor filed a Second Amended Schedule E/F [Dkt. No. 283], which listed, for the first time, Goldsboro LLC as having an unsecured, nonpriority claim against the Debtor in the amount of $476,395.83. On February 3, 2017, Goldsboro LLC filed a proof of claim [Claim No. 17-1] in the Debtor's case asserting a general unsecured claim in the amount of $476,395.83 based on a "Guaranty."

On February 3, 2017, Serv Trust, through its former counsel, filed a line which, among other things consented to the relief requested in the Serv Trust Adversary Proceeding in this Court [Adv. No. 16-00541, Dkt. No. 43]. Three days later, the Court entered a judgment which avoided Serv Trust's asserted lien against the Lot 6 Sale Proceeds as if such lien never existed and disallowed any scheduled or filed claim of Serv Trust in the Debtor's bankruptcy case [Adv. No. 16-00541, Dkt. No. 43].

On February 22, 2017, after an evidentiary hearing, the Court entered an order granting the motion of the United States Trustee to convert the Debtor's case from Chapter 11 to Chapter 7 [Dkt. No. 316]. The Trustee was appointed immediately upon conversion.

On September 14, 2017, the King Parties filed a Complaint for Declaratory Judgment (the "King Declaratory Judgment Complaint") against Serv Trust in the Circuit Court for Montgomery County, Maryland (the "State Court") in the case styled *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Declaratory Judgment Case"). The King Declaratory Judgment Complaint sought, among other things, (i) a judgment declaring that the King Parties could direct Goldsboro LLC to redeem the interest of Serv Trust in Goldsboro LLC in exchange for previous consideration paid based on an appraisal conducted of the Goldsboro Property pursuant to the Operating

Agreement governing Goldsboro LLC, and (ii) a judgment declaring that Serv Trust's interest in Goldsboro LLC has been redeemed.[3]

On January 24, 2018, Goldsboro LLC filed a Complaint (the "Goldsboro Breach of Contract Complaint") against Serv Trust in the Circuit Court for Garrett County, Maryland in the case styled *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. C-11-CV-18-000018. The Goldsboro Breach of Contract Complaint asserted claims for breach of a promissory note and promissory estoppel.[4] The Circuit Court for Garrett County, Maryland transferred the case to the State Court on July 24, 2018, and the State Court assigned Case No. 451611-V to the case and consolidated it with the King Declaratory Judgment Case (collectively, the "State Court Case").

On February 5, 2018, the Debtor and his wife, Barbara Ann Kelly, filed a joint motion to vacate the judgment entered in the Serv Trust Adversary Proceeding [Adv. No. 16-00541, Dkt. No. 46] (the "Motion to Vacate"). On February 14, 2018, the Debtor and Ms. Kelly filed a joint motion to reopen the Serv Trust Adversary Proceeding [Adv. No. 16-00541, Dkt. No. 51] (the "Motion to Reopen"). Offit Kurman, P.A. and the Trustee filed oppositions to the Motion to Vacate [Adv. No. 16-00541, Dkt. Nos. 56 and 61], and the Trustee filed an opposition to the Motion to Reopen [Adv. No. 16-00541, Dkt. No. 63]. The Court held a hearing to consider the Motion to Vacate, the Motion to Reopen, and related oppositions on July 30, 2018, at which it denied both motions. On August 3, 2018, the Court entered orders consistent with its ruling [Adv. No. 16-00541, Dkt. Nos. 73 and 74]. The Debtor and Ms. Kelly appealed the orders to the United States District Court for the District of Maryland (the "District Court"). *See* Case No. 8:18-cv-

---

[3] A copy of the King Declaratory Judgment Complaint appears at Adv. No. 18-00407, Dkt. No. 4, Exhibit A.

[4] A copy of the Goldsboro Breach of Contract Complaint appears at Adv. No. 18-00407, Dkt. No. 4, Exhibit B.

02536-PX. On November 12, 2020, the District Court entered an order dismissing the appeal based on the Debtor and Kelly's failure to comply with filing requirements [Case No. 8:18-cv-02536-PX, Dkt. No. 49]. The Debtor and Ms. Kelly appealed the District Court's dismissal of the appeal to the United States Court of Appeals for the Fourth Circuit where it remains pending. *See* Case No. 20-02309.

On October 29, 2018, Goldsboro LLC filed a Complaint for Declaratory Judgment against the Debtor, Serv Trust, and the Trustee (the "Goldsboro Declaratory Judgment Complaint") thereby commencing an adversary proceeding in this Court against Serv Trust [Adv. No. 18-00407] (the "Goldsboro Adversary Proceeding"). The Goldsboro Declaratory Judgment Complaint alleged that the King Parties collectively are the other owner of Goldsboro LLC, exercised their right to redeem Serv Trust's interest in Goldsboro LLC, and filed a declaratory judgment action in the State Court in connection therewith (this being the King Declaratory Judgment Complaint filed in the State Court). The Goldsboro Declaratory Judgment Complaint sought a judgment from this Court declaring that Serv Trust is the alter ego of the Debtor and that the assets and liabilities of Serv Trust are assets and liabilities of the Debtor subject to administration by the Trustee. Goldsboro LLC also requested an order from this Court staying the State Court Case based on Goldsboro's LLC assertion that Serv Trust is the alter ego of the Debtor.

On January 30, 2019, the Court entered an order abstaining from exercising jurisdiction over the claims asserted in the Goldsboro Adversary Proceeding [Adv. No. 18-00407, Dkt. No. 28] (the "Abstention Order"). The Abstention Order determined that the State Court could determine whether Serv Trust is the alter ego of the Debtor in connection with the State Court Case, and if such a determination was made, then the parties to the State Court Case could come back to this Court to determine a course of action. On the other hand, if the State Court determined

that Serv Trust is not the alter ego of the Debtor, then the State Court Case would have little impact on the Debtor's bankruptcy case and there would be no basis for the Court to exercise jurisdiction over the Goldsboro Adversary Proceeding. The Abstention Order also stated that the State Court could determine whether the automatic stay of Section 362(a) applies to the State Court Case.

After entry of the Abstention Order, the King Parties filed an amended complaint in the King Declaratory Judgment Case to include a request for declaratory judgment that Serv Trust is the alter ego of the Debtor.

On November 13, 2019, Maurice VerStandig, a named defendant to a counter-complaint and third-party complaint filed by the Debtor in the State Court Case, filed a notice of removal of the State Court Case, thereby removing the matter to this Court [Adv. No. 19-00427, Dkt. No. 1]. On December 3, 2019, the Debtor filed a notice voluntarily dismissing the counter-complaint and third-party complaint in the removed adversary proceeding [Adv. No. 19-00427, Dkt. No. 4]. On December 5, 2019, the Court entered an order remanding the case back to the State Court based on the Debtor's dismissal of the counter-complaint and third-party complaint and the Court's prior Abstention Order [Adv. No. 19-00427, Dkt. No. 5].

On April 20, 2021, the Trustee filed a status report [Dkt. No. 930] in this case detailing how the Lot 6 proceeds were distributed and/or earmarked for future distribution, detailing other assets of the bankruptcy estate, and describing the proofs of claim filed in this case. The status report indicates that the Debtor's bankruptcy estate is insolvent. The Court notes that the Trustee has incurred significantly more legal fees since the filing of the status report.

The State Court Case proceeded to trial on January 3, 2023, at which the State Court determined that Serv Trust is the alter ego of the Debtor. The State Court reduced its oral ruling from the January 3, 2023 trial to a written order entered on January 12, 2023 (the "Alter Ego

Order").[5] The Alter Ego Order determined that "Serv Trust is, and as of November 18, 2015 was, the alter ego of [the Debtor], pursuant to Maryland law" and further determined that "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]" and therefore, "all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code" pending the removal of the State Court Case to this Court, the granting of relief from stay, or the occurrence of other events terminating the automatic stay.  Alter Ego Order at p. 2.

On January 23, 2023, shortly after entry of the Alter Ego Order, the Firm entered its appearance in the State Court Case on behalf of Serv Trust and filed a Motion for a New Trial or to Vacate, Alter, or Amend Judgment (the "Post-Trial Motion") on behalf of Serv Trust.[6]  The Post-Trial Motion states that the Firm was retained on January 20, 2023.  The Trustee filed a line in the State Court Case purporting to withdraw the Post-Trial Motion, to which the Firm filed a motion to strike on behalf of Serv Trust.  On February 27, 2023, the State Court held a hearing to consider the Post-Trial Motion, the Trustee's line, and Serv Trust's motion to strike the Trustee's line.

