# EXHIBIT 15A

**Myers's Rule 59(e) Motion Regarding the Stay-Relief Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:                                          Case No.: 2:21-bk-00123-FMD

Gregory Brian Myers,                            Chapter 13

Debtor.

_____/

### DEBTOR'S RULE 59(e) MOTION TO RECONSIDER, ALTER OR AMEND ORDER GRANTING BRIAN KING, CRISTINA KING AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST'S AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY [DOC.145]

Debtor, GREGORY BRIAN MYERS, by and through the undersigned attorney, pursuant to Federal Rule 59(e) made applicable to bankruptcy proceedings by Bankruptcy Rule 9023, files *Debtor's Rule 59(e) Motion to Reconsider, Alter or Amend Order Granting Brian King, Cristina King and The Cristina and Brian King Children's Trust's Amended Motion for Relief from the Automatic Stay [Doc.145]*. In support, Debtor states as follows:

### LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9023 (New Trials; Amendment of Judgments). Courts have recognized three limited grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### PROCEDURAL BACKGROUND

1.    This case was commenced by the filing of a bankruptcy petition on January 28, 2021.

2.     On October 20, 2021, Brian King, Cristina King and The Cristina and Brian King Children's Trust (the "King Parties") filed an *Amended Motion for Relief from the Automatic Stay* (Doc. 145) (the "Motion").

3.     On December 27, 2021, Debtor filed an opposition to the King Parties' Motion (Doc. 150) (the "Opposition").

4.     On March 14, 2022, the Court entered an *Order Granting Brian King, Cristina King and The Cristina and Brian King Children's Trust's Amended Motion for Relief from the Automatic Stay [DOC.145]* (Doc. 168) (the "Order") which, *inter alia*, provides:

> 2.     The automatic stay is modified to allow the lawsuit filed in Montgomery County Circuit Court captioned, *King et al. v. Serv Trust, et al.*, Case No. 436977-V, to proceed subject to the terms of this Order.
>
> 3.     The automatic stay is lifted as to all non-debtor parties including Gregory Brian Myers in his representative capacity as Trustee of the Serv Trust. The automatic stay shall remain in effect and is not lifted as to any claims against Gregory Brian Myers (the "Debtor"), individually.
>
> 4.     All other relief requested in the Motion is denied.

## GROUNDS FOR RECONSIDERATION

5.     It is undisputed that Myers does not owe the King Parties any money and that the King Parties have no claim against Myers. Notwithstanding this undisputed fact, the King Parties asked this Court to "allow the Maryland Trial to proceed in order to liquidate the Movants' claims against various parties *including the Debtor*."

6.     It was recently brought to the attention of the undersigned that Maryland law permits a trustee to incur individual liability even when being sued in a representative capacity.[1]

---

[1] Undersigned is NOT a Maryland attorney; this information was newly discovered and undersigned will be seeking a Maryland attorney to validate and verify this serious and legitimate concern.

In other words, the limiting language in the Order may be insufficient to achieve the intended goal of the Court's ruling and the intent of the Bankruptcy Code. Myers fully anticipates that the King Parties will pursue an action against Myers (Debtor), seeking to hold him *individually liable* for pre-petition matters, notwithstanding having been sued in his representative capacity as a co-trustee of Serv Trust.

7.      Respectfully, if this Court were to enter an order allowing the Maryland Litigation to proceed against Myers *in any capacity*, severe prejudice would accrue to the Debtor and the Debtor's bankruptcy estate.

8.      For all of the reasons set forth above, the Debtor renews his previous request for an evidentiary hearing on the merits of the King Parties' Motion before the Court enters a final order.

**WHEREFORE**, the Debtor, Gregory Brian Myers, respectfully requests that the Court grant the instant Motion, vacate the *Order Granting Brian King, Cristina King and The Cristina and Brian King Children's Trust's Amended Motion for Relief from the Automatic Stay* (Doc. 168) (the "Order"), and grant any other such relief as the Court determines just and proper.

