# EXHIBIT 21A

**July 3, 2025 Bankruptcy Court Settlement Order**

Entered: July 3rd, 2025
Signed: July 3rd, 2025

**SO ORDERED**



Maria Ellena Chavez-Ruark

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re:<br>GREGORY B. MYERS,<br>    Debtor. | Case No. 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, *et al.*,<br>    Plaintiffs, | |
| v. | Adv. No.: 24-00007 |
| ROGER SCHLOSSBERG, TRUSTEE,<br>    Defendant. | |

### ORDER APPROVING TRUSTEE'S COMPROMISE
### AND SETTLEMENT WITH KING PARTIES

Before the Court is the *Motion for Approval of Proposed Compromise and Settlement with King Plaintiffs* (the "*Rule 9019 Motion*"), [Dkt. No. 17], filed by Roger Schlossberg, the Chapter 7 Trustee herein, and the objections thereto filed by the Debtor, Gregory B. Myers, [Dkt. Nos. 19 and 22]. The Court conducted an in-person evidentiary hearing on June 30, 2025 and July 1, 2025. The Court then convened a virtual hearing on July 3, 2025 to orally issue its findings of fact and conclusions of law, and to deliver its ruling. For the reasons stated on the

record at the aforementioned virtual hearing on July 3, 2025, it is by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the *Rule 9019 Motion* shall be, and the same hereby is, **GRANTED**; and it is further

**ORDERED**, that the compromise and settlement set forth below, which is described in the *Rule 9019 Motion* and which was clarified and affirmed by the Trustee and the King Parties at the evidentiary hearing on June 30, 2025 and July 1, 2025, shall be, and the same hereby is, **APPROVED**:

(1)    The King Parties shall pay to the Trustee, for the benefit of the Estate, the sum of $150,000.00 (the "Settlement Payment") which shall be accepted by the Trustee as full consideration for: (i) the transfer by the Trustee to the King Parties of all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC; and (ii) settlement of all claims asserted by the King Parties in the above-captioned adversary case;

(2)  Upon successful negotiation of the Settlement Payment by the Trustee, the parties shall file a Stipulation of Dismissal with prejudice all claims asserted in the above-captioned adversary case;

(3)  The King Parties shall reimburse the Trustee for all reasonable and necessary legal fees and expenses that the Trustee incurs in connection with the litigation of any appeals, and any motions for reconsideration or motions to alter/amend judgment, taken by any party with respect to this *Order*; and

(4)    Proofs of Claim Nos. 21-1, 22-1, and 23-1 filed by the King Parties in

Case No. 15-26033 shall be deemed withdrawn by the King Parties effective as of the

date that this *Order* becomes final and non-appealable.

## END OF ORDER

cc:    Roger Schlossberg, Esq.
Frank J. Mastro, Esq.
Maurice B. VerStandig, Esq.
Gregory B. Myers, Debtor
United States Trustee
All persons requesting notice

# EXHIBIT 21B

**July 3, 2025 Bankruptcy Court Order Overruling Claim Objections as Moot**

Entered: July 3rd, 2025
Signed: July 3rd, 2025

**SO ORDERED**



*Maria Ellena Chavez-Ruark*

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |
|---|---|
| In re:<br><br>GREGORY B. MYERS,<br><br>Debtor. | Case Number:  15-26033-MCR<br>(Chapter 7) |

### ORDER OVERRULING CLAIM OBJECTIONS AS MOOT

On May 6, 2025, the Debtor, Gregory B. Myers (the "Debtor") filed an Objection to Claim

Number 22-1 filed by Cristina King [Dkt. No. 1051], an Objection to Claim Number 23-1 filed by

Cristina King and Brian King Children's Trust [Dkt. No. 1052], and an Objection to Claim Number

21-1 filed by Brian King [Dkt. No. 1053] (together, the "Claim Objections").  On June 30, 2025

and July 1, 2025, the Court held a combined evidentiary hearing to consider the Claim Objections

and an Application to Compromise Controversy (the "Settlement Motion") filed by Roger

Schlossberg, the Trustee appointed to administer the Debtor's bankruptcy estate (the "Trustee"),

in Adversary Proceeding 24-00007-MCR (the "Adversary Proceeding").  The Settlement Motion

seeks to resolve a Complaint for Declaratory Relief filed by Brian King, Cristina King, and the

Cristina and Brian King Children's Trust (together, the "King Parties") against the Trustee.  As

part of the proposed settlement, the King Parties have agreed to withdraw Proof of Claim Nos. 21-

1, 22-1, and 23-1.

At the conclusion of the two-day evidentiary hearing, the Court took the Settlement Motion and Claim Objections under advisement, and scheduled a hearing to give its oral ruling for July 3, 2025. On July 3, 2025, the Court recited its oral ruling pursuant to which it granted the Settlement Motion. Upon approval of the Settlement Motion, the Claim Objections were deemed withdrawn effective when the Order granting the Settlement Motion becomes final and non-appealable. Accordingly, as set forth on the record at the hearing on July 3, 2025, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Claim Objections are overruled as moot.

cc:    Debtor – Gregory B. Myers
       Chapter 7 Trustee – Roger Schlossberg
       Counsel for Chapter 7 Trustee – Frank J. Mastro
       Counsel for the King Parties – Maurice Belmont VerStandig
       U.S. Trustee
       All other parties in interest

**END OF ORDER**

# EXHIBIT 21C

**Excerpt of July 3, 2025 Bankruptcy Court Oral Ruling**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

In Re:                                    Case No. 15-26033, 24-00007

Gregory B. Myers,                         Chapter 7

              Debtor.                     Greenbelt, Maryland
                                          Thursday, July 3, 2025

: : : : : : : : : : : : : : : : :


TRANSCRIPT OF HEARING ON
17 APPLICATION TO COMPROMISE CONTROVERSY FILED BY DEFENDANT
ROGER SCHLOSSBERG, 19 OBJECTION FILED BY DEBTOR GREGORY B.
MYERS, 20 MOTION FOR MISCELLANEOUS RELIEF FILED BY DEFENDANT
ROGER SCHLOSSBERG, 22 SUPPORT DOCUMENT FILED BY DEBTOR GREGORY
B. MYERS, 23 RESPONSE FILED BY DEBTOR GREGORY B. MYERS, 24
RESPONSE FILED BY DEFENDANT ROGER SCHLOSSBERG, 1051 OBJECTION
TO CLAIM FILED BY DEBTOR GREGORY B MYERS, 1052 OBJECTION TO
CLAIM FILED BY DEBTOR GREGORY B MYERS, 1053 OBJECTION TO CLAIM
FILED BY DEBTOR GREGORY B MYERS, 1060 OPPOSITION FILED BY
INTERESTED PARTY BRIAN KING, INTERESTED PARTY CRISTINA KING)
BEFORE THE HONORABLE MARIA ELLENA CHAVEZ-RUARK
UNITED STATES BANKRUPTCY JUDGE

be overruled as moot.

Notwithstanding the Debtor's repeated mischaracterizations of the underlying facts, the material facts here are not disputed. The Court adopts the findings of fact and conclusions of law set forth in three of its prior rulings. The first is its memorandum opinion issued on September 28th, 2018, in the adversary proceeding styled United States Trustee v Myers, Adversary Number 17-00193 at docket number 94 in that adversary proceeding. The second is the Court's memorandum opinion issued on December 11th, 2023, the Chapter 13 case filed by the Debtor's wife, Barbara Ann Kelly, case number 23-12700 at docket number 106. And the third is the court's order granting motion for approval of proposed compromise and settlement issued on December 11th, 2023, in the Debtor's main bankruptcy case, case number 15-26033, at docket number 1029.

In the interest of time, the Court will not restate all of its factual findings and legal conclusions, but adopts the findings and conclusions in those three decisions. The Court summarizes its prior findings of facts and makes additional findings of facts based on the evidence presented at the hearing on June 30th and July 1st as follows: The Debtor filed a voluntary Chapter 11 bankruptcy petition on November 18th, 2018. Excuse me, 2015. At the time that he filed the case, there was a trust that has been referred to in

these proceedings as Serv Trust.  Serv Trust was created by the Debtor's mother for the benefit of the Debtor's children. And at some point in time, the Debtor was a co-Trustee of the Serv Trust trust.

