# EXHIBIT 26

## King Parties' Motion to Stay Proceedings Pending Disposition of Defendant's Second Bankruptcy

*King, et al. v. Serv Trust, et al.*

Case No. 436977-V

Filed March 13, 2019

### Limited Excerpts:

PDF Pages 1-2, 8-10, and 14-16

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | | |
|---|---|---|
| BRIAN KING , *et al.* | : | |
| Plaintiffs, | : | |
| v. | : | **Case No.: 436977-V** |
| SERV TRUST, *et al.* | : | |
| Defendants, | : | |
| and | : | |
| ROGER SCHLOSSBERG<br>*In His Official Capacity as Trustee*<br>*of the Bankruptcy Estate of Gregory Myers* | : | |
| Nominal Defendant. | : | |

### PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF DEFENDANT'S SECOND BANKRUPTCY

Come now Brian King ("Mr. King"), Cristina King ("Mrs. King"), and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (the "Trustee of the Children's Trust," with the trust itself being known as the "Children's Trust") (Mr. King, Mrs. King, and the Trustee of the Children's Trust collectively known as the "Plaintiffs" and each sometimes being known as a "Plaintiff"), by and through undersigned counsel, and move this Honorable Court to stay the above-captioned proceedings pending disposition of Defendant Gregory Myers' bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware.

### I.    Introduction

There are only two non-nominal defendants in this case: Gregory Myers ("Mr. Myers") and Serv Trust. The Plaintiffs contend – both as an affirmative claim of their own and as an affirmative defense to the counterclaims of Serv Trust – that Serv Trust is the alter ego of Mr. Myers. Mr. Myers is now a debtor in two separate bankruptcy proceedings, in two separate judicial

1

109

districts. While the automatic stay no longer governs his first bankruptcy, since his discharge has been revoked on account of, *inter alia*, his extensive fraudulent conduct, it does currently attach to his second bankruptcy proceeding. And in the presence of that automatic stay, this case cannot meaningfully proceed.

Indeed, not only is Mr. Myers personally a party to this action, but Serv Trust – his alter ego – is the only other defendant herein. Governing law makes clear that in such a circumstance, where significant veil-piercing issues are implicated, the automatic stay extends to the non-debtor party (since such party is, legally speaking, an extension of the debtor himself). That is precisely the reality *sub judice*, and any effort to proceed with this case while dodging the veritable minefield of the automatic stay would be so fraught with legal peril and operative absurdities as to render the effort impractical and grossly inequitable.

## II.    Factual Background

The factual background of this case is too extensive to set forth in sufficient detail herein, and the Plaintiffs incorporate by reference their First Amended Complaint, the Second Amended Complaint of Serv Trust (which is the subject of a pending motion to dismiss), their answer to the First Amended Complaint of Serv Trust, and the other pleadings comprising this file. In broad strokes, however, this matter concerns a real estate investment entity known as 6789 Goldsboro LLC ("Goldsboro") of which the Plaintiffs and Serv Trust were the original members.

The Plaintiffs originally sought herein a declaration that the membership of Serv Trust in Goldsboro has been redeemed by operation of the entity's operating agreement. Serv Trust, in turn, has filed three iterations of a counterclaim that alleges, generally speaking, contractual breaches and wrongful behavior on the part of one or more of the Plaintiffs.

As discovery in this case has progressed, however, it has become apparent that Serv Trust is actually the alter ego of its trustee, Mr. Myers, who used the trust vehicle to shield assets from

2

time as Goldsboro – an unscheduled creditor – entered an appearance in this case and foreclosed that possibility.

The Denial Order also finds that Mr. Myers did not keep records of the money he received from Goldsboro (which was supposedly being loaned to Serv Trust) or of how that money was spent, even though he insisted (untruthfully) that it was spent on his children. Goldsboro filed a declaratory judgment action in the United States Bankruptcy Court for the District of Maryland, seeking a declaration that Serv Trust is Mr. Myers' alter ego (the "Bankruptcy Declaration Case"). On January 30, 2019, the United States Bankruptcy Court for the District of Maryland issued an order abstaining from the Bankruptcy Declaration Case and indicating it is more properly determined as part of the above-captioned action in this Honorable Court.

