Case 8:25-cv-02338-TDC    Document 11    Filed 11/12/25    Page 1 of 5

**HD**

**Case No.: 8:25-cv-02338-TDC**

Rcv'd by: \
USDC - GREENBELT \
'25 NOV 12 PM3:51

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AT BALTIMORE \
CLERK, U.S. DISTRICT COURT \
DISTRICT OF MARYLAND \
BY                         DEPUTY \
JUL 2 4 2026 \
FILED          ENTERED \
LOGGED          RECEIVED

---

**GREGORY B. MYERS,**

*Appellant,*

v.

**ROGER SCHLOSSBERG, ET AL.,**

*Appellees.*

---

**Appeal from the United States Bankruptcy Court
for the District of Maryland
Case No.: 15-26033**

---

## APPELLANT GREGORY B. MYERS' MOTION FOR
## ENLARGEMENT OF TIME TO FILE INITIAL BRIEF

---

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

November 12, 2025

1

Appellant, GREGORY B. MYERS ("Mr. Myers" or "Appellant"), *pro se*, pursuant to the applicable Federal Rules of Appellate Procedure, moves the Court for an enlargement of time—through December 7, 2025—to file and serve his initial brief in this consolidated appeal. In support, Appellant respectfully states as follows:

On August 20, 2025, in Case No. 25-2042-TDC, the Clerk entered a Notice (Doc. 9) stating "[t]he Designation of Record for the above-captioned bankruptcy appeal was docketed on August 20, 2025. Briefs must be filed and served in accordance with Bankruptcy Rule 8018. Appellant's brief is due within thirty (30) days from the date the Designation of Record is docketed." That date would be September 19, 2025.

On August 19, 2025, in Case No. 25-2338-TDC, the Clerk entered a Notice (Doc. 5-1) stating "[t]he Designation of Record for the above-captioned bankruptcy appeal was docketed on August 19, 2025. Briefs must be filed and served in accordance with Bankruptcy Rule 8018. Appellant's brief is due within thirty (30) days from the date the Designation of Record is docketed." That date would be September 18, 2025.

On September 9, 2025, in Case No. 25-2103-TDC, the Clerk entered a Notice (Doc. 8) stating "[t]he above-captioned bankruptcy appeal was docketed on August 18, 2025. Briefs must be filed and served in accordance with Bankruptcy

Rule 8018. Appellant's brief is due within thirty (30) days from the date the Designation of Record is docketed." That date would be September 14, 2025.

On August 19, 2025, in Case No. 25-2337-TDC, the Clerk entered a Notice (Doc. 6-1) stating "[t]he Designation of Record for the above-captioned bankruptcy appeal was docketed on August 19, 2025. Briefs must be filed and served in accordance with Bankruptcy Rule 8018. Appellant's brief is due within thirty (30) days from the date the Designation of Record is docketed." That date would be September 18, 2025.

On September 17, 2025, in Case No. 25-2635-TDC, the Clerk entered a Notice (Doc. 7) stating "[t]he The Designation of Record for the above-captioned bankruptcy appeal was docketed on September 12, 2025. Briefs must be filed and served in accordance with Bankruptcy Rule 8018. Appellant's brief is due within thirty (30) days from the date the Designation of Record is docketed." That date would be October 12, 2025.

On September 19, 2025, Appellant filed a motion for a forty-five (45) day enlargement of time to file and serve his initial brief in each of the above-referenced appeals.

On October 7, 2025, the Court entered an ORDER (DE 10) (the "October 7 Order") granting Appellant's motion to extend the deadline to file and serve his initial brief in each of the above-referenced appeals to November 3, 2025. The

3

October 7 Order further ordered that "the Parties shall file a Joint Notice stating whether any Party objects to consolidating the appeals" by October 14, 2025.

In light of the Court "not[ing] that these appeals are sufficiently related that it would enhance judicial economy to have them consolidated, such that they will be briefed and resolved together," Appellant did not begin preparation of any brief in any of the referenced appeals (i.e., not knowing if or how the appeals would be consolidated). The parties filed their responses by October 14, 2025, and on October 23, 2025, the Court entered an ORDER (DE 13) (the "Consolidation Order"), consolidating Case Nos. 25-2103-TDC, 25-2337-TDC, and 25-2635-TDC, designating Case No. 25-2103-TDC as the lead case. The Consolidation Order further stated, "[t]he parties shall brief these three cases together on the schedule established for Case No. 25-2103-TDC."

However, the briefing schedule for Case No. 25-2103-TDC was established pursuant to the Court's October 7 Order—before the Court entered the Consolidation Order on October 23, 2025. Appellant therefore respectfully requests that the Court enter an order that Appellant's brief in the consolidated appeal (Case Nos. 25-2103-TDC, 25-2337-TDC, and 25-2635-TDC) and Appellant's brief in each the non-consolidated appeals (Case Nos. 25-2042-TDC and 25-2338-TDC) be due forty-five (45) days from the date the Court entered the Consolidation Order (DE 13), or December 7, 2025.

Case 8:25-cv-02338-TDC   Document 27-1   Filed 01/18/26   Page 5 of 5

Appellant also advises the Court that on September 26, 2025, Appellant's home was broken into, and his mailbox was trashed. Thus, Appellant's mail was being returned. Unfortunately, Appellant has been forced to deal with this situation as well.

WHEREFORE, Appellant respectfully requests that the Court enter an order granting an enlargement of time—through December 7, 2025—for Appellant to file and serve his initial brief in this consolidated appeal and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

Motion: Granted 11/18/25

Theodore D. Chuang
United States District Judge

5