## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY B. MYERS,<br><br>    Appellant,<br><br>    v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA AND BRIAN KING<br>CHILDREN'S TRUST and<br>CRISTINA KING,<br><br>    Appellees. | Civil Action No. 25-2042-TDC |
| GREGORY B. MYERS,<br><br>    Appellant,<br><br>    v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA AND BRIAN KING<br>CHILDREN'S TRUST and<br>CRISTINA KING,<br><br>    Appellees. | Civil Action Nos. 25-2103-TDC<br>25-2337-TDC<br>25-2635-TDC |
| GREGORY B. MYERS,<br><br>    Appellant,<br><br>    v.<br><br>ROGER SCHLOSSBERG, BRIAN KING,<br>CRISTINA KING and<br>CRISTINA AND BRIAN KING<br>CHILDREN'S TRUST,<br><br>    Appellees. | Civil Action No. 25-2338-TDC |

## ORDER

Appellant Gregory B. Myers has filed an identical Amended Motion for a Stay Pending Appeal pursuant to Federal Rule of Bankruptcy Procedure 8025(b) and Federal Rule of Appellate Procedure 8(a) in Case Nos. 25-2042-TDC, 25-2103-TDC, 25-2337-TDC, 25-2338-TDC, and 25-2635-TDC. Myers states that his Amended Motion supersedes his original Motion for a Stay Pending Appeal in the same cases. Myers asks the Court to stay the effect and enforceability of its June 3, 2026 Memorandum Opinion and Order, and its June 29, 2026 Order denying reconsideration and rehearing of the same, pending his appeal to the United States Court of Appeals for the Fourth Circuit. Appellee Roger Schlossberg has filed a memorandum in opposition to the Motion in all cases except No. 25-2338-TDC.

Federal Rule of Bankruptcy Procedure 8025(b)(1) states that "[o]n a party's motion . . . the district court . . . may stay its judgment pending an appeal to the court of appeals." Federal Rule of Appellate Procedure 8(a)(1)(A) requires that a party "must ordinarily move first in the district court" for "a stay of the judgment or order of a district court pending appeal."

A party seeking a stay pending appeal must show that: (1) there is a likelihood of success on the merits of the appeal; (2) there will be irreparable harm if the stay is denied; (3) the other parties will not be substantially harmed by the stay; and (4) granting the stay is in the public interest. *See Culver v. Boozer*, 285 B.R. 163, 166 (D. Md. 2002); *In re Esteva*, No. 20-cv-23183-MGC, 2022 WL 23018308, at *4 (S.D. Fla. July 5, 2022). The first two factors are the most critical to the Court's analysis. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Esteva*, 2022 WL 23018308, at *5.

Upon review, where Myers's arguments in the operative Amended Motion largely repeat the arguments that the Court considered and rejected in its June 3, 2026 Memorandum Opinion dismissing Case No. 25-2042 and affirming the remaining bankruptcy court orders, the Court finds

that Myers has failed to carry his burden of a "strong showing that he is likely to succeed on the merits" for the reasons set forth in the Memorandum Opinon. *Nken*, 556 U.S. at 434.

In addition, the Court finds that Myers has not made the required showing that he will be irreparably harmed absent a stay. When a movant's harm "may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Allen v. Fitzgerald*, 590 B.R. 352, 360 (W.D. Va. 2018) (quoting *Cont'l Sec. Corp. v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 209 (W.D. Va. 1995)). This is because the "possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Where the challenged bankruptcy court order involves the transfer of any existing interest in 6789 Goldsboro LLC, if Myers were ultimately successful in challenging the bankruptcy court's order, the Court finds that he could be adequately compensated by an award of money damages. Myers's arguments as to any alleged non-monetary harms are too speculative to meet his required showing of irreparable harm absent a stay.

Finally, as to a showing that other parties will not be substantially harmed by the stay, Schlossberg states in his brief that Appellees have already consummated the settlement pursuant to the Bankruptcy Court's Order, such that a stay would not freeze the status quo, but would instead harm Appellees because they have already paid the settlement amount. Opp'n at 4, ECF No. 53.

Where Myers has failed to establish three out of the four relevant factors, the Court need not address the remaining factor relevant to a stay pending appeal. The Amended Motion will therefore be denied because the requirements for a stay have not been satisfied.

Accordingly, it is hereby ORDERED that:

1. Appellant Gregory B. Myers's Amended Motion for a Stay Pending Appeal, ECF No. 30 (No. 25-2042-TDC), ECF No. 51 (No. 25-2103-TDC), ECF No. 24 (No. 25-2338-TDC), is DENIED.

2. Myers's Motion for a Stay Pending Appeal, ECF No. 27 (No. 25-2042-TDC), ECF No. 48 (No. 25-2103-TDC), ECF No. 21 (No. 25-2338-TDC), is DENIED AS MOOT.

Date: July 30, 2026



THEODORE D. CHUANG
United States District Judge