On April 17, 2023, the State Court issued an oral ruling at which it denied the Post-Trial Motion and granted Serv Trust's motion to strike the Trustee's line.[7]  In its oral ruling, the State Court explained that it has jurisdiction to consider the Post-Trial Motion because it has "authority under the Maryland Rules to control its judgments that are non-final."  Transcript at p. 6.  On

---

[5] A copy of the State Court's Alter Ego Order appears at Dkt. No. 1004 (Motion for Sanctions), Exhibit 1.

[6] Copies of the Firm's Notice of Appearance and Post-Trial Motion appear at Dkt. No. 1004 (Motion for Sanctions), Exhibits 2 and 3, respectively.

[7] A copy of the transcript of the State Court's oral ruling appears at Dkt. No. 1015 (Opposition to Motion for Sanctions), Exhibit B.

April 18, 2023, the State Court reduced its oral ruling to a written order denying the Post-Trial Motion and granting the motion to strike.[8]

The Debtor noted an appeal of the order denying the Post-Trial Motion and filed an emergency motion for a stay pending the outcome of the appeal. On May 5, 2023, the Appellate Court of Maryland entered an order denying the Debtor's motion for stay pending appeal.[9] The order gave the Debtor 20 days to show cause why the appeal should not be dismissed because it is an appeal of a nonfinal order. On May 25, 2023, the Debtor voluntarily dismissed his appeal of the order denying the Post-Trial Motion.

## II.    THE SETTLEMENT PROCEDURE MOTION AND RELATED FILINGS

The Trustee maintains that, based on the Alter Ego Order, all claims against Serv Trust must be construed as claims against the Debtor's bankruptcy estate. Similarly, the Trustee maintains that entry of the Alter Ego Order vested all of Serv Trust's assets in the Debtor's bankruptcy estate pursuant to Section 541(a), with those assets subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a). As such, the Trustee filed the Settlement Procedure Motion seeking the opportunity to settle the remaining claims presented in the King Declaratory Judgment Complaint regarding the asserted redemption of Serv Trust's interest in Goldsboro LLC. The Trustee believes it is unlikely that the King Declaratory Judgment Case can be removed to this Court because any removal would be untimely under Bankruptcy Rule 9027(a)(3). Accordingly, in lieu of removal, the Trustee and the King Parties have agreed to the following terms:

---

[8] A copy of the State Court's order denying the Post-Trial Motion appears at Dkt. No. 1015 (Opposition to Motion for Sanctions), Exhibit C.

[9] A copy of the Appellate Court's order denying the Debtor's motion for stay pending appeal appears at Dkt. No. 1016 (Supplemental Opposition to Motion for Sanctions), Exhibit B.

(1)    The King Parties and the Trustee shall jointly file a stipulation in the King Declaratory Judgment Case pursuant to which the King Parties will dismiss without prejudice their remaining claim against Serv Trust regarding the alleged redemption of Serv Trust's interest in Goldsboro LLC (the "Redemption Claim");

(2)    In consideration of the foregoing dismissal, the Trustee agrees to toll the statute(s) of limitation applicable to the Redemption Claim *nunc pro tunc* to September 14, 2017, the date the King Declaratory Judgment Case was filed in the State Court; and

(3)    The King Parties and the Trustee further agree to endeavor in good faith to negotiate a resolution to the Redemption Claim, and if negotiations are not successful, the King Parties shall refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days after the entry of an order approving this settlement.

The Trustee avers that in the sound exercise of his judgment, the proposed settlement procedures are in the best interest of the bankruptcy estate and all interested parties herein. The Trustee states that the proposed procedures afford him time to become familiar with the Redemption Claim and to potentially negotiate a resolution of the same, which could yield significant income for the bankruptcy estate. In the event a resolution is not reached, the Trustee states that the Redemption Claim will be litigated in this Court, which is the bankruptcy estate's preferred forum.

The Debtor's Motion to Strike presents numerous arguments in opposition to the Settlement Procedure Motion and is being treated as an opposition to the Settlement Procedure Motion by the Court. Those arguments are:

➤    The relief sought in the Settlement Procedure Motion requires an adversary proceeding because it seeks to recover money or property and seeks equitable relief, and Serv Trust's beneficiaries are required to be joined as defendants;

➤    The Settlement Procedure Motion is not a core proceeding and the Debtor does not consent to entry of any final order by this Court;

➤    The Court is divested of jurisdiction to consider the Settlement Procedure Motion because of the ongoing appeal of the Serv Trust Adversary Proceeding, which remains pending in the United States Court of Appeals for the Fourth Circuit;

➤ The Trustee is using the Settlement Procedure Motion to "commit a crime (*i.e.*, theft of Serv Trust's property)" and that the Trustee will consummate a settlement before Serv Trust can obtain a stay of "the bogus 9019 Order;"

➤ The Settlement Procedure Motion is seeking an advisory opinion because there is no justiciable controversy or cause of action affecting the bankruptcy estate and therefore, nothing for the Trustee to settle;

➤ The King Parties are not "parties in interest" and, therefore, lack standing to participate in this case;

➤ The State Court lacked subject matter jurisdiction to enter the Alter Ego Order because the King Parties never obtained leave from this Court to sue the Trustee as required by *Barton v. Barbour*, 104 U.S. 126, 127 (1881);

➤ The Trustee is mischaracterizing the Alter Ego Order in that the State Court did not enter a proposed order submitted by the King Parties that explicitly stated that Serv Trust's assets now belong to the Debtor's bankruptcy estate subject to the Trustee's control;

➤ The Alter Ego Order is not a final judgment and, therefore, has no force or effect pursuant to Maryland Rule 2-602;

➤ The Trustee has no authority under the Bankruptcy Code or any applicable non-bankruptcy law to "tortiously interfere with Serv Trust's property and legal rights" because Serv Trust is not a debtor in bankruptcy, the Debtor is not a settlor or beneficiary of Serv Trust, and Serv Trust and did not file a proof of claim in the Debtor's bankruptcy case;

➤ The Order Sustaining the Debtor's Objection to Proof of Claim No. 3 Filed by Brian King and Cristina King in the Debtor's bankruptcy case filed in the United States Bankruptcy Court for the Middle District of Florida is "res judicata" as to any claim the King Parties might have against the Debtor;

➤ The State Court erroneously ruled that the automatic stay of Section 362(a) applies to the remaining causes of action in the State Court Case because the automatic stay was terminated in the Debtor's bankruptcy case in 2018 and only this Court has the authority to reimpose the automatic stay; and

➤ The Settlement Procedure Motion is not a proper exercise of the Trustee's business judgment and falls below the lowest point in the range of reasonableness because it is fraudulent.

In addition to these arguments, the Debtor requests that the Trustee be ordered to show cause why sanctions should not be imposed against him for filing the Settlement Procedure Motion based on the Debtor's assertion that the Settlement Procedure Motion is frivolous.

The Trustee filed an Opposition to the Motion to Strike in which he argues that the Debtor lacks standing to object to the Settlement Procedure Motion under *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985), because the bankruptcy estate is insolvent and the Debtor has no pecuniary interest in any settlement ultimately reached. The Trustee reiterates that the Settlement Procedure Motion involves a procedural matter related to a pending (albeit stayed) state court declaratory judgment claim concerning the Redemption Claim. The Trustee asserts that the Debtor's bankruptcy estate is insolvent (*see* Status Report at Dkt. No. 930) and continues to hemorrhage attorney's fees based on the Debtor's continuing bad-faith litigation tactics as described in several District Court cases involving the Debtor. The Trustee maintains that there is no possibility that the Debtor's bankruptcy estate will be rendered solvent under any set of circumstances. Therefore, the Debtor lacks standing to object to the Settlement Procedure Motion because he lacks a pecuniary interest in the outcome of any achieved settlement.

The Debtor filed a reply in support of the Motion to Strike the Settlement Procedure Motion, stating that the Court previously determined that the Debtor has standing in connection with matters involving Serv Trust in the orders denying the Motion to Vacate and the Motion to Reopen that were entered in the Serv Trust Adversary Proceeding on July 30, 2018. The Debtor further argues that the King Parties lacked standing when they filed the King Declaratory Judgment Case because only the Trustee had standing to bring avoidance actions and he failed to do so within the time limitations set forth in Section 546(a). Consequently, the Debtor argues that the Trustee lacks standing to pursue the Settlement Procedure Motion. The Debtor also argues that this Court rejected a prior attempt to remove the King Declaratory Judgment Case to this Court when it remanded the matter back to the State Court soon after the matter was removed to this Court. The

Debtor argues that the Court is now deprived of jurisdiction to consider the Settlement Procedure

Motion in light of the prior remand of the Removed Adversary Proceeding.