Dated: March 28, 2022

/s/ *Undine C. George*
Undine C. George, Esquire
FL Bar No. 16872
107 A 11th Street
St. Augustine, FL 32080
(904) 236-6243
undine@anastasialaw.net
service@anastasialaw.net
*Attorney for Debtor*

## PROOF OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system thereby serving all registered users in this case, and including to Chapter 13 Trustee, Jon Waage, PO Box 25001, Bradenton, FL 34206-5001 and Ross R. Hartog, Esq., Markowitz Rngel Trusty & Hartog, PA, 101 NE Third Avenue Suite 1210, Fort Lauderdale, Florida 33301, counsel for the King Parties, rhartog@mrthlaw.com .

*/s/ Undine C. George*
Undine C. George, Esquire
FL Bar No. 16872
107 A 11th Street
St. Augustine, FL 32080

# EXHIBIT 15B

**King Parties' June 7, 2022 Response to Myers's Rule 59(e) Motion**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

In re:                                                                  Case No. 21-00123-FMD

GREGORY BRIAN MYERS,                                    Chapter 13

Debtor.

_____/

**BRIAN KING, CRISTINA KING AND THE CRISTINA AND BRING KING
CHILDREN'S TRUST'S RESPONSE TO DEBTOR'S RULE 59(e) MOTION TO
RECONSIDER, ALTER OR AMEND ORDER GRANTING BRIAN KING, CHRISTINA
AND THE BRIAN KING CHILDREN'S TRUST'S AMENDED MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and

Brian King Children's Trust (collectively, the "King Parties"), by and through undersigned

counsel respond to the *Debtor's Rule 59(E) Motion To Reconsider, Alter or Amend Order

Granting Brian King, Christina And The Brian King Children's Turst's Amended Motion For

Relief From The Automatic Stay* (the "Motion" and ECF 177).  In support of their response, the

King Parties state:

1.     This Court granted the King Parties stay relief to pursue claims against the Serv

Trust. (the "Stay Relief Order" and ECF 168)

2.     The Stay Relief Order specifically provides that the "automatic stay shall remain

in effect and is not lifted as to any claims against Gregory Brian Myers (the 'Debtor'),

individually."

3.     The Motion raises a concern that Maryland law permits parties to pursue claims

and/or impose personal liability on trustees of trusts and that this concern somehow justifies

reconsideration of the Stay Relief Order.

4.      The King Parties do not understand the purpose of the Motion for two reasons.

5.      First, while the Debtor's understanding of Maryland law may be true in certain circumstances, the King Parties have not been granted relief from the stay to pursue claims against the Debtor individually.

6.      Second, the King Parties in an effort to resolve the Motion in advance of the hearing advised the Debtor (through his counsel) that the King Parties cannot pursue claims against the Debtor individually given the restrictions imposed by the Stay Relief Order, and more importantly advised the Debtor affirmatively that the King Parties are not seeking such relief.

7.      Based on the foregoing, the King Parties see no basis for reconsideration of the Stay Relief Order and respectfully suggest that the Debtor's concerns are misplaced.

8.      And even if reconsideration was appropriate, the King Parties do not understand how the Stay Relief Order could be modified as it already states with specificity that the King Parties may not pursue the Debtor individually.

WHEREFORE, the King Parties respectfully request that this Court enter an order denying the Motion and granting such further relief the Court deems just and proper.

> Markowitz Ringel Trusty & Hartog, PA
> Attorneys for Creditor
> 101 NE Third Avenue Suite 1210
> Fort Lauderdale, Florida 33301
> T: 954.767.0030
> F: 954.767.0035
>
> By: /s/ Ross R. Hartog
>     Ross R. Hartog
>     Florida Bar No. 272360
>     rhartog@mrthlaw.com

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the

Court's CM/ECF system to all counsel of record and interested parties on the attached service list

and to all parties registered to receive electronic noticing in this case on June 7, 2022.