The Debtor testified at his meeting of creditors on February 1st, 2016, that Serv Trust has a 50 percent interest in a Maryland limited liability company called 6789 Goldsboro LLC, which owns a parcel of residential real property located in Montgomery County.  I will refer to 6789 Goldsboro LLC as Goldsboro LLC, or Goldsboro, or the LLC.  On February 22nd, 2017, after an evidentiary hearing, this Court entered an order granting the motion of the United States Trustee to convert the Debtor's case from a Chapter 11 proceeding to a Chapter 7 proceeding.  At that time, Mr. Schlossberg was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

There are three pieces of litigation, in addition to the instant adversary proceeding, that are most relevant to the Trustee's settlement motion.  First, on September 14th, 2017, Brian King, Cristina King, and the Cristina and Brian King Children's Trust filed a complaint for declaratory judgment against Serv Trust in the Circuit Court for Montgomery County in the case styled King et al v. Serv Trust et al, case number 436977-B.  I will refer to Mr. King, Mrs. King, and their trust as the King parties, and I will refer to



scheduled, and the State Court determined that Serv Trust is the alter ego of the Debtor. The State Court reduced its oral ruling from the January 3rd, 2023 trial to a written order entered on January 12th, 2023, and I will refer to that order as the alter ego order.

The alter ego order determined, and I quote, Serv Trust is, and as of November 18th, 2015, which was the petition date, was the alter ego of Gregory B. Myers pursuant to Maryland law, end quote. The alter ego order further determined, and I quote, Serv Trust is a disregarded entity, being the alter ego of Mr. Myers, end quote. The alter ego order entered judgment in favor of the King parties on the alter ego claim, which was Count II of a two count complaint and enter judgment in favor of the King parties on all claims set forth in Serv Trust's counterclaim.

Because it found that the Debtor is the alter ego of Serv Trust, the alter ego order further provided that all further proceedings in the case were stayed pursuant to Section 362 of the Bankruptcy Code, pending the removal of the State Court case to this Court, the granting of relief from stay, or the occurrence of other events terminating the automatic stay. The stayed proceedings included the King parties' claim in Count I, seeking a declaratory judgment regarding the alleged redemption of Serv Trust's interest in Goldsboro, LLC, as well as Goldsboro, LLC's separate claim

against Serv Trust in the Goldsboro breach of contract case.

Goldsboro, LLC's claim against the Debtor in the Goldsboro breach of contract case had already been stayed at that point.  The Trustee testified that the King parties later dismissed Count I of the complaint in the King declaratory judgment case.  The Trustee maintains that, based on the alter ego order, all claims against Serv Trust must be construed as claims against the Debtor's bankruptcy estate, and Serv Trust assets are property of the Debtor's bankruptcy estate pursuant to Section 541-A, with those assets subject to administration by the Trustee as the legal representative of the bankruptcy estate under Section 323-A.

On February 7th, 2023, the Trustee filed a motion for approval of proposed compromise and settlement with the King parties, which the Court will refer to as the Settlement Procedures Motion.  That motion appears at docket number 1005 in the Debtor's bankruptcy case.  This motion sought approval of a procedural mechanism for resolving the remaining claims presented in the King declaratory judgment case regarding the asserted redemption of Serv Trust's interest in Goldsboro, LLC.  Pursuant to an agreement by the parties and the Trustee, the King parties and the Trustee would jointly file a stipulation in the State Court case, pursuant to which the King parties would dismiss, without prejudice, the redemption claim against Serv Trust.  In consideration of the dismissal,



the Trustee would agree to toll the statute of limitations applicable to the redemption claim nunc pro tunc to September 14th, 2017, the date the King parties filed the declaratory judgment case in the State Court.  And the King parties and the Trustee would endeavor in good faith to negotiate a resolution to the redemption claim.  And if negotiations were not successful, the King parties would refile the redemption claim as an adversary proceeding in this Court within 30 days.

In support of the settlement procedures motion, the Trustee argued that the proposed settlement procedures are in the best interest of the bankruptcy estate and all interested parties.  The Trustee said the proposed procedures would afford him time to become familiar with the redemption claim and potentially negotiate a resolution of the same, which could yield significant benefit and significant income for the bankruptcy estate.  In the event a resolution could not be reached, the Trustee reiterated that the redemption claim would be relitigated in this Court, which was the bankruptcy estate's preferred forum.

The Debtor filed a motion to strike the settlement procedures motion, and that motion to strike appears at docket number 1010 in the Debtor's main bankruptcy case.  The Court treated the motion to strike as an opposition to the settlement procedures motion.  In his motion to strike, the Debtor made many of the same arguments that he made in

opposition to the Trustee's pending settlement motion.  On December 11th, 2023, this Court entered a 21-page order at docket number 1029, overruling the Debtor's objections, granting the settlement procedures motion, and approving the settlement procedures proposed by the Trustee.

Subsequent settlement negotiations between the King parties and the Trustee failed to yield a settlement. Consequently, on January 11th, 2024, the King parties filed a complaint for declaratory relief against the Trustee in the instant adversary proceeding adversary number 24-00007.  The one count complaint requests that this Court declare Serv Trust to have waived its right to appoint an alternative appraiser under the Goldsboro, LLC operating agreement by not doing so on or before September 11th, 2017, and declare that Serv Trust's interest in Goldsboro, LLC has been fully redeemed.

As the adversary case progressed, the King plaintiffs and the Trustee resumed settlement negotiations, and this latest round of negotiations ultimately proved to be fruitful. The parties agreed to a compromise and settlement subject to notice to creditors and approval by the Court.  The proposed settlement includes four terms.  First, the King parties will pay to the Trustee, for the benefit of the Debtor's bankruptcy estate, the sum of $150,000 to redeem the entirety of Serv Trust's interest in Goldsboro, LLC and settle the instant

adversary proceeding. The King parties and the Trustee confirmed during this week's hearing that they are asking this Court to approve a redemption and transfer of only the bankruptcy estate's interest in Goldsboro, LLC.  They are not asking this Court to determine that the Debtor is the alter ego of Serv Trust, that Serv Trust assets are property of the Debtor's bankruptcy estate, or that the Trustee has the authority to administer the assets of Serv Trust.

The second term is that after the King parties pay $150,000 to the Trustee, the King parties and the Trustee will file a stipulation of dismissal in the instant adversary proceeding, dismissing all claims herein with prejudice. Third, the King parties will reimburse the Trustee for all reasonable legal fees and expenses that the Trustee incurs in connection with the litigation of any appeals taken by any party in the event that the Court grants the Trustee's settlement motion.  And fourth, the King parties will withdraw their three claims filed in the Debtor's main bankruptcy case at claim numbers 21, 22, and 23.  The King parties and the Trustee added this fourth term at the beginning of this week's hearing, so it is not included in the Trustee's settlement motion.

The standard for approval of the Trustee's settlement motion is well settled.  Bankruptcy rule 9019-A provides that on the Trustee's motion and after notice and a hearing, the



into the estate to pay allowed claims.

The Debtor raised several objections to the proposed settlement, and many of those objections were rejected by the Court in connection with the approval of the settlement procedures motion. I will address them in no particular order, but I will start with the objection to which the Debtor dedicated most of his testimony and argument.

First, the Debtor argues that the alter ego order has no force or effect because it is not a final judgment under Maryland Rule 2-602. It is unclear to the Court whether the alter ego order is, in fact, a final judgment. In it, the State Court entered judgment in favor of the King parties on the alter ego claim in Count II, and entered judgment in favor of the king parties on all claims asserted in Serv Trust's counterclaim. The King parties later dismissed Count I.

If the King declaratory judgment case and the Goldsboro breach of contract case were administratively consolidated, then the alter ego order very likely is a final judgment. If the two cases were substantively consolidated or consolidated for all purposes, then the alter ego order may not be a final judgment. But regardless of whether the alter ego order is a final judgment, it is still a valid judgment that is entitled to full force and effect. The lack of finality does not render the judgment null and void. The lack of finality means only that the judgment may be revised by the

issuing court until entry of a final judgment adjudicating all of the claims by and against all of the parties, or the judgment may be reversed by an appellate court.