Then, in late February, Mr. Myers – in what one can only surmise to be an effort to forum shop his bankruptcy problems away from the court which issued the aforementioned written opinions – filed a second bankruptcy petition, this time in Delaware. Commensurate therewith, he docketed a suggestion of bankruptcy in this case. *See* DE #105.

### III.   Argument: The Alter Ego Issues Permeating this Case Necessitate its Stay

It is well settled that where the identity of a bankruptcy debtor and a third party defendant are so intertwined as to raise veil-piercing or alter ego issues, the automatic stay extends to cover the non-debtor party. Here, the trustee from Mr. Myers' first bankruptcy is already a party to this case, given the intertwined nature of his assets and those of Serv Trust. But unless and until the trustee from his second bankruptcy can also be joined herein – which will require obtaining stay relief and the permission of a bankruptcy court in another state – this case simply cannot proceed.

"The automatic stay of 11 U.S.C. § 362(a)(1) prevents the 'commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement' of the bankruptcy case." *Dean v. Trans World*

8

*Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir.1995). "[A]ctions taken in violation of the automatic stay are void." *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir.2000) (citing *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992)). It is well established that non-bankruptcy courts have concurrent jurisdiction with the bankruptcy court to determine the scope of the automatic stay. *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343 (2d Cir.1985); *see also In re Colasuonno*, 697 F.3d 164, 172 n. 4 (2d Cir.2012).

By its terms, the automatic stay applies to actions against debtors, debtors' property, or estate property. Similarly, however, the stay also applies to non-debtors "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie Ltd. v. Nygard International ("Queenie")*, 321 F.3d 282, 287 (2d Cir.2003). Examples of actions where a claim will have an "immediate adverse economic consequence on the debtor's estate" include (1) "a claim to establish an obligation of which the debtor is a guarantor;" (2) "a claim against the debtor's insurer;" and (3) "'actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.' " *Id.* at 288–89 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986)); *see also In re Ladieu*, 2011 WL 748566, at *19 (Bankr. D. Vt. 2011); *Ng v. Adler*, 518 B.R. 228, 246 (E.D.N.Y. 2014).

Here, Mr. Myers is the alter ego of Serv Trust, and under the facts presented, this creates such an identity between Mr. Myers and Serv Trust that a judgment in favor of the Plaintiffs against Serv Trust would be a judgment in favor of the Plaintiffs against Mr. Myers. *See Queenie*, 321 F.3d at 288 (applying the stay to a non-debtor corporation wholly owned by the debtor because adjudication of a claim against the non-debtor corporation would have an immediate adverse economic impact on the debtor); *see also In re Ladieu*, No. 07-10868, 2011 WL 748566, at *19.

9

Because of the nature of the Plaintiffs' allegations and claims it is not possible to draw a meaningful distinction between claims asserted against Mr. Myers and claims asserted by/against Serv Trust. *See Hittle v. City of Stockton, Cal.*, 2012 WL 3886099, at *3 (E.D. Cal. 2012) (citing to *Lewis v. Russell*, 2009 WL 1260290, at *2 (E.D.Cal. May 7, 2009)).

Ruling on issues concerning the liability of Serv Trust would require the court to consider the possible liability of Mr. Myers in violation of bankruptcy stay. *Id.* Therefore, the "'identity of interests' [between Mr. Myers and Serv Trust] provides the special or 'unusual circumstances' which justify an order that stays proceedings against" Serv Trust. *See Hittle v. City of Stockton, Cal.*, 2012 WL 3886099, at *3 (citing to *In re Family Health Servs., Inc.*, 105 B.R. 937, 942 (C. D. Cal.1989)).

The "adverse economic consequence" requirement, as articulated in *Queenie* and as derived from *Robins*, has been construed to include any perceptible economic harm to a non-party debtor's tangible or intangible property interest. *In re Adler*, 494 B.R. 43, 57 (Bankr. E.D.N.Y. 2013); *Stephen Inv. Secs. v. SEC*, 27 F.3d 339, 342 n.5 (8th Cir.1994); *N. Star Contracting v. McSpedon (In re N. Star Contracting Corp.)*, 125 B.R. 368, 370 (Bankr.S.D.N.Y.1991).