## III.   ANALYSIS

At this juncture, the Trustee is not seeking the approval of specific terms of a compromise

with the King Parties.  Rather, in light of the exceptional posture of these proceedings due to the

entry of the Alter Ego Order, the Trustee is seeking authorization to negotiate with the King Parties

to attempt a resolution of the Redemption Claim.  *See In re Fairpoint Commun.., Inc.*, No. 09-

16335(BRL), 2009 WL 10816988 (Bankr. S.D.N.Y Dec. 4, 2009) (approving a motion to establish

settlement procedures and requiring further notice of the settlement of certain types of claims).  In

exchange, the King Parties and the Trustee will dismiss without prejudice the remaining claims in

the King Declaratory Judgment Complaint, the Trustee will toll the statute(s) of limitation

applicable to the Redemption Claim, and if negotiations are not successful, the King Parties will

refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days of

the date of entry of this Order.  Conversely, and although not expressly stated in the Settlement

Procedure Motion, the successful resolution of the Redemption Claim will be subject to approval

by this Court pursuant to the legal standard applicable to motions seeking the approval of a

compromise or settlement under Bankruptcy Rule 9019, as articulated by this Court in *In re Final

Analysis, Inc.*, 417 B.R. 332 (Bankr. D. Md. 2009), after notice and an opportunity to be heard is

provided to all parties interest.

Preliminarily, the Court will dispose of the Trustee's argument that the Debtor does not

have standing to oppose the Settlement Procedure Motion under the legal principle espoused in

*Willemain v. Kivitz.*  In that case, the Court held that an insolvent Chapter 7 debtor is not a party

in interest and thus lacks standing to challenge a trustee's motion to sell "because he ha[s] no

pecuniary interest in the distribution of his assets among his creditors." *Willemain v. Kivitz*, 764 F.2d at 1022. Prior to entry of the Alter Ego Order, the Debtor's bankruptcy estate was unquestionably insolvent as detailed in the Trustee's Status Report filed on April 20, 2021 [Dkt. No. 930]. Nevertheless, there is a possibility that Serv Trust's assets, which now belong to the Debtor's bankruptcy estate, may bring significant value to the estate and render it solvent. Although the Court recognizes that this is highly unlikely, out of an abundance of caution, the Court will allow the Debtor to be heard with regard to the Settlement Procedure Motion and will consider the merits of the Motion to Strike.

The Debtor has objected to the Settlement Procedure Motion on numerous grounds, none of which are persuasive. Procedurally, the Trustee may pursue settlement of the Redemption Claim through a motion pursuant to Bankruptcy Rule 9019(a), which provides that "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Moreover, in the event the Trustee ultimately seeks the recovery of property from Serv Trust, which is now considered property of the Debtor's estate pursuant to the Alter Ego Order, Bankruptcy Rule 7001(1) provides that "a proceeding to recover money or property, *other than a proceeding to compel the debtor to deliver property to the trustee*" is an adversary proceeding. Fed. R. Bankr. P. 7001 (*emphasis added*). Thus, the recovery of property from Serv Trust would not be an adversary proceeding and would not require a complaint under Bankruptcy Rule 7003. Furthermore, the settlement of the Redemption Claim constitutes a "core proceeding" under several subparagraphs of Section 157(b)(2) of Title 28 of the United States Code, including (2)(A) (matters concerning the administration of the estate), (2)(C) (counterclaims by the estate against persons filing claims against the estate), (2)(E) (orders to turn over property of the estate), and (2)(O) (other proceedings affecting the liquidation of the assets of the estate).

28 U.S.C. § 157(b)(2). As a core proceeding, the Debtor's consent to entry of a final judgment is not necessary. Moreover, entry of this Order is not a final judgment for purposes of finality as it only approves settlement procedures.

The Debtor argues that the beneficiaries of Serv Trust are required to be joined as defendants in this matter. The Debtor is incorrect. The beneficiaries of Serv Trust are no longer beneficiaries of Serv Trust because, pursuant to the Alter Ego Order, "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]." Alter Ego Order, at p. 2. Therefore, the named beneficiaries are not required to be joined as defendants in an adversary proceeding or named as respondents in any contested matter. The time for the named beneficiaries to assert any rights to the assets of Serv Trust or to otherwise intervene in the State Court Case was prior to the State Court's determination that Serv Trust is the alter ego of the Debtor. Moreover, Serv Trust need not be in bankruptcy and the fact that the Debtor was not a settlor or beneficiary is irrelevant because Serv Trust has been determined to be the Debtor's alter ego and the Serv Trust's assets are subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a).

The Debtor's argument that the King Parties do not have standing to appear in this Court also fails. The Trustee filed the Settlement Procedure Motion to resolve a potential claim between the bankruptcy estate and the King Parties. Standing of the King Parties is irrelevant to the Settlement Procedure Motion – the Trustee, as the administrator of the Debtor's bankruptcy estate, certainly has standing to settle any claim against or held by the bankruptcy estate. *See Dimeglio v. Haines*, No. CIV. Y-93-2656, 1999 WL 1489197, at *2 (D. Md. Dec. 28, 1999) ("The bankruptcy trustee succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed" and "[o]nce the petition is filed, only the trustee has authority to settle or release

such claims."). Nevertheless, the King Parties became potential creditors of the Debtor upon entry of the Alter Ego Order – long after the claims bar date. Therefore, the King Parties have standing to assert any claims against the Debtor in this Court, are irrefutably parties in interest to this proceeding, and must be given an opportunity to assert their claims against the bankruptcy estate.

Contrary to the Debtor's assertion, the Settlement Procedure Motion is not seeking an advisory opinion from the Court. The Settlement Procedure Motion is the mechanism by which the Trustee is seeking authority to resolve a stayed cause of action in the State Court as contemplated by the Abstention Order.

The Debtor disputes the jurisdiction of the State Court to enter the Alter Ego Order because the King Parties did not obtain leave from this Court to sue the Trustee in the King Declaratory Judgment Case. The Debtor's argument fails. "In *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881), the Supreme Court held that 'before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver.'" *Conway v. Smith Dev., Inc.*, 64 F.4th 540, 542 (4th Cir. 2023) (quoting *McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012)). This doctrine, which is commonly called the "Barton Doctrine," has been extended to suits against bankruptcy trustees and their attorneys. *See Conway v. Smith Dev.*, 64 F.4th at 542. Here, the Trustee was named as a nominal defendant in the King Declaratory Judgment Case. He is not being sued for any act committed in his official capacity as Trustee of the Debtor's bankruptcy estate. Accordingly, the Barton Doctrine is not applicable to this matter.

The Debtor also argues that the refusal of the State Court to enter the proposed order submitted by the King Parties, which included language that Serv Trust's assets belong to the Debtor's bankruptcy estate, instead of the Alter Ego Order is proof that the State Court did not

determine that Serv Trust's assets belong to the Debtor's bankruptcy estate. It is unclear why the State Court did not enter the proposed order submitted by the King Parties, but the effect of the Alter Ego Order is clear. The law dictates that the Alter Ego Order vested all of Serv Trust's assets in the Debtor's bankruptcy estate pursuant to Section 541(a), and those assets are subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323(a). The Alter Ego Order need not explicitly state that Serv Trust's assets now belong to the Debtor's bankruptcy estate subject to the Trustee's control for it to be true.

The Debtor further contends that this Court does not have jurisdiction to consider the Settlement Procedure Motion because of the ongoing appeal of the Serv Trust Adversary Proceeding. The Court agrees with the Debtor that, ordinarily, the filing of a notice of appeal divests the bankruptcy court of jurisdiction with regard to the matter being appealed. *Videsh Sanchar Nigam Ltd. v. Startec Global Comm's Corp. (In re Startec Global Comm's Corp.)*, 303 B.R. 605, 607 (D. Md. 2004); *In re Bradshaw*, 284 B.R. 520, 523 (Bankr. D. Mass. 2002). Here, however, the pending appeal of the judgment avoiding Serv Trust's alleged lien in the Lot 6 proceeds which, the Court notes, was entered with Serv Trust's consent through its former counsel, is wholly unrelated to the King Declaratory Judgment Case and the potential settlement of the Redemption Claim.