By: */s/ Ross R. Hartog*
Ross R. Hartog

## Service List

*Debtor's Counsel:*
**Undine C George, Esq.**
Anastasia Law, PL
107 A 11th St.
St. Augustine, FL 32080
Email: undine@anastasialaw.net

*Counsel to Trustee* **Jon Waage:**
**Kimberly McIntyre**
Jon M Waage Chapter 13 Trustee
PO Box 25001
Bradenton, FL 34206
Email: kimberly.mcintyre@tampa13.com

*Counsel to U.S. Trustee*
**United States Trustee - FTM7/13, 7**
**Nathan A Wheatley, Esq.**
Office of the U.S. Trustee
501 E. Polk St., Suite1200
Tampa, FL 33602
Email: nathan.a.wheatley@usdoj.gov

# EXHIBIT 15C

**Excerpts of June 9, 2022 Florida Bankruptcy Court Hearing Transcript**

```
             IN THE UNITED STATES BANKRUPTCY COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION

- - - - - - - - - - - - - - - - :
IN RE:                          :
GREGORY BRIAN MYERS             :     Case No. 2:21-bk-00123-FMD
          Debtor                :     Chapter 13
                                :
- - - - - - - - - - - - - - - - :
GREGORY BRIAN MYERS             :     Adv. No. 2:22-ap-00008-FMD
          Plaintiff             :
vs.                             :
U.S. BANK, NA, SUCCESSOR        :
TRUSTEE TO BANK OF AMERICA      :
- - - - - - - - - - - - - - - - :
```

U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602
  [*VIA VIDEO LINK WITH*]
U.S. Courthouse
2110 First Street
Fort Myers, Florida 33901
Held June 9, 2022

TRANSCRIPT OF HEARING

[Re: 2:21-bk-00123-FMD]
(1) 4th Continued Confirmation Hearing; (2) Continued
Amended Motion to Avoid Judicial Lien U.S. Bank National
Association, as Trustee for Credit Suisse First Boston
Mortgage Acceptance Corp., CSFB mortgage-backed pass-
through certificates, series 2005-11 on exempt property,
filed by Undine C. George on behalf of Debtor
Gregory Brian Myers (Doc. #131).....
*[NATURE OF PROCEEDINGS CONTINUED ON NEXT PAGE]*

BEFORE THE HONORABLE CARYL E. DELANO
CHIEF UNITED STATES BANKRUPTCY JUDGE

PROCEEDINGS DIGITALLY RECORDED BY COURT PERSONNEL
FROM IN-PERSON, ZOOM VIDEO CONFERENCE AND/OR TELEPHONE.
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE
APPROVED BY ADMINISTRATIVE OFFICE OF U.S. COURTS.

---

JOHNSON TRANSCRIPTION SERVICE
6532 Thoroughbred Loop
Odessa, Florida 33556
(813) 920-1466

Case 8:25-cv-02338-TDC   Document 24-18   Filed 07/16/26   Page 13 of 20
Case 2:21-bk-00123-FMD   Doc 219   Filed 07/15/22   Page 2 of 51

2

*[NATURE OF PROCEEDINGS CONTINUED FROM PREVIOUS PAGE]*

[Re: 2:21-bk-00123-FMD]