Maryland Rule 2-602-A says that an order that adjudicates fewer than all of the claims in an action is not a final judgment, and is subject to revision at any time before entry of a final judgment. Section 12-101-F of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland defines final judgment as, quote, a judgment, decree, sentence, order, determination, decision, or other action by a court from which an appeal may be taken, end quote.

As stated less than two weeks ago by the Appellate Court of Maryland, the purpose of Maryland Rule 2-602 is to prevent piecemeal appeals and the interruption of ongoing judicial proceedings. That comes from Haywood v Henry et al. 2025 Westlaw 1752308 at page 7. It was decided on June 25th, 2025, and cites to Sigma Reproductive Health Center v. State 297 Maryland 660 at page 665, a decision from 1983.

There is nothing to suggest that the purpose of the rule on final judgments is to determine when an order becomes effective. In contrast, Maryland Rule 2-601 A-4 actually provides that a judgment is effective when it is entered as provided in Maryland Rule 2-601-B. Again, Maryland Rule 2-601 A-4 provides that a judgment is effective when it is entered. Maryland Rule 2-601 B-2 provides, and I quote, the clerk shall



www.escribers.net | 800-257-0885

enter a judgment by making an entry of it on the docket of the electronic case management system used by that Court, along with such description of the judgment as the clerk deems appropriate, end quote.

Maryland Rule 2-601-D provides, and I quote, the date of the judgment is the date that the clerk enters the judgment on the electronic case management system docket, end quote. Applying Maryland Rule 2-601, the alter ego order is a judgment that was entered when it was docketed. That is January 12th, 2023. And became effective on that date. Nothing in Maryland Rule 2-601 limits its application to final judgments. Therefore, regardless of whether the alter ego order is a final order, it is still a valid and effective order unless and until it is revised by the State Court or reversed on appeal.

I want to be clear, even if this were not so, it would not impact the Court's approval of the proposed settlement because the Trustee is settling and transferring the bankruptcy estate's rights and interests with respect to Goldsboro, LLC, whatever those rights and interests may be. At the outset of the Court's ruling, the Court stated that it is not required to conduct a mini trial or conclusively determine the claims that are the subject of the compromise.

The sole issue for the Court is whether the proposed settlement falls below the lowest point of reasonableness. In

doing so, the Court does not substitute its judgment for that of the Trustee. The Court is not required to determine the validity and merits of the claims, and the Court is not required to define the rights and interests being settled and/or transferred. The Court is only approving a settlement and/or transfer with regard to the bankruptcy estate's rights and interests as to Goldsboro, LLC, whatever those rights and interests may be.

The Debtor's second argument is that the Court is violating the Rooker-Feldman Doctrine by considering a settlement premised on the alter ego order, but then he argues that the Court should not apply the alter ego order because it was incorrectly decided, and the State Court did not have jurisdiction to determine the alter ego claim. He has vacillated between these diametrically opposed arguments numerous times. The Court is not reviewing the alter ego order, and the Court is not relitigating issues decided by the State Court. The Court is simply applying the State Court's order because it is a valid order and a valid determination of the party's rights.

It is unclear to the Court whether the Debtor previously raised the argument that the State Court did not have jurisdiction to determine the alter ego claim in the State Court case, but there is nothing in the record to support this argument. The Debtor also argues that the State

Court incorrectly and improperly decided the alter ego claim, because Judge Lippe determined the Debtor's rights and Serv Trust in her September 28th, 2018 memorandum opinion denying him a discharge. This is belied by the fact that she entered an order abstaining from determining the alter ego claim four months later, on January 30th, 2019, in the Goldsboro adversary proceeding.

The Debtor also argues that the alter ego case was not properly remanded by the bankruptcy court for the Middle District of Florida to the State Court. That the Florida bankruptcy court stayed the litigation and therefore that the State Court did not have jurisdiction to determine the alter ego claim and enter the alter ego order. There is no evidence in the record whatsoever to support any of these contentions.

In addition, the Debtor argues that this Court does not have jurisdiction to approve the proposed settlement because the Court abstained. Once again, he mischaracterizes the facts. The Court abstained with regard to whether the Debtor is the alter ego of Serv Trust and whether Serv Trust's, assets or property of the bankruptcy estate. The Court is not deciding those issues today, and those issues have been decided already by the State Court. Today, the Court is deciding whether a settlement between the Trustee, as representative of the bankruptcy estate and the King parties, should be approved. The Court has not abstained with regard

to that issue and has jurisdiction to decide it.

The Debtor's third argument is that Serv Trust assets cannot be property of his bankruptcy estate because his bankruptcy estate was constituted on November 18th, 2015, when he filed his bankruptcy petition. He claims that anything that occurred after the petition date does not constitute property of his bankruptcy estate, and further argues that the State Court cannot order relief nunc pro tunc. Once again, the Debtor misinterprets, misapplies, and mischaracterizes the effect of the alter ego order.

The State Court determined on January 12th, 2023, that Serv Trust is, and as of November 18th, 2025, the petition date, was the alter ego of the Debtor. The State Court did not order relief nunc pro tunc. It simply determined the Debtor's rights and interests with respect to Serv Trust as of a specified date. His argument that a court cannot determine a party's rights as of a past date is nonsensical.

The Debtor's fourth argument is that approval of the settlement is not a core proceeding. The Debtor is incorrect, and the Court rejected this argument when the Debtor raised it in opposition to the settlement procedures motion. Approval of a settlement under Bankruptcy Rule 9019-A is a court proceeding under several paragraphs of Section 157-B-2 of Title 28 of the United States Code, including 2-A, which

addresses matters concerning the administration of the estate, 2-C, which addresses counterclaims by the estate against persons filing claims against the estate, 2-E, which addresses orders to turn over property of the estate, and 2-O, which addresses other proceedings affecting liquidation of assets of the estate.

The Court refers the parties to Wheatley v Wood in re: Wood 2021 Westlaw 3640612, which concluded that a motion to approve a settlement under Bankruptcy Rule 9019 is a court proceeding, and the Court has authority to enter a final order under 28 U.S.C. Section 157-B 2-A and O.  The Court also refers the parties to in re: Junk 566 B.R. 897, at page 904, a decision issued by the Bankruptcy Court for the Southern District of Ohio in 2017, in which that court concluded that bankruptcy courts have Constitutional authority to enter final orders approving settlements under Bankruptcy Rule 9019.  And finally, the Court refers the parties to in re: Full Spectrum Management, LLC, 621 B.R. 421 at page 424, a decision of the bankruptcy court for the Western District of Michigan 2020, which has the same holding as in re: Junk.

The fifth argument advanced by the Debtor is that the beneficiaries of Serv Trust are required to be joined as defendants in this matter.  Again, the Debtor is incorrect, and the Court rejected this argument when the Debtor raised it in opposition to the settlement procedures motion.  The



beneficiaries of Serv Trust are no longer beneficiaries of Serv Trust because pursuant to the alter ego order, Serv Trust is a disregarded entity, being the alter ego of the Debtor. Therefore, the named beneficiaries are not required to be joined as defendants in an adversary proceeding or named as respondents in any contested matter.

The time for the named beneficiaries to assert any rights to the assets of Serv Trust, or to otherwise intervene in the State Court case was prior to the State Court's determination that Serv Trust is the alter ego of the Debtor. Moreover, Serv Trust need not be in bankruptcy, and the fact that the Debtor was not a settlor or beneficiary is irrelevant, because Serv Trust has been determined to be the Debtor's alter ego, and Serv Trust's assets have been determined to be subject to administration by the Trustee as a legal representative of the bankruptcy estate under Section 323-A.

The Debtor's sixth argument is that the King parties do not have standing to appear in this Court. Again, the Debtor is incorrect, and the Court rejected this argument when the Debtor raised it in opposition to the settlement procedures motion. The Trustee filed the settlement motion to resolve claims and disputes between the bankruptcy estate and the King parties. Standing of the King parties is wholly irrelevant to the settlement motion. The Trustee, as the

interest, including the Debtor, and the proposed settlement, should be approved under Bankruptcy Rule 9019-A.

To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. And to the extent of the -- any of the Court's conclusions of law constitute findings of fact, they are so adopted. The Court will have a transcript of its ruling prepared and docketed for the convenience of the parties.

Mr. Mastro, the Court would like you to upload a proposed order granting the settlement motion and approving the settlement today simply saying --

MR. MASTRO: Yes, Your Honor.