Since *Robins* and *Queenie,* courts have found the requisite economic harm to an individual debtor when the veil of a non-debtor corporation is pierced based on the alter ego doctrine, as the individual debtor has thereby been rendered personally liable for the relevant corporate debts. *In re Adler*, 494 B.R. 57-58; *S.I. Acquisition, Inc. v. Eastway Delivery Serv. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1147 (5th Cir.1987); *In re Kuecker Equip. Co.*, 338 B.R. 52, 60–61 (Bankr. W.D. Mo.2 006). Courts have regularly considered piercing the corporate veil or the relationship between the parties in analyzing whether the automatic stay should be extended to a non-debtor. *Ng v. Adler*, 518 B.R. 228, 247 (E.D.N.Y. 2014); *See, e.g., In re Ladieu*, 2011 WL 748566,

10

litigation. *In re Mut. Funds Inv. Litig.*, 2011 WL 3819608, at \*1 (citing *Vasvari v. Rite Aid Corp.*, 2010 WL 3328210 (M.D. Pa. 2010).

Significant factors weigh in favor of this Honorable Court utilizing its equitable discretion to stay proceedings against Serv Trust. Given that Serv Trust was never anything but Mr. Myers' alter ego, Mr. Myers is an indispensable party in this matter and proceeding against Serv Trust alone would severely prejudice the Plaintiffs. Given that Serv Trust both lacked an existence separate from the person who controlled it and functioned as less than a bona fide independent entity during the relevant time period, the acts of Serv Trust are actually the acts of the controlling individual— Mr. Myers. As such, should a trial ensue without Mr. Myers, the Plaintiffs' claims nonetheless dictate that the trial will center around Mr. Myers' wrongful conduct.

Moreover, judicial economy concerns clearly indicate a stay is appropriate because the claims and parties are so interrelated. Proceeding against Serv Trust now would result in a second, nearly identical, litigation of the issues at a later date once Mr. Myers is able to proceed. For example, Mr. King King would have to unnecessarily be subject to deposition twice – once by counsel for Mr. Myers' alter ego of Serv Trust, and once by counsel for Mr. Myers – resulting in myriad potential absurdities and inequitable oddities.

Taking all of these factors into consideration, staying the proceedings against Serv Trust is undoubtedly the most equitable action. And, candidly, given that Mr. Myers' new bankruptcy appears to be a sham proceeding likely subject to dismissal, it is reasonably anticipated a stay need not last that long in any event.

## V.   Conclusion

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court stay the above-captioned proceedings pending disposition of Defendant Gregory Mr. Myers' bankruptcy proceeding in the United States Bankruptcy Court for the District of Delaware.

14

Respectfully submitted,

THE VERSTANDIG LAW FIRM, LLC,

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: 301-444-4600
Facsimile: 301-576-6885
E-mail: mac@mbvesq.com
*Counsel for the Plaintiffs*

## REQUEST FOR HEARING

Pursuant to, and in accord with, Maryland Rule 2-311(f), the Plaintiffs request a hearing

on their Motion to Stay.

Maurice B. VerStandig, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2019, I caused a true and correct copy of

the foregoing paper to be served upon the following persons via First Class Mail, postage

prepaid:

Dominic J. Souza, Esq.
Souza LLC
2543 Housley Road
Annapolis, Maryland 21401
*Counsel for Serv Trust*

Frances Wilburn, Esq.
Offit Kurman, P.A.
4800 Montgomery Lane
Suite 900
Bethesda, Maryland 20814
*Counsel for 6789 Goldsboro LLC*

15

Roger Schlossberg, Esq.
*In His Official Capacity as Trustee
of the Bankruptcy Estate of Gregory Myers*
18421 Henson Boulevard
Suite 201
Hagerstown, Maryland 21742

Michael B. Joseph, Esq.
*In His Official Capacity as Trustee
of the Second Bankruptcy Estate of Gregory Myers*
824 Market Street
P.O. Box 1351
Wilmington, DE 19899

Maurice B. VerStandig, Esq.

16