The Debtor argues that the Trustee has misconstrued or mischaracterized the holding of the Alter Ego Order and that he is using the Settlement Procedure Motion as a means to "steal" Serv Trust's property. It is the Debtor, however, who is misconstruing the Alter Ego Order. As previously stated, the Alter Ego Order specifically determined that "Serv Trust is, and as of November 18, 2015 was, the alter ego of [the Debtor], pursuant to Maryland law" and further determined that "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]." Alter Ego

Order at p. 2. Thus, there are no assets belonging to Serv Trust for the Trustee to "steal" because Serv Trust was deemed the alter ego of the Debtor and all of its assets now belong to the Debtor's bankruptcy estate subject to administration by the Trustee. Moreover, the Debtor is incorrect in his argument that the Alter Ego Order has no force or effect because it is not a final judgment under Maryland Rule 2-602. The Alter Ego Order may not have disposed of the entire King Declaratory Judgment Case, but interlocutory orders are still orders of the court with full force and effect albeit subject to revision until entry of a final judgment adjudicating all of the claims by and against all of the parties. *See* Maryland Rule 2-602(a)(3) (an order that does not adjudicate all claims in the action is subject to revision any time before entry of judgment adjudicating all claims of the parties).

The Debtor argues that an order sustaining the Debtor's objection to the King Parties' claim entered on June 29, 2021 in the Debtor's bankruptcy case in the United States Bankruptcy Court for the Middle District of Florida is *res judicata* as to any claim the King Parties might have against the Debtor. Again, however, the Debtor misconstrues the impact of the Alter Ego Order, which was entered on January 12, 2023 – after entry of the order sustaining the Debtor's claim objection and, the Court notes, after the dismissal of the Florida bankruptcy case.[10] Any claim the King Parties may have against the Debtor arose upon entry of the Alter Ego Order and would not be barred by an order entered 18 months earlier under significantly different facts.

The Debtor argues that the State Court had no authority to determine that the State Court Case was stayed upon entry of the Alter Ego Order because the automatic stay was terminated in

---

[10] The Debtor filed the Florida bankruptcy case (Case No. 2:21-bk-00123-FMD) on January 28, 2021. The Florida Bankruptcy Court dismissed that case on January 20, 2023 and set forth its reasons for dismissal in a Memorandum Opinion Denying Confirmation and Dismissing Case [Case No. 2:21-bk-00123-FMD, Dkt. No. 368].

the Debtor's bankruptcy case in 2018 for all purposes and only this Court has the authority to reimpose the automatic stay. A state court has concurrent jurisdiction with bankruptcy courts to determine the applicability of the automatic stay:

> The State court may not grant relief from the stay – that is a matter committed exclusively to the Bankruptcy Court – but it may, when presented with the issue, determine whether, factually or legally, a stay is in effect and whether a particular action it is about to take or has already taken is subject to such a stay. Those determinations are, of course, reviewable on appeal.

*Klass v. Klass*, 377 Md. 13, 21 (2003).

Moreover, the Abstention Order entered in the Goldsboro Adversary Proceeding specifically provided that the State Court could determine whether Serv Trust is the alter ego of the Debtor in connection with the King Declaratory Judgment Case, and if such a determination was made, then the parties could come back to the bankruptcy court to determine a course of action. The Abstention Order further stated: "If the State Court determines that the automatic stay is applicable based on the relationship between the Debtor and Serv Trust, then the matter will be stayed and the parties can come back to this Court to figure out how to proceed." Abstention Order at p. 4. This is exactly what has happened – the State Court determined that Serv Trust is the alter ego of the Debtor so the parties are now back before this Court seeking authority to resolve the remaining Redemption Claim.

The Debtor did not explain his statement that the automatic stay arising in his case terminated for all purposes in 2018. The Court suspects he is referring to when he was denied a discharge in this case. Although the stay of any act against the Debtor, personally, was lifted upon the denial of the Debtor's discharge, Section 362(c) of the Bankruptcy Code provides that "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1).

Lastly, the Debtor argues that the Settlement Procedure Motion is not a proper exercise of the Trustee's business judgment and falls below the lowest point in the range of reasonableness because it is fraudulent. This argument is premature (and, as set forth above, the Trustee is acting within the scope of his authority in filing the Settlement Procedure Motion and therefore is not committing fraud). As previously explained, the Settlement Procedure Motion is not seeking approval of specific settlement terms. It merely seeks approval of the procedural mechanism through which the Trustee and the King Parties are going to pursue resolution of the Redemption Claim. If a resolution is reached, the parties will be required to file a further motion seeking Court approval of any proposed compromise under Bankruptcy Rule 9019. At that time, the Court will consider the reasonableness of any proposed settlement and all parties in interest will be given an opportunity to object and be heard.

Having disposed of all of the Debtor's arguments in opposition to the Settlement Procedure Motion, there is no basis to entertain the Debtor's request that the Trustee show cause why sanctions should not be imposed for filing the Settlement Procedure Motion. The Debtor's request is categorically denied.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the Settlement Procedure Motion is granted; and it is further

ORDERED, that the proposed compromise and settlement procedure described in the Settlement Procedure Motion and related notice is approved; and it is further

ORDERED, that the Trustee and the King Parties may proceed to negotiate a resolution of the Redemption Claim and any proposed settlement is subject to notice to all parties in interest and approval by this Court in accordance with Bankruptcy Rule 9019; and it is further

ORDERED, that the Debtor's request for an order directing the Trustee to show cause why

sanctions should not be imposed against him for filing the Settlement Procedure Motion is denied;

and it is further

ORDERED, that the deadline for the King Parties to file a proof of claim against the

bankruptcy estate is 30 days from the date on which this Order is entered.

cc:    Debtor – Gregory B. Myers, 750 Gulf Shore Boulevard North, Naples, FL 34102
       Debtor – Gregory B. Myers, 4505 Wetherill Road, Bethesda, MD 20816
       Movant – Roger Schlossberg, Chapter 7 Trustee
       Movant's Counsel – Frank J. Mastro, counsel for Chapter 7 Trustee
       United States Trustee – Lynn A. Kohen
       Other – Barbara Ann Kelly, 750 Gulf Shore Boulevard North, Naples, FL 34102
       Other – Barbara Ann Kelly, 4505 Wetherill Road, Bethesda, MD 20816
       All creditors and other parties in interest

**END OF ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                                          )
GREGORY B. MYERS,                               )    Case No. 15-26033-MCR
Debtor.                                         )    (Chapter 7)
                                                )

## MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST

TO THE HONORABLE MARIA ELLENA CHAVEZ-RUARK, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Roger Schlossberg, the Chapter 7 Trustee herein (the "Trustee"), by his undersigned counsel, and in support of the instant *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* hereby respectfully represents as follows:

1.      As is set forth in the *Notice of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* filed contemporaneously herewith (the "*Notice*"), the Trustee proposes to enter into a compromise and settlement of a pending dispute with the parties named therein. The background of said dispute and the specific terms and conditions of said proposed compromise and settlement are more particularly set forth in said *Notice*. A copy of said *Notice* is attached hereto and incorporated by reference herein as *Exhibit 1*.

2.      Pursuant to the provisions of Bankruptcy Rules 9019 and 2002, the *Notice* has been forwarded to all parties-in-interest herein as appears by reference to the *Certificate of Service* also filed contemporaneously herewith.

3.      If said proposed compromise and settlement is approved by this Court, the parties respectfully submit that this Court should entertain and enter an *Order* in substantially that form attached to the *Notice*.

4.      The parties believe that the above-described proposed compromise and settlement is in the best interests of all parties-in-interest herein and should be approved by the Court.