.....(3) Motion for Reconsideration to Alter or Amend Order on Debtors Objection to Claim 5 Filed By US Bank (Doc. #164); Filed by Undine C. George on behalf of Debtor Gregory Brian Myers (Doc. #171)(Related Doc. #164); (4) Motion for Reconsideration to Alter or Amend Order on US Bank NA, Successor Trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as Trustee, on behalf of the holders of the WaMu mortgage pass-through certificates, Series 2007-OA4; Motion for Relief from the Automatic Stay and Co-Debtor Stay and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property (Doc. #165); Filed by Undine C. George on behalf of Debtor Gregory Brian Myers (Doc. #172)(Related Doc. #165; (5) Motion for Reconsideration to Alter or Amend Order Granting Brian King, Cristina King and the Cristina and Brian King Children's Trusts; Amended Motion For Relief from the Automatic Stay (Doc. #145), Filed by Undine C. George on behalf of Debtor Gregory Brian Myers (Doc. #177)(Related Docs. #145,#168); Response to and Objection to Debtor's Motion to Avoid Judicial Lien Filed by Luigi E. Orengo, Jr. on behalf of Creditor US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2005-11 (Doc. #182)(Related Doc. #131); (6) Amended Motion to Dismiss Case, Filed by Luigi E. Orengo, Jr. on behalf of Creditor US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2005-11 (Doc. #187); Reply to US Bank National Association, As Trustee For Credit Suisse First Boston Mortgage Acceptance Corp's Response and Objection to Debtors Motion Avoid Judicial Lien, Filed by Undine C. George on behalf of Debtor Gregory Brian Myers (Doc. #199)(Related Doc. #131); Response to Debtor's Motion to Reconsider, Alter or Amend Order on Debtor's Objection to Claim 5 Filed By US Bank Filed by Matthew L. Schulis on behalf of Creditor U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA4 (Doc. #202)(Related Doc. #171;

*[NATURE OF PROCEEDINGS CONTINUED ON NEXT PAGE]*

Case 8:25-cv-02338-TDC   Document 24-18   Filed 07/16/26   Page 14 of 20
Case 2:21-bk-00123-FMD   Doc 219   Filed 07/15/22   Page 6 of 51

6

computer in your office.  It just is.  Okay.

And Mr. Schulis, am I correct?

MR. SCHULIS:  That's correct, Your Honor.  Matthew Schulis on behalf of U.S. Bank.

THE COURT:  And then counsel -- I'm sorry, I didn't catch your name when Ms. Mills was telling me.

MR. LEE:  This is John Lee on behalf of Brian King, Cristina King and The Cristina & Brian Children's Trust.

THE COURT:  All right.  Thank you, Mr. Lee.  Okay.

All right, well, first of all, let me thank you all for your patience; it's been a long afternoon.

MS. GEORGE:  It's not a problem, Your Honor.

THE COURT:  We have a number of matters on the calendar today.  We have --

MS. GEORGE:  We have resolved one of them, Your Honor.

THE COURT:  Okay.

MS. GEORGE:  I'm sorry to interrupt but we do have resolution on one, if you want to just knock that out so present counsel can --

THE COURT:  That would be wonderful, thank you.  Big help.

MS. GEORGE:  Okay, sure.  That is listed on your calendar as No. 5, the Motion for Reconsideration to Alter

Case 8:25-cv-02338-TDC   Document 24-18   Filed 07/16/26   Page 15 of 20
Case 2:21-bk-00123-FMD   Doc 219   Filed 07/15/22   Page 7 of 51

7

or Amend Order the Granting Brian King, Cristina King and the Cristina King and so forth the relief there.

We did come to terms on a modified order, and I believe opposing counsel will be submitting that later today.

MR. LEE:  That is correct, Your Honor.

THE COURT:  All right.  Mr. Lee, that's correct?

MR. LEE:  Yes.

THE COURT:  Okay.  All right.  So then if you and Ms. George are in agreement with the terms of the order, you can go ahead and upload it and we'll get that entered.

If you are interested in the case, you're welcome to stay on for the rest of the hearing.  If you'd just as soon escape Chapter 13-land, that's fine with me too.  I will not be offended.  Okay?

MR. LEE:  Yes.  Thank you, Your Honor.

THE COURT:  All right.  Thank you and I'm glad you were able to work that one out.