THE COURT: -- for the reasons stated on the record at the hearing held today, the motion is granted, the settlement is approved and include the four terms. Again, the four terms are as follows: First, the King parties will pay to the Trustee, for the benefit of the Debtor's bankruptcy estate, the sum of $150,000 to redeem the entirety of the bankruptcy estate's interest in Goldsboro, LLC, and settle the instant adversary proceeding. Second, after the King parties pay $150,000 to the Trustee, the King parties and the Trustee will file a stipulation of dismissal in the instant adversary proceeding, dismissing all claims therein with prejudice.

Third, the King parties will reimburse the Trustee for all reasonable legal fees and expenses that the Trustee

incurs in connection with the litigation of any appeals taken by any party in the event that the Court grants the Trustee's settlement motion.  And fourth, the King parties three claims filed in the main bankruptcy case at claim numbers 21, 22, and 23 are deemed withdrawn effective when the order becomes final and non-appealable.

As part of the settlement, the King parties are withdrawing their claims, claim numbers 21, 22, and 23. Therefore, the Court need not consider the Debtor's objections to those claims, and his objections to those claims are overruled as moot.  That is the ruling of the Court.

MR. SCHLOSSBERG:  Your Honor, very quick question. The obligation of the King parties to bear the expense of any appeals, I believe, was contemplated among the King parties' counsel and counsel for the Trustee to include any proceedings on motions for reconsideration.

May we so amend the order to that effect?

THE COURT:  You may.

MR. SCHLOSSBERG:  Thank you.

THE COURT:  Any questions regarding the Court's ruling, Mr. Mastro, since you're drafting the order?

MR. MASTRO:  No, Your Honor.

THE COURT:  All right.  Thank you.

MR. MASTRO:  Understood.

MR. SCHLOSSBERG:  Thank you.



CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

July 13, 2025

DIANA DODSON                                    DATE

TTA-Certified Digital Legal Transcriber CDLT-134



# EXHIBIT 21D

**June 3, 2026 District Court Memorandum Opinion**

ECF No. 41

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA AND BRIAN KING<br>CHILDREN'S TRUST and<br>CRISTINA KING,<br><br>Appellees. | Civil Action No. 25-2042-TDC |
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA AND BRIAN KING<br>CHILDREN'S TRUST and<br>CRISTINA KING,<br><br>Appellees. | Civil Action Nos. 25-2103-TDC<br>25-2337-TDC<br>25-2635-TDC |
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA KING and<br>CRISTINA AND BRIAN KING<br>CHILDREN'S TRUST,<br><br>Appellees. | Civil Action No. 25-2338-TDC |

**MEMORANDUM OPINION**

Appellant Gregory B. Myers has appealed 13 orders of the United States Bankruptcy Court for the District of Maryland across five different appeals, Nos. 25-2042-TDC, 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, and 25-2635-TDC. Having reviewed the submitted materials, the Court finds that no hearing is necessary because the facts and legal arguments have been adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b). For the reasons set forth below, Myers's Motion to Supplement the Record will be GRANTED, Myers's Motion to Compel will be DENIED, Myers's appeal of the bankruptcy court's orders in No. 25-2042-TDC will be DISMISSED, and the bankruptcy court's orders in the remaining appeals will be AFFIRMED.

## BACKGROUND

### I.   Goldsboro LLC

In late 2012, Appellant-Debtor Gregory B. Myers located a parcel of real property located at 6789 Goldsboro Road in Bethesda, Maryland ("the Property") that he believed to be suitable for the development of townhomes. Myers decided to approach Appellee Brian King about financing the purchase of the Property, which led to the establishment of a limited liability company ("LLC"), 6789 Goldsboro LLC ("Goldsboro LLC"). Specifically, the members of Goldsboro LLC consisted of three Class A members, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, "the King Parties"), and one Class B member, Serv Trust, which was a trust created by Myers's mother for the benefit of Myers's children and of which Myers was a co-trustee. According to Goldsboro LLC's Operating Agreement ("the Operating Agreement"), the King Parties provided almost all of the funds needed to purchase the Property, and Serv Trust was provided a period of three years in which to make the project profitable, or Serv Trust's interest in the Property could be redeemed by the King Parties. In particular, the Operating Agreement

2

stated that if government approvals needed to subdivide the property into at least 19 townhomes were not obtained by July 18, 2016, the King Parties could have the Property appraised. If the appraised value of the Property fell below the King Parties' total investment in the Property, the King Parties could then redeem Serv Trust's interest in Goldsboro LLC in that they could claim Serv Trust's interest in the Property in exchange for the value of payments and distributions previously paid to Serv Trust. On July 18, 2013, Goldsboro LLC purchased the Property for $1.35 million. Myers was named as manager of Goldsboro LLC.

The necessary government approvals to permit the development of 19 townhomes on the Property were never obtained. However, as the project progressed, Myers convinced Brian King to contribute additional funds to Goldsboro LLC, which could then be loaned to Serv Trust or to Myers. In September 2016, the King Parties offered to purchase Serv Trust's shares in Goldsboro LLC for $2 million, reduced by the amount needed to repay Serv Trust's outstanding loan obligations to Goldsboro LLC. Serv Trust was required to accept the offer by September 12, 2016 but did not do so.

In January 2017, after the local government denied the proposal to develop townhomes on the Property, Myers emailed Brian King an executed Memorandum of Understanding in which he claimed that Serv Trust had timely accepted the King Parties' offer. Brian King rejected the untimely acceptance and terminated Myers as the manager of Goldsboro LLC.

Pursuant to the terms of the Operating Agreement, the King Parties had the Property appraised and determined that it was worth between $1 million and $1.325 million, below the approximately $3 million the King Parties had invested in the Property. As a result, pursuant to the Operating Agreement, the King Parties could redeem, or claim, Serv Trust's ownership interest in Goldsboro LLC without additional payments to Serv Trust.

## II.   Bankruptcy and Related Proceedings

Meanwhile, on November 18, 2015, Myers filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Maryland ("the bankruptcy court"). On February 22, 2017, Myers's bankruptcy was converted to a Chapter 7 bankruptcy, and the United States Trustee ("the Trustee") was appointed in relation to that proceeding.

On September 14, 2017, the King Parties filed a Complaint in the Circuit Court for Montgomery County, Maryland ("the State Court Case") seeking a declaratory judgment that Serv Trust's interest in Goldsboro LLC had been redeemed pursuant to the terms of the Operating Agreement ("the Redemption Claim").

On October 29, 2018, Goldsboro LLC commenced an adversary proceeding in the bankruptcy court (Bankr. No. 18-00407) against Myers, Serv Trust, and the Trustee, in which it sought a declaratory judgment that Serv Trust was the alter ego of Myers and that, as such, Serv Trust's assets and liabilities were subject to administration by the Trustee. Goldsboro LLC also sought an order staying the State Court Case. On January 30, 2019, the bankruptcy court entered an order abstaining from exercising jurisdiction over the claims in the adversary proceeding after determining that the State Court Case could result in a finding of whether Serv Trust was the alter ego of Myers, and if such a finding was made, the parties could return to the bankruptcy court for further proceedings. After the entry of the bankruptcy court's abstention order, the King Parties filed an amended complaint in the State Court Case seeking a declaratory judgment that Serv Trust was Myers's alter ego.

After a trial in the State Court Case on January 3, 2023, the court determined that Serv Trust was the alter ego of Myers and entered an order reflecting that judgment on January 12, 2023 ("the Alter Ego Order"). Specifically, the Alter Ego Order found that Serv Trust was Myers's alter

ego as of November 18, 2015, the day on which Myers filed his original bankruptcy petition, that Serv Trust was therefore a disregarded entity, and that because Serv Trust was Myers's alter ego, any remaining proceedings in the State Court Case were subject to the automatic stay provision in 11 U.S.C. § 362(a), including those relating to the Redemption Claim.