WHEREFORE, the Trustee respectfully requests that the proposed compromise and settlement be APPROVED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By:___*/s/ Frank J. Mastro*_____
       Frank J. Mastro #24679
       Roger Schlossberg
       P.O. Box 2067
       Hagerstown, Maryland 21742
       (301) 739-8610
       fmastro@schlosslaw.com
       rschlossberg@schlosslaw.com
       *Attorneys for Trustee*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this *7th* day of *February 2023*, a copy of the foregoing *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* was served upon all parties listed on the attached CMECF Mail List (via electronic mail to those parties listed on the Electronic Mail Notice List and via first-class mail postage prepaid to those parties listed on the Manual Notice List), and upon the following parties via first-class, postage prepaid mail:

Maurice B. Verstandig, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorneys for Brian King, Cristina King, and the Cristina and Brian King Children's Trust*

and via first class, postage prepaid mail upon:

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, FL 34102
gregbmyers@verizon.net
*Debtor*

Benjamin Andres
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702

Bradford F. Englander
Whiteford Taylor & Preston, LLP
3190 Fairview Park
Suite 800
Falls Church, VA 22042

H. Jason Gold
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW
Suite 900
Washington, DC 20001

Hunter Harman
Berkshire Hathaway Home Services
Beach Properties of FL
2063 Highway 395 South
Santa Rosa Beach, FL 32459

IPFS Corporation
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

Barbara Ann Kelly
4505 Wetherill Rd.
Bethesda, MD 20816

Michael K. Myers
7728 Lee Avenue
Alexandria, VA 22308

Serv Trust
3158 Bravertown Street
Suite 206
Edgewater, MD 21037

Tenants by the Entirety
Roger Charles Simmons
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

_____/s/ Frank J. Mastro_____
Frank J. Mastro

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br>GREGORY B. MYERS<br><br>Debtor. | )<br>) Case No. 15-26033-MCR<br>)<br>) (Chapter 7)<br>) |

## NOTICE OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST

TO ALL PARTIES-IN-INTEREST:

PLEASE TAKE NOTE that Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), contemporaneously has filed his *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (the "*Settlement Motion*") seeking authority to compromise and settle the following described matter upon those terms and conditions hereinafter noted.

### Background

Gregory B. Myers ("the Debtor" or "Myers") filed a voluntary Chapter 11 bankruptcy petition on November 18, 2015 ("the Petition Date"). The Debtor remained in possession of the estate's assets and managed its financial affairs until February 22, 2017, when the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code . The Trustee thereafter was duly appointed as the Chapter 7 Trustee herein.

In 2017, the Trustee was named as a nominal defendant in the matter of *Brian King, et al. v. Serv Trust, et al.*, Case No. 439677-V (the "King Case"), in the Circuit Court for Montgomery County, Maryland ("the State Court"), a case which subsequently was consolidated with the related matter of *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 451611-V (the "Goldsboro Case";

1

collectively, the King Case and Goldsboro Case are hereafter referred to as "the State Court Cases"). Each of the State Court Cases concerns claims against Serv Trust, with the Goldsboro Case also concerning a claim against the Debtor.

In the King Case, which was designated the "lead" case in the State Court, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Parties") sought declaratory judgments that Serv Trust, a Maryland statutory trust, is the alter ego of the Debtor and, further, that Serv Trust's interest in 6789 Goldsboro LLC ("Goldsboro") has been redeemed by operation of the entity's governing documents.

In the Goldsboro Case, Goldsboro sued both Serv Trust and the Debtor for the alleged breach of a promissory note and guaranty, respectively, and sought an award of monetary damages in excess of $1 million, including accrued interest.[1] The Goldsboro Case originally was brought as an adversary proceeding in this Court, *see 6789 Goldsboro LLC v. Myers, et al.*, Adv. No. 18-407, but this Court entered an *Order of Abstention* on January 30, 2019 which ultimately led to the matter being refiled in State Court.

A trial in the consolidated State Court Cases was scheduled to commence on Tuesday, January 3, 2023, the first business day of the New Year. However, at approximately 4:30 p.m. on Friday, December 30, 2022 – just minutes before the close of business on the last business day

---

[1] The Debtor, in his then-capacity as a co-trustee of Serv Trust, requested that Goldsboro make pre-petition loans totaling $635,000 to Serv Trust, which then forwarded the funds to the Debtor and his wife. On May 18, 2015, in connection with the foregoing loans, Serv Trust executed a Promissory Note in favor of Goldsboro while the Debtor executed a Guaranty Agreement in which he guaranteed Serv Trust's repayment of the loans made by Goldsboro. The Debtor, however, did not list Goldsboro as an unsecured creditor when he filed his bankruptcy petition six months later; which omission was one of the grounds upon which this Court denied a discharge to the Debtor under 11 U.S.C. § 727(a)(4)(A). *See In re Myers*, 2018 WL 4701387, *8 (Bankr. D. Md. Sept. 28, 2018) ("It is not believable that [the Debtor] simply forgot to include his largest unsecured creditor in the first several versions of his schedules when he had executed a personal guarantee in favor of that creditor six months prior to filing for bankruptcy and was requesting advances from the creditor up to and after filing his petition.").

2

before trial – the Debtor filed a notice of removal purporting to remove the action to the U.S. Bankruptcy Court for the Middle District of Florida, where the Debtor's later-filed and separate Chapter 13 case was pending at the time.[2] The King Parties immediately filed an emergency motion to remand noting the various infirmities and inherent bad faith associated with Debtor's attempted removal at the eleventh-hour. On the morning of January 3, 2023, the Florida bankruptcy court remanded the case back to the Circuit Court for Montgomery County in time to allow for the trial of the State Court Cases to proceed as scheduled.

Following the conclusion of the trial on January 3, 2023 – at which evidence was presented showing that, *inter alia*, the Debtor and his wife received the extraordinary sum of $1,217,675.00 out of the $1,371,271.58 distributed by Serv Trust between March 10, 2011 and January 6, 2018 – or more than 88% thereof – the State Court adjudicated Serv Trust to be the alter ego of the Debtor as of and subsequent to the Petition Date. In a subsequent written order entered on January 12, 2023, the State Court memorialized its ruling, holding, *inter alia*, that "Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory B. Myers" and that "Serv Trust is a disregarded entity, being the alter ego of Mr. Myers." *See Order Entering Partial Judgment and Stay* (the "State Court Order"), attached hereto as *Exhibit 1*.

In its ruling, the State Court stayed all further proceedings in the State Court Cases as its determination that Serv Trust is the alter ego of the Debtor necessarily rendered the automatic stay of 11 U.S.C. § 362(a) effective as to all remaining causes of action therein. The State Court reasoning that, in light of its alter ego ruling, all claims against Serv Trust must be construed as

---

[2] The Debtor's Florida bankruptcy case ultimately was dismissed on January 20, 2023. On that day, the U.S. Bankruptcy Court for the Middle District of Florida *sua sponte* entered an order which denied confirmation of the Debtor's proposed Chapter 13 plan, dismissed his Chapter 13 case with prejudice, and imposed a two-year ban against refiling, following the court's determination that Myers filed his Chapter 13 case in bad faith (as a tactic to delay and frustrate his creditors rather than as a means to repay them). *See In re Myers*, 2023 WL 350183 (Bankr. M.D. Fla. Jan. 20, 2023).

claims against the Estate. *Id*. Thus, the King Parties' remaining claim against Serv Trust, which seeks a declaration regarding the alleged redemption of Serv Trust's interest in Goldsboro, is stayed by operation of 11 U.S.C. § 362(a) (as are Goldsboro's claims against Serv Trust in the Goldsboro Case along with its previously stayed claim therein against the Debtor).

Further, as a matter of law, immediately upon entry of the State Court Order, Serv Trust and all of its assets became property of the Debtor's bankruptcy estate herein ("the Estate"), pursuant to 11 U.S.C. § 541(a), subject to administration by the Trustee as the sole legal representative of the Estate pursuant to 11 U.S.C. § 323. The State Court Order has not been stayed and remains in full force and effect. *See* Md. Rule 2-632. Thus, the Trustee is now the sole person empowered to act with respect to the remaining claims against Serv Trust in the State Court Cases, which are now construed as claims against the Estate.

In consideration of the interests of this Court and all creditors of the Debtor in the important outcome of the remaining claim in the King Case, the Trustee would prefer to litigate the balance of the King Case in this Court and the King Parties have expressed that they are amenable to such an outcome. However, notwithstanding that the remaining claim against Serv Trust in the King Case became a claim against the Estate only as of January 12, 2023, the Trustee likely will not be able to effect a removal of the King Case to this Court.[3] Despite the apparent bar prohibiting removal of the existing King Case to this Court, the Trustee has engaged in negotiations with the King Parties in an attempt to craft a creative solution to the above-described procedural

---

[3] Although this Court would have jurisdiction under 28 U.S.C. § 1452, removal would be timely only if the time period for removal set forth in § 1446(b)(3) would apply. However, the Trustee believes it more likely that the time period set forth in Fed. R. Bankr. P. 9027(a)(3) would apply to make any attempted removal untimely. Although a small minority of jurisdictions have applied § 1446 rather than Rule 9027, *see* Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!*, 27 Cumb. L. Rev. 1027 (1997), this Court and many others have favored the application of Rule 9027. *See, e.g., Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009); Patricia C. Williams and Keller W. Allen, *Removal of State Court Cases to Bankruptcy Court*, 27 Gonz. L. Rev. 129 (1991).