Okay, why don't I have Ms. McIntyre just give me a quick update regarding the status on confirmation.  I know that much of it might hinge on these other matters, but I didn't know if there was something that Ms. McIntyre wanted to share.

MS. MCINTYRE:  I saw that the Debtor just amended his Plan yesterday, so the creditors haven't had a chance to

Case 8:25-cv-02338-TDC Document 24-18 Filed 07/16/26 Page 16 of 20
Case 2:21-bk-00123-FMD Doc 219 Filed 07/15/22 Page 50 of 51

50

## CERTIFICATE

This certifies that the foregoing transcript constitutes the official verbatim transcript produced to the best degree possible, from the FTR digital recording, and/or MP3 backup, as recorded, logged, maintained, and provided by court staff.

I further certify that I am neither counsel for, nor under contract with, nor related to, nor an employee of any of the parties to the action in which this hearing was taken and, further, that I have no personal interest in the outcome of the action.

*Cheryl Culver*
_____          July 11, 2022
Cheryl Culver                        Date
Certified Court Reporter

For Johnson Transcription Service
Approved Court Transcribers
for U.S. Bankruptcy Court
Middle District of Florida

# EXHIBIT 15D

**June 28, 2022 Amended Florida Bankruptcy Court Stay-Relief Order**

ORDERED.

**Dated:   June 27, 2022**

Caryl E. Delano
Chief United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

In re:                                                                          Case No. 2:21-bk-00123-FMD

GREGORY BRIAN MYERS,                                     Chapter 13

Debtor.
_____/

**ORDER (1) GRANTING IN PART DEBTOR'S RULE 59(e) MOTION TO RECONSIDER, ALTER OR AMEND ORDER GRANTING BRIAN KING, CRISTINA KING AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST'S AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND (2) AMENDING ORDER GRANTING BRIAN KING, CRISTINA KING AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST'S AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY [DOC. 177]**

THIS CAUSE came before the Court for hearing on June 9, 2022, at 3:00 p.m. upon

*Debtor's Rule 59(e) Motion to Reconsider, Alter or Amend Order Granting Brian King, Cristina*

*King, and the Cristina and Brian King Children's Trust's Amended Motion for Relief from the*

*Automatic Stay [Doc.145]* (the "Motion") [Doc. 177]. The Motion sought to reconsider, alter, or

amend this Court's *Order Granting Brian King, Cristina King, and the Cristina and Brian King*

1

*Children's Trust's Amended Motion for Relief from the Automatic Stay [Doc.145]* (the "Order

Granting Stay Relief") [Doc. 168]. The Court having reviewed the Motion, having heard the

presentation of counsel, and having considered the record in the case, finds cause to grant the

following relief. Accordingly, it is

ORDERED:

1.      The Motion is **GRANTED IN PART**.

2.      The Order Granting Stay Relief [Doc. 168] is amended as stated below.

3.      The automatic stay is modified to allow the lawsuit filed in Montgomery County

Circuit Court captioned, *King et al. v. Serv Trust, et al.,* Case No. 436977-V, to proceed subject

to the terms of this Order.

4.      The automatic stay is lifted as to all non-debtor parties to that litigation identified

in paragraph 3, above. The automatic stay shall remain in effect and is not lifted as to any claims

against Gregory Brian Myers (the "Debtor") individually. The Debtor has executed a

"Resignation of Gregory B. Myers as Trustee" (the "Resignation") of Serv Trust, however if the

Debtor becomes Trustee of Serv Trust in the future or if the Resignation is invalid or ineffective

and the Debtor remains Trustee of Serv Trust, the stay is and would be lifted as to him in his

representative capacity as Trustee of Serv Trust, but not for any purposes which could impose

individual liability upon the Debtor.

5.      All other relief requested in the Motion is denied.

# # #

2

Respectfully submitted by:

Ross R. Hartog
Markowitz Ringel Trusty & Hartog, P.A.
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301

Attorney Hartog is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.