Upon the entry of the Alter Ego Order, the Trustee took the position that all of Serv Trust's assets became part of Myers's bankruptcy estate as a matter of law. As a result, the King Parties and the Trustee entered into negotiations over how to resolve the King Parties' Redemption Claim against Serv Trust in the State Court Case. On February 7, 2023, the King Parties and the Trustee filed in the bankruptcy court a Notice of a Proposed Compromise and Settlement which proposed that the King Parties would dismiss the Redemption Claim in the State Court Case in exchange for the Trustee's agreement to a tolling of the applicable statute of limitations. The parties further agreed to negotiate for 30 days at which point if there was no resolution of the Redemption Claim, the King Parties would refile the Redemption Claim as an adversary proceeding in Myers's bankruptcy case. On December 11, 2023, the bankruptcy court issued an order approving the Proposed Compromise and Settlement. Approximately 18 months later, on June 26, 2025, Myers appealed this order to this Court in No. 25-2042-TDC. Meanwhile, when the negotiations did not result in a settlement, the King Parties filed proofs of claim in Myers's bankruptcy case and refiled the Redemption Claim as an adversary proceeding (Bankr. No. 24-00007) on January 11, 2024 ("the Adversary Proceeding").

During the Adversary Proceeding, the King Parties and the Trustee resumed negotiations, and on December 30, 2024, the Trustee filed a "Notice of Trustee's Proposed Compromise and Settlement with King Plaintiffs." Appellee's App'x ("A.A.") 45, No. 25-2103-TDC, ECF No. 29-1. Under the terms of the proposed settlement, the King Parties would pay to the Trustee, for the

5

benefit of the bankruptcy estate, $150,000 in order to gain control of Serv Trust's interest in Goldsboro LLC and resolve the Redemption Claim in the Adversary Proceeding. Once the payment was made, the parties would dismiss the claims in the Adversary Proceeding, and the King Parties would reimburse the Trustee for attorney's fees and expenses incurred in connection with any appeals taken from the bankruptcy court's approval of the settlement.

On January 21, 2025, Myers filed objections to the proposed settlement, and on June 26, 2025, he filed a Notice of Appeal in relation to seven orders issued by the bankruptcy court in the Adversary Proceeding, including: (1) an Order to Show Cause Why the Complaint Should Not be Dismissed for Want of Prosecution; (2) an Order Granting the Stipulation and Motion to Extend Time; (3) the Scheduling Order; (4) a Memorandum to the Parties; (5) a Notice of an Evidentiary Hearing; (6) an Order Dissolving the Show Cause Order After Response; and (7) a second Notice of an Evidentiary Hearing. This appeal was assigned No. 25-2103-TDC.

On June 30 and July 1, 2025, in the Adversary Proceeding, the bankruptcy court held a two-day evidentiary hearing regarding the proposed settlement, in which the King Parties, the Trustee, and Myers all participated. On July 3, 2025, the bankruptcy court issued an oral ruling, which it later memorialized in a written order, approving the proposed settlement between the King Parties and the Trustee ("the Settlement Order"). That same day, the bankruptcy court issued an Order Overruling Claim Objections as Moot in relation to Myers's objections to the King Parties' proofs of claim. On July 17, 2025, Myers filed a Notice of Appeal through which he initiated an appeal of the Settlement Order, which was assigned No. 25-2337-TDC. That same day, Myers filed a second Notice of Appeal through which he initiated an appeal of the Order Overruling Claim Objections as Moot, which was assigned No. 25-2338-TDC.

On July 16, 2025, in the Adversary Proceeding, Myers filed an Emergency Motion for a Stay Pending Appeal and a Motion to Shorten the Time to Respond to the Emergency Motion to Stay Pending Appeal. The bankruptcy court denied both Motions on July 18, 2025. On August 1, 2025, Myers filed a Notice of Appeal relating to the denial of these motions, which was assigned No. 25-2635-TDC.

On October 23, 2025, this Court issued an order consolidating Nos. 25-2103-TDC, 25-2337-TDC, and 25-2635-TDC for purposes of appeal ("the Consolidated Appeals"). On January 8, 2026, Myers filed a Motion to Compel the Production of the Executed Settlement Agreement, and on January 9, 2026, Myers filed a Motion to Supplement the Record with certain hearing transcripts. Finally, Myers filed an Emergency Motion for a Stay Pending Appeal on February 19, 2026, which the Court denied on April 29, 2026.

## DISCUSSION

The Court has before it three different bankruptcy appeals advanced by Myers: No. 25-2042-TDC; the Consolidated Appeals in Nos. 25-2103-TDC, 25-2337-TDC, and 25-2635-TDC; and No. 25-2338-TDC. Because these appeals all arise out of Myers's bankruptcy proceedings and all relate to the same general matters in which the King Parties are the adverse party to Myers, the Court will address them in the same ruling.

### I.    Standard of Review

On an appeal from the bankruptcy court, this Court reviews legal conclusions *de novo*, factual findings for clear error, and discretionary decisions for abuse of discretion. *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020); *In re Harford Sands, Inc.*, 372 F.3d 637, 639 (4th Cir. 2004).

## II.   Procedural Motions

Before addressing the appeals, the Court considers and resolves certain procedural motions filed by Myers.

### A.   Motion to Supplement the Record

Myers has filed an unopposed Motion to Supplement the Record through which he seeks to supplement the appellate record with transcripts of the bankruptcy court's June 30 and July 1, 2025 hearing on the Settlement Order, which were unavailable when Myers made his initial designation of record. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8009 permits either party to correct an omission or misstatement in the record by filing a supplemental record with the court in which the appeal is pending. *See* Fed. R. Bankr. P. 8009(e)(2)(C). Accordingly, the Court will grant this Motion. In addition, where Myers included the transcript of the bankruptcy court's oral ruling approving the Settlement Order as Appendix F-1 to his opening brief, but that transcript was not included in Myers's original designation of record, the Court will construe this Motion as including a request to supplement the record with the transcript included in Appendix F-1 and will grant that request.

### B.   Motion to Compel

Myers has also filed a Motion to Compel the Production of the Executed Settlement Agreement, in which he requests that the Court require the Trustee to produce the executed settlement agreement approved in the Settlement Order, or to certify that no agreement was ever executed. Appellees oppose this Motion and argue that Myers failed to raise the issue of the lack of a signed settlement agreement before the bankruptcy court and that the production of any written settlement agreement is immaterial to the appeal because Bankruptcy Rule 9019 does not require a written settlement agreement.

8

Where this Court's review of appeals from the bankruptcy court is generally limited to the record before the bankruptcy court, and it is undisputed that no such written settlement agreement was presented to the bankruptcy court, it is neither necessary nor proper to include extra-record evidence in the record before this Court. *See In re CPDC, Inc.*, 337 F.3d 436, 443 (5th Cir. 2003) (holding that the Bankruptcy Rules do not "permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court"); *In re Bartlett*, 92 B.R. 142, 143 (E.D.N.C. 1988) ("[I]n reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made a part of the record."). Moreover, as discussed below, the Court concludes that a written settlement agreement is not required for a bankruptcy court to approve a settlement pursuant to Bankruptcy Rule 9019, so the production and inclusion of any such written settlement agreement would be immaterial to the Court's ruling on the appeals. *See infra* part IV.B.2. Accordingly, Myers's Motion to Compel will be denied.

## III.   No. 25-2042-TDC

In No. 25-2042-TDC, Myers seeks review of two orders of the bankruptcy court: (1) the December 11, 2023 Order Denying the Debtor's Motion to Strike the Trustee's Motion for Approval of the Proposed Compromise and Settlement with the King Parties; and (2) the December 11, 2023 Order Granting the Trustee's Motion for Approval of the Proposed Compromise and Settlement with the King Parties. Rather than filing an appellant's brief, Myers has filed a Notice entitled "Appellant Gregory B. Myers's Notice of Overlapping Issues and Cross-Application of Opening Brief," in which he cross-references the arguments made in his opening brief filed in the Consolidated Appeals. Notice at 1–2, No. 25-2042-TDC, ECF No. 18. In No. 25-2042-TDC, Appellees have filed a Motion to Dismiss the Appeal in which they argue that the

Court lacks jurisdiction over the appeal because Myers's Notice of Appeal was untimely filed, and because this appeal is Myers's second attempt to obtain appellate review over the bankruptcy court orders at issue. Myers has not filed any brief in opposition to Appellees' Motion to Dismiss.

A party seeking to appeal an order of the bankruptcy court must file a notice of appeal with the Clerk of the bankruptcy court within 14 days of the entry of the order to be appealed. *See* Fed. R. Bankr. P. 8002(a)(1). The issue of whether an appellant has timely filed a notice of appeal in a bankruptcy appeal is jurisdictional. *See In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013); *In re Myers*, No. 20-2309, 2024 WL 2764717, at *1 (4th Cir. May 30, 2024).