4

conundrum. As a result of those negotiations, said parties now have agreed to the following compromise and settlement, subject to notice to creditors and approval by the Court, on the terms and conditions described below.

### Proposed Compromise and Settlement

The Trustee and the King Parties have agreed as follows:

(1)    The King Parties and the Trustee shall jointly file a stipulation in the King Case pursuant to which the King Parties will dismiss without prejudice their remaining claim against Serv Trust regarding the alleged redemption of Serv Trust's interest in Goldsboro ("the Redemption Claim").

(2)    In consideration of the foregoing dismissal, the Trustee agrees to toll the statute(s) of limitation applicable to the Redemption Claim *nunc pro tunc* to September 14, 2017, the date the King Case was filed in the State Court.

(3)    The King Parties and the Trustee further agree to endeavor in good faith to negotiate a resolution to the Redemption Claim and, if negotiations are not successful, the King Parties shall refile the Redemption Claim as an adversary proceeding in this Court within thirty (30) days after the entry of an order approving this settlement.

### Trustee's Recommendation

The Trustee, in the sound exercise of his judgment, believes that the proposed compromise is in the best interest of the Estate and all interested parties herein. The proposed compromise affords the Trustee time to become familiar with the Redemption Claim and to potentially negotiate a resolution of the same (subject, of course, to notice to creditors and approval by this Court), which could yield significant income for the Estate. Even if a resolution is not reached, the Redemption Claim will be litigated in the Estate's preferred forum. The Trustee does not perceive

that any harm to the Estate will result from the proposed compromise. Therefore, the Trustee strongly recommends approval of this proposed compromise and settlement.

### Manner of Objection

Parties in interest objecting to the proposed action by the Trustee are to file such Objections in writing with the United States Bankruptcy Court, 6500 Cherrywood Lane, Suite 300, Greenbelt, Maryland 20770, by not later than twenty-one (21) days after the date of this Notice; with a copy of said Objection to be provided to the undersigned by the same date. Objections must specifically state the factual and legal grounds upon which such Objection is based. Hearings may be held before the United States Bankruptcy Court upon any such Objections as are filed, or the Court may determine the matter without a hearing. Further, the Court may conduct a hearing in its discretion regardless of whether any Objections are filed. Any party in interest filing an Objection may be required to be present at such hearing as may be held. If no Objection is filed within the period above-provided, the Court will proceed to consider the Debtor's proposed compromise and settlement as above-proposed without further notice to parties in interest. Parties in interest desiring further information should consult the Court file or communicate with the undersigned.

Date: February 7, 2023

Respectfully submitted,

SCHLOSSBERG | MASTRO

By:___*/s/ Frank J. Mastro*_____
　　　Frank J. Mastro #24679
　　　Roger Schlossberg
　　　P.O. Box 2067
　　　Hagerstown, MD 21742
　　　(301) 739-8610
　　　fmastro@schlosslaw.com
　　　rschlossberg@schlosslaw.com
　　　*Attorneys for Trustee*

6

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| BRIAN KING, *et al.* | : | |
| Plaintiffs, | : | |
| | : | Case No. 436977-V |
| v. | : | |
| SERV TRUST, *a Maryland Statutory Trust, et al.* | : | **Entered: Clerk, Circuit Court for Montgomery County, MD January 12, 2023** |
| Defendants. | : | |

| | | |
|---|---|---|
| 6789 GOLDSBORO ROAD LLC, | : | |
| Plaintiff, | : | |
| | : | Case No. 451611-V |
| v. | : | (Consolidated) |
| SERV TRUST, *et al.* | : | |
| Defendants | : | |

### ORDER ENTERING PARTIAL JUDGMENT AND STAY

Upon consideration of the evidence adduced at a trial of this matter on January 3, 2023 (the "Trial"), the arguments of counsel for various represented parties at said trial, the record herein, and governing law, it is, by the Circuit Court for Montgomery County, Maryland, hereby:

ORDERED, pursuant to Maryland Rule 2-519, and for those reasons stated on the record at the Trial, that judgment be entered in favor of Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties"), and against Serv Trust, on all claims set forth in the Second Amended Counterclaim filed by Serv Trust herein; and it is further

ORDERED, for those reasons stated on the record at the close of Trial, that judgment be entered in favor of the King Parties on Count II of the First Amended Complaint for Declaratory Judgment (the "Alter Ego Declaratory Claim"); and it is further

FOUND AND ADJUDGED, for those reasons stated on the record at the close of Trial,

1

that Serv Trust is regarded herein as a statutory trust under the doctrine of judicial admission; and it is further

FOUND AND ADJUDGED, pursuant to the Alter Ego Declaratory Claim, and for those reasons stated on the record at the close of Trial, that Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory B. Myers ("Mr. Myers"), pursuant to Maryland law; and it is further

FOUND AND ADJUDGED, pursuant to the Alter Ego Declaratory Claim, and for those reasons stated on the record at the close of Trial, that Serv Trust is a disregarded entity, being the alter ego of Mr. Myers; and it is further

FOUND AND ADJUDGED, pursuant to the Alter Ego Declaratory Claim, and for those reasons stated on the record at the close of Trial, that inasmuch as Serv Trust is the alter ego of Mr. Myers, all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code, with all such proceedings constituting proceedings within the scope of those set forth in Section 157(b) of Title 28 of the United States Code; and it is further

ORDERED, that all remaining matters in this case are accordingly stayed pending the first to occur of (i) the above-captioned proceeding being removed to the United States Bankruptcy Court for the District of Maryland; (ii) a court of competent jurisdiction affording relief from the stay set forth in Section 362 of Title 11 of the United States Code; or (iii) the occurrence of other events constituting a termination of the stay provided for in Section 362 of Title 11 of the United States Code.

1-9-2023
Dated

Hon. David W. Lease, JUDGE
Circuit Court for Montgomery County

Entered: Clerk, Circuit Court for
Montgomery County, MD
January 12, 2023

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:                                    )
GREGORY B. MYERS,                         )    Case No. 15-26033-MCR
                                          )
    Debtor.                               )    (Chapter 7)
                                          )

## ORDER APPROVING COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST

Upon consideration of the *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* (the "*Motion*"), and it appearing to the Court that proper notice of said proposed compromise and settlement has been forwarded to all parties-in-interest herein as required by Bankruptcy Rule 2002, and no objection to said proposed compromise and settlement having been filed in response thereto, and it appearing that the proposed compromise and settlement is in the best interests of all parties-in-interest herein and should be approved by the Court; and

It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the *Motion* be, and the same hereby is, **GRANTED**; and it is further

**ORDERED**, that the proposed compromise and settlement as described in the *Motion* be,

and the same hereby is, **APPROVED**.

## END OF ORDER

cc:   Roger Schlossberg, Esq.
Frank J. Mastro, Esq.
Maurice B. Verstandig, Esq.
Gregory B. Myers
Office of the U.S. Trustee
All persons requesting notice

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: | ) |
| GREGORY B. MYERS, | ) Case No. 15-26033-MCR |
| Debtor. | ) (Chapter 7) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 7th day of February 2023, a copy of the *Notice of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* was sent to all of the parties listed on the attached CMECF Mail List (via electronic mail to those individuals listed on the Electronic Mail Notice List and via first-class mail postage prepaid to those individuals listed on the Manual Notice List) as indicated below as well as via first-class mail, postage prepaid to all parties listed on the attached Mailing Matrix as filed in these proceedings.