Here, the two bankruptcy court orders at issue in No. 25-2042-TDC were both entered on December 11, 2023, so the deadline to file a notice of appeal period was 14 days after that date, or on December 25, 2023. Myers, however, filed his Notice of Appeal on June 26, 2025, over 18 months after the entry of the appealed orders. Therefore, Myers's Notice of Appeal is untimely, and the Court lacks jurisdiction to review the underlying orders. Accordingly, the Court will grant the Motion to Dismiss and will dismiss No. 25-2042-TDC.

## IV.   Consolidated Appeals (Nos. 25-2103-TDC, 25-2337-TDC, and 25-2635-TDC)

In the Consolidated Appeals, Myers seeks review of 10 orders of the bankruptcy court in relation to the Adversary Proceeding involving the King Parties: (1) the Order to Show Cause Why the Complaint Should Not be Dismissed for Want of Prosecution; (2) the Order Granting the Stipulation and Motion to Extend Time; (3) the Scheduling Order; (4) a Memorandum to the Parties; (5) a Notice of an Evidentiary Hearing; (6) the Order Dissolving the Show Cause Order After Response; (7) a second Notice of an Evidentiary Hearing; (8) the Settlement Order; (9) the Order Denying the Emergency Motion for a Stay Pending Appeal; and (10) the Order Denying the Motion to Shorten the Time to Respond to the Emergency Motion for a Stay Pending Appeal.

10

### A.   Abandoned Arguments

In his opening brief, Myers's arguments relate only to the reasons that the bankruptcy court erred in issuing the Settlement Order, and he asserts no arguments relating to the nine other bankruptcy court orders referenced in the Notices of Appeal. Appellees thus argue that Myers has abandoned the appeal of these nine orders. In a bankruptcy appeal, issues not raised in the opening brief are deemed abandoned on appeal. *See Moses v. CashCall, Inc.*, 781 F.3d 63, 79 (4th Cir. 2015); *Lyerly v. Internal Revenue Serv.*, 235 B.R. 401, 404 (W.D.N.C. 1998) (citing *Tucker v. Waddell*, 83 F.3d 688, 690 n.1 (4th Cir. 1996)); *Bastman v. Hassell*, No. 5:18-cv-486-D, 2019 WL 2366422, at *3 (E.D.N.C. May 15, 2019). Indeed, the Federal Rules of Bankruptcy Procedure and the Federal Rules of Appellate Procedure both require that the argument section of an appellant's brief must contain the "appellant's contentions and the reasons for them." Fed. R. Bankr. P. 8014(a)(8); *see also* Fed. R. App. P. 28(a)(8)(A) (same). The United States Court of Appeals for the Fourth Circuit has held that the failure to comply with this requirement waives any such claim on appeal. *See Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 607 (4th Cir. 2009).

Upon review of Myers's opening brief, the Court finds that he has asserted arguments only in relation to the Settlement Order. Accordingly, the Court finds that Myers has abandoned any arguments relating to the other nine bankruptcy court orders in the Consolidated Appeals and therefore summarily affirms the bankruptcy court as to those orders.

### B.   Settlement Order

In the opening brief, Myers asserts five arguments for why the bankruptcy court erred in issuing the Settlement Order: (1) the bankruptcy court lacked subject matter jurisdiction to approve the Settlement Order; (2) the bankruptcy court erred when it approved the compromise pursuant to Bankruptcy Rule 9019 without a written settlement agreement; (3) the bankruptcy

court violated Myers's constitutional right to due process of law when, as part of the Settlement Order, it held that the King Parties' proofs of claim were withdrawn even while Myers's objections to those claims were pending; (4) the Settlement Order is not a final order; and (5) the bankruptcy court abused its discretion by approving the Settlement Order when it did not have the statutory authority to do so.

### 1.    Subject Matter Jurisdiction

Myers first argues that the bankruptcy court lacked subject matter jurisdiction to issue the Settlement Order because it could not approve a settlement affecting Serv Trust's property, which he argues was not bankruptcy estate property. Specifically, Myers argues that a claim that Serv Trust is his alter ego must be litigated and determined in a Chapter 5 adversary proceeding, which has not occurred, and that such status cannot be determined by a "non-final state-court order" such as the ruling in the State Court Case. Appellant's Brf. at 11, No. 25-2103-TDC, ECF No. 21.

The issue of whether the bankruptcy court had subject matter jurisdiction to issue the Settlement Order is a question of law which the Court reviews *de novo*. *See Copley*, 959 F.3d at 121; *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014) ("We review questions of law, including a lower court's determination of its subject-matter jurisdiction, de novo."). A bankruptcy court, as a unit of a United States District Court, has exclusive jurisdiction over the property of the bankruptcy estate. *See* 28 U.S.C. §§ 151, 1334(e)(1). A bankruptcy estate generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, whether property is an asset of a bankruptcy estate is determined by state law, in this case, Maryland law. *See In re Levitsky*, 401 B.R. 695, 710 (Bankr. D. Md. 2008).

12

As to whether Serv Trust's assets can be considered property of Myers's bankruptcy estate, the State Court's Alter Ego Order entered on January 12, 2023, which determined that Serv Trust was Myers's alter ego as of November 18, 2015, that Serv Trust was a disregarded entity, and that any remaining state court proceedings against Serv Trust were subject to the Bankruptcy Code's automatic stay provision set forth in 11 U.S.C. § 362, was a valid, final order. Indeed, the Court takes judicial notice that, although Myers appealed the State Court Case in which the Alter Ego Order was entered, on February 11, 2026, the Appellate Court of Maryland issued its mandate dismissing Myers's appeal. *See* Mandate at 1, *Myers v. Serv Trust*, No. ACM-REG-0910-2025 (Md. App. Ct. Feb. 11, 2026). As for its status as of the entry of the Settlement Order on July 3, 2025, before the dismissal of the appeal, a judgment becomes effective "when entered," Md. Rule 2–601(a)(4), and there was no stay pending appeal, so as the bankruptcy court concluded, it was a valid judgment entitled to full force and effect. Thus, as of January 12, 2023, Serv Trust was an alter ego of Myers, its assets were part of Myers's bankruptcy estate, and the bankruptcy court had subject matter jurisdiction over the administration of Serv Trust's assets.

Myers's argument that any alter ego determination must be made in a bankruptcy court adversary proceeding is without merit. Myers has identified no authority establishing such a requirement. In *In re Bogdan*, 414 F.3d 507 (4th Cir. 2005), cited by Myers, the court held that the property of a bankruptcy estate includes a cause of action assigned to it by a creditor, and the Trustee has standing to advance such a claim on behalf of the estate. *See id.* at 512. In *Wilson v. Dollar General Corp.*, 717 F.3d 337 (4th Cir. 2013), also cited by Myers, the court held that a Chapter 13 debtor possesses standing, concurrent with the Trustee, to maintain non-bankruptcy causes of action on behalf of the estate. *Id.* at 343. Neither of these cases address or limit the ability of third parties to seek a declaratory judgment in state court that an entity such as Serv Trust

is the alter ego of a debtor such as Myers, or otherwise require such claims to be brought by the Trustee in an adversary proceeding. Myers's citation to *Law v. Siegel*, 571 U.S. 415 (2014), is similarly unpersuasive. *Law* stands for the unremarkable proposition that a bankruptcy court, when exercising its statutory and inherent powers, cannot contravene specific statutory provisions. *See id.* at 421.

Notably, the bankruptcy court specifically agreed to have the alter ego determination made in the State Court Case. The record reflects that on October 29, 2018, Goldsboro LLC commenced an adversary proceeding in the bankruptcy court seeking a declaratory judgment that Serv Trust was the alter ego of Myers, and that Serv Trust's assets and liabilities were thus subject to administration by the Trustee. However, on January 30, 2019, the bankruptcy court entered an order abstaining from exercising jurisdiction over the claims in the adversary proceeding after determining that whether Serv Trust was the alter ego of Myers could be decided in the State Court Case. In its abstention order, the bankruptcy court directed that if the state court determined that Serv Trust was Myers's alter ego, then the parties could return to the bankruptcy court for further proceedings. Notably, Myers did not and does not appeal the bankruptcy court's abstention order, and the exact sequence of events envisioned in the bankruptcy court's abstention order came to pass when the State Court determined that Serv Trust was Myers's alter ego, and the parties then returned to the bankruptcy court.