Maurice B. Verstandig, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorneys for Brian King, Cristina King, and
the Cristina and Brian King Children's Trust*

and via first class, postage prepaid mail upon:

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, FL 34102
gregbmyers@verizon.net
*Debtor*

Benjamin Andres
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702

Bradford F. Englander
Whiteford Taylor & Preston, LLP
3190 Fairview Park
Suite 800
Falls Church, VA 22042

H. Jason Gold
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW
Suite 900
Washington, DC 20001

Hunter Harman
Berkshire Hathaway Home Services
Beach Properties of FL
2063 Highway 395 South
Santa Rosa Beach, FL 32459

IPFS Corporation
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

Barbara Ann Kelly
4505 Wetherill Rd.
Bethesda, MD 20816

Michael K. Myers
7728 Lee Avenue
Alexandria, VA 22308

Serv Trust
3158 Bravertown Street
Suite 206
Edgewater, MD 21037

Tenants by the Entirety
Roger Charles Simmons
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

Respectfully submitted,

SCHLOSSBERG | MASTRO

By:___*/s/ Frank J. Mastro*___

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, Maryland 21742
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Trustee*

## Mailing Information for Case 15-26033

**Electronic Mail Notice List** - Parties in the case only

- **Virginia W. Barnhart** Virginia.Barnhart@wbd-us.com, carmen.cisneros@wbd-us.com
- **Hugh M. (UST) Bernstein** hugh.m.bernstein@usdoj.gov
- **Kristine D Brown** LOGSECF@logs.com
- **Daniel R Fogarty** dfogarty.ecf@srbp.com
- **Christopher C. Fogleman** cfogleman@gleason-law.com, sgreen@gleason-law.com;pmorse@gleason-law.com
- **Leah Christina Freedman** bankruptcy@bww-law.com, leah.freedman@bww-law.com
- **Daniel A. Glass** dglass@eckertseamans.com
- **Steven L. Goldberg** sgoldberg@mhlawyers.com, dmoorehead@mhlawyers.com;sgoldberg@ecf.inforuptcy.com;Goldberg.SteveR92003@notify.bestcase.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com
- **Daniel Hodges** hodges@ewmd.com
- **Gregory P. Johnson** gjohnson@offitkurman.com, jjenkins@offitkurman.com
- **Susan J. Klein** sklein@ffhlaw.com, lramsey@ffhlaw.com
- **Lynn A. Kohen** lynn.a.kohen@usdoj.gov
- **Kimberly Brooke Lane** kbritt@ecu.org
- **Richard Edwin Lear** richard.lear@hklaw.com, kimi.odonnell@hklaw.com;hapi@hklaw.com
- **Frank J. Mastro** fmastro@schlosslaw.com
- **Stephen A. Metz** smetz@offitkurman.com, mmargulies@offitkurman.com
- **Valerie P. Morrison** val.morrison@nelsonmullins.com, robert.ours@nelsonmullins.com;Dylan.trache@nelsonmullins.com;Jason.gold@nelsonmullins.com
- **Jeffrey M. Orenstein** jorenstein@wolawgroup.com
- **Craig Palik** cpalik@mhlawyers.com, dmoorehead@mhlawyers.com;cpalik@ecf.inforuptcy.com;Palik.CraigR92003@notify.bestcase.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com
- **Eric Pelletier** epelletier@offitkurman.com, dramos@offitkurman.com
- **Daniel J. Pesachowitz** dpesacho@siwpc.com, rjones@siwpc.com;bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com
- **Douglas B. Riley** driley@baldwin-seraina.com
- **John Allen Roberts** jaroberts@semmes.com, cdavis@semmes.com
- **Roger Schlossberg** trustee@schlosslaw.com, MD20@ecfcbis.com
- **Roger Schlossberg** bkcreditor@schlosslaw.com, jkemmerer@schlosslaw.com
- **Roger Charles Simmons** rsimmons@gordonsimmons.com, dwise@gordonsimmons.com;jdziubla@gordonsimmons.com
- **Andrew Leonard Spivack** andrew.spivack@brockandscott.com, wbecf@brockandscott.com
- **Paul Sweeney** psweeney@yvslaw.com, jbeckman@yvslaw.com;pgomez@yvslaw.com;cadams@yvslaw.com;yvslawcmecf@gmail.com;sweeneypr39990@notify.bestcase.com;hopkincr39990@notify.bestcase.com;vmichaelides@yvslaw.com
- **Diana C. Theologou** dtheologou@mtglaw.com
- **US Trustee - Greenbelt** USTPRegion04.GB.ECF@USDOJ.GOV
- **Diana Carolina Valle** diana.valle@vallelawfirm.com
- **Maurice Belmont VerStandig** mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com
- **Joshua Welborn** bankruptcymd@mwc-law.com, ftr432@aol.com
- **Frances Charlotte Wilburn** fwilburn@offitkurman.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Benjamin Andres**
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702

**Bradford F. Englander**
Whiteford Taylor & Preston, LLP
3190 Fairview Park
Suite 800
Falls Church, VA 22042

**H. Jason Gold**
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW
Suite 900
Washington, DC 20001

**Hunter Harman**
Berkshire Hathaway Home Services
Beach Properties of FL
2063 Highway 395 South
Santa Rosa Beach, FL 32459

**IPFS Corporation**
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

**Barbara Ann Kelly**
4505 Wetherill Rd.
Bethesda, MD 20816

**Gregory B Myers**
700 Gulf Shore Boulevard North
Naples, FL 34102

**Michael K. Myers**
7728 Lee Avenue
Alexandria, VA 22308

**Serv Trust**
3158 Bravertown Street
Suite 206
Edgewater, MD 21037

**Tenants by the Entirety**
Roger Charles Simmons
Gordon & Simmons, LLC

1050 Key Parkway, Suite 101
Frederick, MD 21702

**List of Creditors and Parties**

Back

Label Matrix for local noticing
0416-0
Case 15-26033
District of Maryland
Greenbelt
Sun Feb  5 07:50:31 EST 2023

6789 Goldsboro LLC
c/o Susan J. Klein, Esquire
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD 21202-3332

6789 Goldsboro LLC
3925 Beech Avenue
Baltimore, MD 21211-2200

Bank of America National Association
Attn: Jason Perkins, Esquire
Carlton Fields Jorden Burt
450 S. Orange Avenue, Suite 500
Orlando, FL 32801-3370

Bank of America Represented by:
Samuel I White, P.C.
611 Rockville Pike
Suite 100
Rockville, MD 20852-1178

Bank of America, N.A.
Treanor Pope & Hughes, P.A.
500 York Road
Towson, MD 21204-5103

Bank of America, N.A.
Wells Fargo Bank, N.A.
Attention:  Bankruptcy Department (MAC#O
3476 Stateview Boulevard
Fort Mill, SC 29715-7203

Virginia W. Barnhart
Womble Bond Dickinson (US) LLP
100 Light Street
26th Floor
Baltimore, MD 21202-1153

Hugh M.  (UST) Bernstein
Office of U.S. Trustee
101 W. Lombard Street
Suite 2625
Baltimore, MD 21201-2668

(p)U S SECURITIES AND EXCHANGE COMMISSION
ATLANTA REG OFFICE AND REORG
950 E PACES FERRY RD NE STE 900
ATLANTA GA 30326-1382

Kristine D Brown
Shapiro & Brown, LLP
10021 Balls Ford Road
Suite 200
Manassas, VA 20109-2666

Carlton Fields Jorden Burt
Attn: Jason Perkins, Esquire
450 S. Orange Avenue
Orlando, FL 32801-3383

Cheffy Passidomo
821 Fifth Avenue South
Suite 201
Naples, FL 34102-6621

(p)COMPTROLLER OF MARYLAND
BANKRUPTCY UNIT
301 W PRESTON ST ROOM 409
BALTIMORE MD 21201-2383

Crew & Crew, P.A.
238 Miracle Strip Parkway, SW
Fort Walton Beach, FL 32548-6619

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Bradford F. Englander
Whiteford Taylor & Preston, LLP
3190 Fairview Park
Suite 800
Falls Church, VA 22042-4558

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Christopher C. Fogleman
Gleason, Flynn, Emig, Fogleman & McAfee,
11 North Washington Street
Suite 400
Rockville, MD 20850-4278

Leah Christina Freedman
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852-3813

Daniel A. Glass
Eckert Seamans Cherin & Mellott
1717 Pennsylvania Avenue, NW
12th Floor
Washington, dc 20006-4614

Gleason, Flynn, Emig & Fogleman, Charter
Attn: Christopher Fogleman, Esq.
11 North Washington Street, Suite 400
Rockville, MD 20850-4278

Gleason, Flynn, Emig & Fogleman, Chartered
c/o Christopher C. Fogleman, Esquire
11 North Washington Street, Suite 400
Rockville, MD 20850-4278

H. Jason Gold
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW
Suite 900
Washington, DC 20001-2133

Steven L. Goldberg
McNamee Hosea et al.
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770-1405

Hunter Harman
Berkshire Hathaway Home Services
Beach Properties of FL
2063 Highway 395 South
Santa Rosa Beach, FL 32459-7191

(p)IPFS CORPORATION
30 MONTGOMERY STREET
SUITE 1000
JERSEY CITY NJ 07302-3836

JPMorgan Chase Bank, National Association
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave NW
Suite 900
Washington, DC 20001-2133

Joan C. Myers
13428 Cleveland Drive
Rockville, MD 20850-3603

Gregory P. Johnson
Offit Kurman, P.A.
8850 Stanford Boulevard
Suite 2900
Columbia, MD 21045-4793