Regardless, Myers overreads the extent of the bankruptcy court's Settlement Order. Although Myers argues that the bankruptcy court exceeded its constitutional limitations when it "purported to enter a final, binding order purporting to transfer non-estate property owned by a non-debtor trust," the Settlement Order did not do so. Appellant's Brf. at 11. Rather, the Settlement Order authorizes the Trustee to transfer to the King Parties "all of the right, title and

14

interest of the Trustee, the Debtor and the bankruptcy estate in and to any and all membership interest in or property of 6789 Goldsboro LLC." A.A. 205. By limiting the Settlement Order in this way, the bankruptcy court ensured that the Settlement Order extended only to property of the bankruptcy estate, without needing to adjudicate the exact contours of what interests of Serv Trust, if any, were part of the bankruptcy estate. Accordingly, even if the Alter Ego Order were deemed to be invalid or inapplicable, the bankruptcy court still would have had subject matter jurisdiction to enter the Settlement Order.

### 2.    Lack of a Written Agreement

Next, Myers argues that the bankruptcy court committed legal error when it approved the Settlement Order pursuant to Bankruptcy Rule 9019 without an "executed settlement agreement" that was "submitted, admitted, or incorporated into the order." Appellant's Brf. at 13. As a result, Myers argues that the bankruptcy court improperly approved a settlement "whose existence, scope, and enforceability cannot be verified from the record." *Id.* Myers also argues that the bankruptcy court inappropriately added terms to the Settlement Order at the hearing on the proposed settlement without providing prior notice. Specifically, Myers objects to the term in the Settlement Order that the King Parties' proofs of claim filed in the underlying bankruptcy case would be deemed withdrawn. The Court reviews these issues of law *de novo*. *See Barlow*, 772 F.3d at 1007.

Upon review, the Court first finds that Myers has waived these arguments because he did not timely raise them before the bankruptcy court. Objections to the proposed settlement between the Trustee and the King Parties were due 21 days after the issuance of Notice of the Trustee's Proposed Compromise and Settlement, which was filed on December 30, 2024. Although Myers filed timely objections to the proposed settlement on January 21, 2025, those objections focused on the validity of the State Court Alter Ego Order and did not include an objection to the lack of a

written settlement agreement. Although Myers filed supplemental objections to the proposed settlement on July 3, 2025, which included an objection to the lack of a written settlement agreement, these objections were submitted months after the deadline for submitting objections, after the bankruptcy court had already held a two-day hearing on the proposed settlement, and on the morning that the bankruptcy court issued its oral ruling approving the proposed settlement. Because those supplemental objections were not timely filed, the bankruptcy court declined to consider them.

An Appellant's failure to raise properly a non-jurisdictional issue before a bankruptcy court will generally be treated as a waiver of that issue on appeal. *See United Rentals, Inc. v. Angell*, 592 F.3d 525, 531 n.2 (4th Cir. 2010) ("Because this argument is raised for the first time on appeal, we do not address it."); *Rusnack v. Cardinal Bank, N.A.*, 695 F. App'x 704, 711 (4th Cir. 2017) ("We regularly decline to hear claims litigants raise for the first time on appeal . . . [t]he same rationale applies with equal force to arguments not raised before the bankruptcy court . . . ."). In particular, courts have concluded that, as occurred here, when a party fails to assert an argument before the bankruptcy court in a timely manner, the issue can be deemed waived on appeal. *See In re Maurice*, 21 F.3d 767, 771 (7th Cir. 1994) (concluding that "[r]aising the issue after the judge has conducted the hearing and received all of the evidence is too late; failing to timely object to the alleged error waives any right to later appeal the issue"); *In re Imerys Talc Am., Inc.* 38 F.4th 361, 372–73 (3d Cir. 2022) (agreeing with the district court that when a party first raised an argument "in a 'supplemental objection' filed months after the bankruptcy court's deadline for objections had passed," the issue had been waived on appeal, but then considering the issue as a matter of discretion because the bankruptcy court had addressed its merits). Although there is a limited exception to the waiver rule when the error is plain and the refusal to consider the issue

16

would result in a miscarriage of justice, Myers has made no showing that this exception is applicable here. *See Dean v. McDow*, 299 B.R. 133, 139 (E.D. Va. 2003). Because Myers failed to timely raise this issue before the bankruptcy court, he has waived this argument.

Even if the argument was not waived, it is without merit. Bankruptcy Rule 9019 allows a bankruptcy court to approve a compromise or settlement "[o]n the trustee's motion and after notice and a hearing." Fed. R. Bankr. P. 9019(a). Notice must be given, in relevant part, to "all creditors" and "the debtor." *Id.* Nothing in the rule requires that there be a written settlement agreement, an "executed settlement agreement," or a settlement agreement that is "submitted, admitted, or incorporated into the order," as Myers suggests. Appellant's Brf. at 13. Rather, Rule 9019 and due process are satisfied "without setting forth verbatim the full text of a proposed settlement," which may be described "in general terms." *In re Drexel Burnham Lambert Grp. Inc*, 995 F.2d 1138, 1145 (2d Cir. 1993). For the same reason, the inclusion of the provision withdrawing the proofs of claim did not violate the notice requirement because it does not require "a detailed description of each item" in the proposed settlement. *Id.* at 1144. To hold otherwise would be to ignore that negotiations over the precise wording of a proposed settlement may still be ongoing after the notice is issued. *See id.* at 1145 ("[P]recise specificity apparently was impossible given that negotiations with respect to details of the settlement agreement were ongoing and not concluded until the proverbial eleventh hour.") For all of these reasons, the Court rejects the argument that the bankruptcy court violated Rule 9019 and due process when it issued the Settlement Order without a written settlement agreement.

### 3.    Due Process on Proofs of Claim

Myers also argues that the bankruptcy court violated due process when, in the Settlement Order, it permitted the King Parties to withdraw their proofs of claim filed in the underlying

bankruptcy case despite Myers's pending objections to them. Myers further argues that allowing the withdrawal of the proofs of claim violated Bankruptcy Rule 3006. This issue raises a mixed question of law and fact which the Court reviews *de novo* because it primarily requires consideration of legal principles. *See Rinn v. First Union Nat'l Bank*, 176 B.R. 401, 407 (D. Md. 1995).

To begin, as Appellees point out, it is difficult to see how Myers's due process rights were violated when the King Parties agreed to withdraw their proofs of claim against his bankruptcy estate—proofs of claim to which he objected. Although Myers argues that his objections to the proofs of claim were extinguished without adjudication, which "deprived the Debtor of notice and a hearing, in violation of due process," Appellant's Brf. at 14, the King Parties' withdrawal of these proofs of claim effectively granted Myers the relief he sought when he filed those objections. To the extent that any due process rights were impacted by the Settlement Order, it was the King Parties' right to have their proofs of claim adjudicated.

Even considering the due process argument, the standard procedural due process requirements of notice and an opportunity to be heard were satisfied. *See Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014) ("At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard."). First, as to notice, the Notice of the Trustee's Proposed Compromise and Settlement, docketed on December 30, 2024, stated that "[u]pon successful negotiation of the Settlement Payment by the Trustee, the parties will file a Stipulation of Dismissal in the Adversary Case dismissing all claims therein with prejudice." A.A. 50. Where the withdrawn proofs of claim were for an "[e]quitable and statutory claim, as set forth in [the Adversary Proceeding]," Myers had advanced notice that the dismissal of the claims in the Adversary Proceeding would encompass dismissal of the proofs of claim,

which were filed in order to preserve the King Parties' right to pursue relief in the Adversary Proceeding. A.A. 211, 214, 217.