Barbara Ann Kelly
4505 Wetherill Rd.
Bethesda, MD 20816-1836

Kenwood County Club
5601 River Road
Bethesda, MD 20816-1299

Kenwood Golf and Country Club
c/o Stephen F. Allen, Esq.
301 S. Frederick Avenue
Gaithersburg, MD 20877-2327

Susan J. Klein
Friedman, Framme & Thrush, P.A.
10461 Mill Run Circle, Ste. 550
Owings Mills, MD 21117-5555

Lynn A. Kohen
U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770-6305

Kimberly Brooke Lane
2021 Meadowview Ln.
Kingsport, TN 37660-7468

Richard Edwin Lear
Holland and Knight LLP
800 17th Street NW
Ste. 1100
Washington, DC 20006-3962

Mandell Menkes LLC
One North Franklin Street
Suite 3600
Chicago, IL 60606-3493

Frank J. Mastro
Schlossberg Mastro & Scanlan
P.O. Box 2067
Hagerstown, MD 21742-2067

McNamee Hosea Jernigan Kim Greenan & Lynch,
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770-1405

McNamee, Hosea, Jernigan, Kim, Greenan & Lyn
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770-1405

Michael K. Myers & Susan R. Myers
7728 Lee Avenue
Alexandria, VA 22308-1003

Valerie P. Morrison
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, N.W.
Suite 900
Washington, DC 20001-2133

Gregory B Myers
700 Gulf Shore Boulevard North
Naples, FL 34102-5325

Michael K. Myers
7728 Lee Avenue
Alexandria, VA 22308-1003

Navy Federal Credit Union
Herbert A. Rosenthal, Chartered
5101 Wisconsin Avenue, NW
Suite 210
Washington, DC 20016-4137

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119-3000

Offit Kurman, P.A.
c/o James M. Hoffman, Esquire
4800 Montgomery Lane
9th Floor
Bethesda, MD 20814-3429

Offit Kurman, P.A.
Attn: Miller John Poppleton, Esquire
8171 Maple Lawn Boulevard, Suite 200
Fulton, MD 20759-0001

Offit Kurman, P.A.
James M. Hoffman, Esq.
4800 Montgomery Ln 9th Fl
Bethesda, MD 20814-3429

Craig Palik
McNamee Hosea PA
6411 Ivy Lane
Suite 200
Greenbelt, MD 20770-1405

Daniel J. Pesachowitz
Samuel I. White PC.
6100 Executive Blvd.
Suite 400
Rockville, MD 20852-3959

Regions Bank
1900 Fifth Street
Birmingham, AL 35203-2670

Regions Bank
PO Box 216
Birmingham, AL 35201-0216

Regions Bank
Peter P. Hargitai, Esquire
Andrew J. Steif, Esquire
50 North Laura Street, Suite 3900
Jacksonville, FL 32202-3622

Douglas B. Riley
Baldwin Seraina LLC
111 S. Calvert Street
Suite 1805
Baltimore, MD 21202-6193

John Allen Roberts
Semmes, Bowen & Semmes, P.C.
25 South Charles Street, Suite 1400
Baltimore, MD 21201-2400

Roger Schlossberg
18421 Henson Boulevard
Suite 201
Hagerstown, MD 21742-1392

Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067

Seaside III Neighborhood Association, Inc
Attn: Seaside Town Council Inc.
P.O. Box 4957
Santa Rosa Beach, FL 32459-4957

Secretary of the Treasury
15th and Pennsylvania Ave., N.W.
Washington, DC 20220-0001

Select Portfolio Servicing, Inc.
C/O McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707-4808

Serv Trust
3158 Bravertown Street
Suite 206
Edgewater, MD 21037-2672

Specialized Loan Servicing, LLC
as Servicing Agent for Credit Suisse Fir
Luke Anthony McQueen
SIMPC
6100 Executive Blvd Ste. 400
Rockville, MD 20852-3959

Andrew Leonard Spivack
302 Fellowship Road
Suite 130
Mount Laurel, NJ 08054-1218

State of Maryland DLLR
Division of Unemployment Insurance
1100 N. Eutaw Street, Room 401
Baltimore, MD 21201-2226

SunTrust Bank
Randa S. Azzam
Samuel I. White, P.C.
611 Rockville Pike, Suite 100
Rockville, MD 20852-1178

SunTrust Mortgage, Inc.
c/o McCalla Raymer Pierce, LLC
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076-2102

Susan J. Klein, Esq.
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD 21202-3332

(p)YUMKAS VIDMAR SWEENEY & MULRENIN LLC
11825 WEST MARKET PLACE
2ND FLOOR
FULTON MD 20759-2592

Taxing Authority of Montgomery County
Division of Treasury
255 Rockville Pike, Ste. L-15
Rockville, MD 20850-4188

Tenants by the Entirety
Roger Charles Simmons
Gordon & Simmons, LLC
1050 Key Parkway, Suite 101
Frederick, MD 21702-4496

The Guardian Life Insurance Company of Ameri
c/o John AllenRoberts, Esquire
Semmes, Bowen & Semmes, P.C.
25 S. Charles Street, Suite 1400
Baltimore, MD 21201-2400

U.S. BANK NA.
SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA
James Gordon Bell
BWW Law Group
6003 Executive Blvd., Suite 101
Rockville, MD 20852-3813

U.S. Bank
as successor trustee to Bank of America
Daniel A. Glass
Eckert Seamans Cherin & Mellott
1717 Pennsylvania Ave., NW 12th Fl.
Washington, DC 20006-4614

U.S. Bank NA
Select Portfolio Servicing, Inc.
P.O. Box 65250
Salt Lake City, UT 84165-0250

U.S. Bank National Association
as Trustee and Wells Fargo Bank, N.A., t
c/o Douglas B. Riley, Esquire
Treanor Pope & Hughes, P.A.
500 York Road
Towson, MD 21204-5103

U.S. Bank National Association
as Trustee for Credit Suisse First Bosto
Douglas B. Riley
Treanor Pope & Hughes, P.A.
500 York Road
Towson, MD 21204-5103

U.S. Bank National Association
as Trustee for Credit Suisse First Bosto
Robyn Anne McQuillen
Shapiro & Brown, LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109-2666

U.S. Bank National Association
as Trustee for Credit Suisse First Bosto
Shapiro & Brown, LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109-2666

U.S. Bank National Association, as Trustee
America's Servicing Company
Attention: Bankruptcy Department (MAC#D
3476 Stateview Boulevard
Fort Mill, SC 29715-7203

U.S. Bank, NA, successor trustee to BANA, su
c/o Select Portfolio Servicing, Inc.
PO Box 65250, Salt Lake City, Utah 84165

U.S. Bank, as success trustee to BANA, succe
c/c Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, Utah 84165-0250

U.S. Trustee
6305 Ivy Lane #600
Greenbelt, MD 20770-6305

US Bank NA, as Trustee
c/o Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250

US Bank National Association as Trustee
for Credit Suisse First Boston CSFB 2005
Carlton Fields Jorden Burt
450 S. Orange Avenue, Suite 500
Orlando, FL 32801-3370

US Bank National Association, as Trustee
c/o ASC Servicing Company
P.O. Box 10335
Des Moines, IA 50306-0335

US Trustee - Greenbelt 11
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770-6305

Diana Carolina Valle
The Valle Law Firm, LLC
3 Bethesda Metro Center
Ste 700
Bethesda, MD 20814-6300

Joshua Welborn
312 Marshall Ave, Suite 800
Laurel, MD 20707-4808

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Branch of Reorganization
Sec. & Exch. Commission
3475 Lenox Road NE (Suite 1000)
Atlanta, GA 30327-1232

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201

IPFS Corporation
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

(d)IPFS Corporation
30 Montgomery Street
Suite 1000
Jersey City, NJ 07302

Paul Sweeney
Yumkas, Vidmar, Sweeney & Mulrenin, LLC
11825 West Market Place, 2nd Floor
Fulton, MD 20759

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)6789 Goldsboro LLC
c/o Susan J. Klein, Esquire
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD 21202-3332

(u)Bank of America, National Assn
INVALID ADDRESS PROVIDED

(u)Sachs & LaSeur, P.A.
INVALID ADDRESS PROVIDED

(d)Roger Schlossberg
P.O. Box 2067
Hagerstown, MD 21742-2067

(d)Serv Trust
3158 Bravertown Street
Suite 206
Edgewater, MD 21037-2672

(u)U.S. Attorney-District of MD
INVALID ADDRESS PROVIDED

End of Label Matrix
Mailable recipients    89
Bypassed recipients     6
Total                  95