Further, Myers had notice of, attended, and participated in the bankruptcy court's hearing on the proposed settlement on June 30 and July 1, 2025, after which the bankruptcy court memorialized the withdrawal of the proofs of claim in the Settlement Order. During the hearing, when the King Parties confirmed that they would withdraw their proofs of claim in the bankruptcy case, Myers was provided with an opportunity to address the bankruptcy court immediately after that discussion. A.A. 224–25. Where Myers received notice and an opportunity to be heard, the Court does not find that the bankruptcy court's approval of the withdrawal of the proofs of claim violated due process. For the same reasons, that action did not violate Bankruptcy Rule 3006, which requires notice to the debtor of the hearing at which a proof of claim will be withdrawn and further provides that "[a] creditor may not withdraw a proof of claim" if an objection to it has been filed "unless the court orders otherwise after notice and a hearing." Fed. R. Bankr. P. 3006(a)(1), (b).

### 4. Final Order

Myers next argues that the Settlement Order is not a final order. If Myers were correct that the Settlement Order is not a final order, then this Court would be required to dismiss this appeal, because the Court only has jurisdiction to hear appeals "from final judgments, orders, and decrees," unless the court grants leave to appeal an interlocutory order, which Myers has neither sought nor received. 28 U.S.C. §§ 158(a)(1), (3); *see* Fed. R. Bankr. P. 8004(a) (setting forth the requirements for a party seeking to appeal an interlocutory order under 28 U.S.C. § 158(a)(3)).

Regardless, a bankruptcy court's order approving a settlement between parties under Rule 9019 is a final order. *See In re Gibraltar Res., Inc.*, 210 F.3d 573, 576 (5th Cir. 2000) ("A

bankruptcy court's approval of a settlement order that brings to an end litigation between parties is a 'final' order."); *In re The Bennett Funding Grp., Inc.*, 439 F.3d 155, 160 (2d Cir. 2006) (citing *In re Gibraltar Res., Inc.*). Here, where the Settlement Order was such an order, and the Adversary Proceeding was then dismissed with prejudice, Notice of Dismissal (Bankr. No. 24-00007) at 1, No. 25-2103-TDC, ECF No. 26-4, the Court rejects Myers's argument that the Settlement Order is not a final order.

### 5.    Lack of Statutory Authority

Finally, Myers argues that the bankruptcy court abused its discretion because the Settlement Order "transferred or extinguished rights in non-estate property." Appellant's Brf. at 14. This argument mirrors Myers's argument that the bankruptcy court lacked subject matter jurisdiction because it could not approve a settlement affecting Serv Trust's property, which Myers maintains was non-estate property. In the context of that argument, the Court has already concluded that Serv Trust's property was part of the bankruptcy estate, and that even if it was not, the Settlement Order authorized the transfer to the King Parties of only the interests of Myers and the bankruptcy estate in Goldsboro LLC, so it did not transfer any property outside of the bankruptcy estate. *See supra* part IV.B.1. Based on these same findings, the Court rejects the argument that the bankruptcy court exceeded its statutory authority when it issued the Settlement Order.

For all of the reasons discussed above, the Court affirms the bankruptcy court's approval of the Settlement Order.

### V.    No. 25-2338-TDC

In No. 25-2338-TDC, Myers seeks review of the bankruptcy court's July 3, 2025 Order Overruling the Claim Objections as Moot, in which the bankruptcy court ruled that Myers's

objections to the King Parties' withdrawn proofs of claim were moot. As in No. 25-2042-TDC, rather than filing an appellant's brief, Myers has filed a Notice entitled "Appellant Gregory B. Myers's Notice of Overlapping Issues and Cross-Application of Opening Brief," in which he cross-references his arguments made in the appellant's brief filed in the Consolidated Appeals, including those addressing "the bankruptcy court's authority to enter the challenged orders." Notice at 1–2, No. 25-2338-TDC, ECF No. 14. In the Consolidated Appeals, Myers argued that the bankruptcy court violated due process and Bankruptcy Rule 3006 when, in the Settlement Order, it allowed the King Parties' proofs of claim to be deemed withdrawn despite Myers's pending objections to those proofs of claim. However, as discussed above, the Court has concluded that the bankruptcy court did not violate due process and Bankruptcy Rule 3006 and instead properly permitted the King Parties to withdraw their proofs of claim in the Settlement Order. *See supra* part IV.B.3. For the same reasons, the Court also finds that the bankruptcy court properly overruled as moot Myers's objections to the Kings Parties' proofs of claim once they were withdrawn pursuant to the Settlement Order. Accordingly, the Court affirms the bankruptcy court's Order Overruling the Claim Objections as Moot.

**CONCLUSION**

For the foregoing reasons, Myers's Motion to Supplement the Record will be GRANTED, Myers's Motion to Compel will be DENIED, Myers's appeal of the bankruptcy court's orders in No. 25-2042-TDC will be DISMISSED, and the bankruptcy court's orders in Nos. 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, and 25-2635-TDC will be AFFIRMED. A separate Order shall issue.

Date: June 3, 2026



THEODORE D. CHU
United States District Judge

# EXHIBIT 21E

## June 3, 2026 District Court Order

ECF No. 42

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GREGORY B. MYERS,

    Appellant,

    v.

ROGER SCHLOSSBERG, BRIAN KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
CRISTINA KING,

    Appellees.

Civil Action No. 25-2042-TDC

---

GREGORY B. MYERS,

    Appellant,

    v.

ROGER SCHLOSSBERG, BRIAN KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
CRISTINA KING,

    Appellees.

Civil Action Nos. 25-2103-TDC
25-2337-TDC
25-2635-TDC

---

GREGORY B. MYERS,

    Appellant,

    v.

ROGER SCHLOSSBERG, BRIAN KING,
CRISTINA KING and
CRISTINA AND BRIAN KING
CHILDREN'S TRUST,

    Appellees.

Civil Action No. 25-2338-TDC

**ORDER**

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that:

1. Appellant Gregory B. Myers's Motion to Supplement the Record, ECF No. 20 (No. 25-2103-TDC), is GRANTED.

2. Myers's Motion to Compel, ECF No. 19 (No. 25-2103-TDC), is DENIED.

3. Appellees' Motion to Dismiss, ECF No. 19 (No. 25-2042-TDC), is GRANTED.

4. The bankruptcy court's orders appealed in No. 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, and 25-2635-TDC are AFFIRMED.

5. The Clerk shall close Nos. 25-2042-TDC, 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, and 25-2635-TDC.

Date: June 3, 2026

THEODORE D. CHUANG
United States District Judge

2

# EXHIBIT 21F

## June 29, 2026 District Court Order Denying Rehearing

ECF No. 45

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GREGORY B. MYERS,

    Appellant,

    v.

ROGER SCHLOSSBERG,
BRIAN KING,
CRISTINA AND BRIAN KING
CHILDREN'S TRUST and
CRISTINA KING,

    Appellees.

Civil Action Nos. 25-2103-TDC
25-2337-TDC
25-2635-TDC

## ORDER

Appellant Gregory B. Myers has filed a Motion to Alter or Amend the Judgment and/or for Rehearing. ECF No. 44. The Court construes the Motion as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and a Motion for Rehearing pursuant to Federal Rule of Bankruptcy Procedure 8022. In the Motion, Myers asks this Court to reconsider its June 3, 2026 Memorandum Opinion and Order dismissing Myers's bankruptcy appeal in No. 25-2042-TDC and affirming the bankruptcy court in Nos. 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, and 25-2635-TDC.

A Motion for Reconsideration under Federal Rule of Civil Procedure Rule 59(e) may be granted only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). The same standard is used to evaluate a Motion for Rehearing under Bankruptcy Rule 8022. *See Kelly*

*v. Schlossberg*, Nos. PX-17-3846, PX-17-3847, PX-18-0336, 2018 WL 4357486, at *2 (D. Md. Sept. 12, 2018) ("Although the Rule does not specify a standard of review, the standard used to evaluate motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) is appropriate."), *aff'd per curiam*, 773 F. App'x 161, 162 (4th Cir. 2019).

Myers cites no intervening change in controlling law, points to no new evidence, and, upon review Myers's arguments, the Court finds that there was no clear legal error or manifest injustice in its prior reasoning. The Court thus finds no basis to alter its June 3, 2026 Memorandum Opinion and Order.

Accordingly, it is hereby ORDER that:

1. Appellant Gregory B. Myers's Motion to Alter or Amend the Judgment and/or for Rehearing, ECF No. 44, is DENIED.

2. The Clerk shall close the case.

Date: June 2, 2026

THEODORE D. CHUANG
United States District Judge

2